DOUGLAS H. WIGDOR (NY SBN 2609469)
dwigdor@wigdorlaw.com
MEREDITH A. FIRETOG (NY SBN 5298153)
mfiretog@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800

OMAR H. BENGALI (CA SBN 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300

Kevin Mintzer (NY SBN 2911667)
km@mintzerfirm.com
Laura L. Koistinen (NY SBN 5755079)
llk@mintzerfirm.com
(Admitted *pro hac vice*)
**LAW OFFICE OF KEVIN MINTZER, P.C.**
1350 Broadway, Suite 1410
New York, NY 10018
Tel.: (646) 843-8180

*Attorneys for Plaintiff Kellye Croft*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELLYE CROFT,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES DOLAN, HARVEY WEINSTEIN, JD & THE STRAIGHT SHOT, LLC, THE AZOFF COMPANY HOLDINGS LLC f/k/a/ AZOFF | Case No. 2:24-cv-00371-PA (AGR)<br><br>**DECLARATION OF MEREDITH A. FIRETOG IN OPPOSITION TO DEFENDANTS AZOFF ENTITIES' MOTION FOR SANCTIONS UNDER RULE 11** |

DECLARATION OF MEREDITH A. FIRETOG IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS AZOFF ENTITIES'
MOTION FOR SANCTIONS UNDER RULE 11

1  MUSIC MANAGEMENT, LLC, THE
   AZOFF COMPANY LLC f/k/a AZOFF
2  MSG ENTERTAINMENT, LLC, DOE
   CORPORATIONS 1-10,

3                     Defendants.

DECLARATION OF MEREDITH A. FIRETOG IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS AZOFF ENTITIES'
MOTION FOR SANCTIONS UNDER RULE 11

I, Meredith Firetog, declare as follows:

1.     I am a partner at Wigdor LLP, attorneys of record for Plaintiff Kellye Croft ("Plaintiff" or "Ms. Croft").  I make this declaration in support of Plaintiff's opposition to Defendants Azoff Entities' motion for Rule 11 sanctions.  I have knowledge of the facts set forth herein and, if called upon, I could and would testify as to the truth of the following:

2.     Along with my colleagues and co-counsel, we have spent many months investigating the allegations contained in Plaintiff's Complaint (ECF 1) and Amended Complaint (ECF 48).  Specifically, in addition to numerous extensive interviews with Plaintiff, counsel reviewed all documents and correspondence in Plaintiff's possession relating to the events detailed in her Complaint.  Counsel also investigated the potential defendants, their corporate structure and affiliations, and publicly available information concerning the 2013-2014 "History of The Eagles" tour, JD & The Straight Shot, Dolan's connections to and relationships with Azoff Entities, and Dolan's relationship with Harvey Weinstein.

3.     On January 10, 2024, counsel for Plaintiff provided a draft complaint for purposes of settlement discussions only to an attorney who represented he was speaking to all Defendants associated with Dolan and Azoff.  The draft complaint contained a diagonal watermark across each page that noted that the draft was "CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY."  Despite Plaintiff's clear and unambiguous intent of sharing this draft prior to filing, counsel for the Azoff Entities filed the confidential exchange on the docket in this case, and now attempt to use Plaintiff's settlement correspondence as evidence of Plaintiff's counsel's sanctionable behavior.  ECF 43-2.

4.     On January 14, 2024, Daniel Petrocelli of O'Melveny & Meyers, counsel for Defendants Azoff Entities, sent a letter stating that Ms. Croft's draft

1

complaint—which had been shared confidentially for purposes of settlement discussions only—did not contain plausible allegations of sex trafficking against the Azoff Defendants.  The letter stated that if the complaint were to be filed, that the Azoff Entities would "have no choice but to pursue Rule 11 sanctions against all responsible persons and firms."  ECF 43-3.

5.    Petrocelli's letter stated that it was "untrue" that the Azoff Entities confirmed that Ms. Croft's flights to California would be expensed on "the JD credit card" and that the Azoff Entities "did not" book Ms. Croft's stay at The Peninsula Hotel.  *Id.*

6.    Given Plaintiff's counsel's extensive investigation of the facts underlying the allegations in the Complaint and Amended Complaint, counsel for Plaintiff was confident in Plaintiff's allegations concerning the Azoff Entities. Specifically, given that counsel was in possession of an email from Marc Robbins (using the email address marc.robbins@azoffmusic.com) to Plaintiff confirming her flights to and from Los Angeles, her hotel confirmation at the Peninsula Beverly Hills, and that showed that Azoff-affiliated individuals confirmed that the charges were expensed on "the JD credit card," Plaintiff's counsel had confidence that Plaintiff alleged facts supporting her claims.  Plaintiff's counsel shared information about this email with Petrocelli, who acknowledged that he was still getting up to speed on the facts of the case.

7.    Nevertheless, given counsel's threat of Rule 11 sanctions, Plaintiff added more information to her draft complaint concerning Defendant Dolan's relationship with Defendants Azoff Entities.  This close relationship, including Dolan's role as a principal and agent of the Azoff Entities' remodeling and re-opening of the L.A. Forum, among other allegations, further supports the reasonable

2

DECLARATION OF MEREDITH A. FIRETOG IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS AZOFF ENTITIES'
MOTION FOR SANCTIONS UNDER RULE 11

1   inference that the Azoff Entities were aware of Dolan's unlawful purpose in flying
2   Ms. Croft to Los Angeles in January 2014.

3        8.    Plaintiff also added allegations to the Complaint prior to filing that
4   explained how Dolan and Azoff formed a joint venture in which Dolan had immense
5   power, and could command the resources of the Azoff Entities.  Compl. ¶¶ 35, 48.
6   Plaintiff clarified details concerning the email from Marc Robbins referenced *supra*
7   ¶ 6, that Azoff-affiliated individuals coordinated her travel once in Los Angeles, and
8   that therefore the Azoff Entities acted in reckless disregard of the real purpose for
9   Ms. Croft's travel to California, which they organized and funded.  *Id.* ¶¶ 48-52.

10        9.    Plaintiff chose to remove her proposed claim under California's sex
11   trafficking statute given the potential arguments concerning the statute of limitations
12   for actions under that claim, and because her federal sex trafficking claim covered
13   the same facts and provides similar remedies.

14        10.    The next day, on January 15, 2024, Petrocelli again asked Plaintiff's
15   counsel for a tolling agreement in lieu of filing to "at least settle out" the Azoff
16   Defendants, but provided no information that would cause Plaintiff to either further
17   amend her factually-sound complaint, or to delay or otherwise reconsider filing her
18   lawsuit.

19        11.    From this conversation, it became apparent to Plaintiff's counsel that
20   the Azoff Entities' threat of a sanctions motion was just an attempt to delay the filing
21   of Plaintiff's lawsuit, and therefore proceeded with filing Plaintiff's case on January
22   16, 2024.

23        12.    At no point either prior to or after filing did counsel for Defendants
24   provide any documents, affidavits, or other evidence that would provide a basis for
25   Plaintiff's counsel to reconsider the factual foundation of the Complaint.   For
26   example, the Azoff Entities have not provided any Plaintiff's counsel with any proof

27
28
                                  3

DECLARATION OF MEREDITH A. FIRETOG IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS AZOFF ENTITIES'
MOTION FOR SANCTIONS UNDER RULE 11

disclaiming Dolan's connections to Azoff's companies or disproving allegations concerning Dolan's involvement in the Eagles 2013-2014 tour or the opening of the L.A. Forum.

13.     Although the original settlement-purposes-only draft complaint was never signed and submitted to the Court, Defendants nevertheless attempt to argue that changes Plaintiff unilaterally made to her pleadings prior to filing them are evidence of the frivolity of her claims.

14.     Despite the changes made to the draft counsel for the Azoff Entities' had reviewed, on March 1, 2024, the Azoff Entities served upon Plaintiff's counsel a Rule 11 Safe Harbor notice.  The notice and accompanying declaration set forth substantially the same arguments as in Defendants' January 14, 2024 letter, which Plaintiff's counsel had already determined was factually inaccurate.

15.     Plaintiff's counsel responded to the Safe Harbor notice in writing, but received no further response.

I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.  Executed this April 15, 2024 at New York, New York.

By: _____
Meredith A. Firetog

*Attorney for Plaintiff Kellye Croft*

4

DECLARATION OF MEREDITH A. FIRETOG IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS AZOFF ENTITIES'
MOTION FOR SANCTIONS UNDER RULE 11