1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PERRY LAW
E. Danya Perry (admitted *pro hac vice*)
*dperry@danyaperrylaw.com*
Karen Agnifilo (admitted *pro hac vice*)
*kagnifilo@danyaperrylaw.com*
Joshua Stanton (admitted *pro hac vice*)
*jstanton@danyaperrylaw.com*
445 Park Ave, 7th Floor
New York, New York 10022
Telephone: (212) 213-3070
Facsimile: (646) 849-9609

[Additional attorneys are listed on next page]

*Attorneys for Defendants
James Dolan and JD & The Straight
Shot, LLC*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| KELLYE CROFT. | Case No. 2:24-cv-00371-PA (AGR) |
|         Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| JAMES DOLAN, HARVEY WEINSTEIN, JD & THE STRAIGHT SHOT, LLC, THE AZOFF COMPANY HOLDINGS LLC f/k/a AZOFF MUSIC MANAGEMENT, LLC, THE AZOFF COMPANY LLC f/k/a AZOFF MSG ENTERTAINMENT, LLC, and DOE CORPORATIONS 1-10, | |
|         Defendants. | *Filed concurrently with [Proposed] Order*<br><br>Date:     June 3, 2024<br>Time:    1:30 p.m.<br>Judge:   Hon. Percy Anderson |

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
*rdugdale@kbkfirm.com*
Michael J. McCarthy (334829)
*mmccarthy@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: (310) 556-2700
Facsimile:  (310) 556-2705

ROSENBERG, GIGER & PERALA, P.C.
John J. Rosenberg (admitted *pro hac vice*)
*jrosenberg@rglawpc.com*
152 West 57th Street, 18th Floor
New York, New York 10019
Telephone:  (646) 494-5000
Facsimile:   (646) 595-0590

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 3, 2024, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9A of this Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendants James Dolan and JD & the Straight Shot, LLC (collectively, the "Dolan Defendants") will and hereby do move this Court for an order dismissing the First, Second, and Fourth Causes of Action of Plaintiff Kellye Croft's First Amended Complaint.  Doc. No. 48.

The Dolan Defendants move on the grounds that, pursuant to Federal Rule of Civil Procedure 12(b)(6), as to the First, Second and Fourth Causes of Action, Croft fails to state any claim against them upon which relief can be granted.  The Dolan Defendants further move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the Fourth Cause of Action is barred by a release and injunction entered by the United States Bankruptcy Court for the District of Delaware. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support of the Motion filed concurrently herewith, the record in this action, and any evidence and argument that may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel required pursuant to Local Rule 7-3, which took place on March 18, 2024, and April 19, 2024.

604405361.1

1

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT,
LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

1

DATED:  April 24, 2024

Respectfully submitted,

2

PERRY LAW

3

4

By: _____/s/ E. Danya Perry_____

5

E. Danya Perry

6

Karen Agnifilo
Joshua Stanton

7

Attorneys for Defendants James Dolan and JD
& The Straight Shot, LLC

8

9

10

By: _____/s/ John J. Rosenberg_____

John J. Rosenberg

11

ROSENBERG, GIGER & PERALA, P.C.

Attorneys for Defendants James Dolan and JD

12

& The Straight Shot, LLC

13

14

By: _____/s/ Robert E. Dugdale_____

15

Robert E. Dugdale

16

Michael J. McCarthy
KENDALL BRILL & KELLY

17

Attorneys for Defendants James Dolan and JD
& The Straight Shot, LLC

18

19

20

21

22

23

24

25

26

27

28

604405361.1

2

# **TABLE OF CONTENTS**

Page

I.    PRELIMINARY STATEMENT .................................................................. 1

II.   LEGAL STANDARD ............................................................................. 3

III.  ARGUMENT ....................................................................................... 4

    A.  The FAC Fails to State a Claim Under 18 U.S.C. §§ 1591 and 1595 .................................................................................... 4

        1.  The FAC Fails to Make Out a Perpetrator Claim ............................................................................. 5

            a.  The FAC Does Not Allege That the Dolan Defendants Knowingly Engaged in Any Conduct Prohibited Under the TVPA ................................................. 5

            b.  The FAC Does Not Allege a Commercial Sex Act .................................... 7

        2.  The FAC Fails to State a Beneficiary Claim Under the TVPA as to the Dolan Defendants .......... 8

            a.  The FAC Fails to Allege that the Dolan Defendants Received Any Actionable Benefit ................................................................ 8

            b.  The FAC Fails to Allege the Dolan Defendants Participated in a Sex Trafficking Venture ....................................... 9

            c.  The FAC Fails to Allege that the Dolan Defendants Knew or Should Have Known that Any Venture Trafficked the Plaintiff ................................................. 10

    B.  The FAC Fails to State a Claim for Sexual Battery ............................ 10

        1.  The FAC Fails to Plausibly Allege the Elements of a Sexual Battery Claim ..................... 10

        2.  Plaintiff's Sexual Battery Claim is Time-Barred .......................................................... 12

    C.  The FAC Fails to State a Claim Against Mr. Dolan for Aiding and Abetting Weinstein ................................................... 14

        1.  The FAC Does Not Allege that Mr. Dolan Knew Weinstein Was Going to Sexually Assault Plaintiff ........................................................ 15

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

2.   The FAC Fails to Allege that Mr. Dolan Gave Substantial Assistance or Encouragement to Weinstein.................................................................. 16

3.   Plaintiff's Aiding and Abetting Claim was Filed in Contravention of, and is Barred by, a Release and Injunction Entered by the Bankruptcy Court for the District of Delaware ..... 18

IV.   CONCLUSION ................................................................ 21

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................... 3

*B.J. v. G6 Hosp., LLC*,
   2023 WL 3569979 (N.D. Cal. May 19, 2023) ...................................................... 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................... 3

*Doe v. Fitzgerald*,
   2022 WL 425016 (C.D. Cal. Jan. 6, 2022)..............................................5, 7, 9, 11

*In re First All. Mortg. Co.*,
   471 F.3d 977 (9th Cir. 2006) ............................................................................ 16

*Geiss v. Weinstein Co. Holdings LLC*,
   2018 WL 6314159 (C.D. Cal. Nov. 5, 2018) ...................................................... 9

*Gonzalez-Cervantes v. Holder*,
   709 F.3d 1265 (9th Cir. 2013) ............................................................................ 13

*Harrington v. Purdue Pharma L.P.*,
   144 S. Ct. 44 (2023).......................................................................................20

*Hillard v. TABC, Inc.*,
   2017 WL 6940540 (C.D. Cal. Dec. 18, 2017)......................................................12

*Huett v. Weinstein Co. LLC*,
   2018 WL 6314159 (C.D. Cal. Nov. 5, 2018) ...................................................... 6

*Molenda v. Universal City Studios LLC*,
   2020 WL 6653505 (C.D. Cal. June 8, 2020).......................................................15

*Noble v. Weinstein*,
   335 F. Supp. 3d 504 (S.D.N.Y. 2018).........................................................9, 10

*Russo v. APL Marine Servs., Ltd.*,
   2014 WL 3506009 (C.D. Cal. July 14, 2014) ............................................11, 12

*Smith v. Charter Commc'ns, Inc. (St. Louis)*,
　467 F. App'x 742 (9th Cir. 2012)........................................................................18

*Su v. Henry Glob. Consulting Grp.*,
　2022 WL 19392 (C.D. Cal. Jan. 3, 2022).............................................................14

*In re The Weinstein Company Holdings LLC.*,
　No. 18-10601-MFW, D.I. 3203 & 3203-1 (Bankr. D. Del. Jan. 26,
　2021)................................................................................................................14, 19

*Treminio v. Crowley Mar. Corp.*,
　649 F. Supp. 3d 1223 (M.D. Fla. 2023)................................................................12

*United States v. Todd*,
　627 F.3d 329 (9th Cir. 2010)............................................................................4, 6

*United States v. United Mine Workers of Am.*,
　330 U.S. 258 (1947)..............................................................................................20

**California Cases**

*Angie M. v. Superior Ct.*,
　37 Cal. App. 4th 1217 (1995).........................................................................10, 11

*Austin B. v. Escondido Union Sch. Dist.*,
　149 Cal. App. 4th 860 (2007)...............................................................................16

*Casey v. U.S. Bank Nat. Ass'n*,
　127 Cal. App. 4th 1138 (2005).......................................................................15, 16

*Howard v. Superior Ct.*,
　2 Cal. App. 4th 745 (1992), *modified* (Feb. 10, 1992).......................................17

*People v. Chavez*,
　84 Cal. App. 4th 25 (2000)...................................................................................13

**Federal Statutes**

18 U.S.C.
　§ 1591 .....................................................................................................................4
　§ 1595 ...................................................................................................................4,5

**California Statutes**

Cal. Civ. Code
  § 1708.5 ................................................................................. 10, 13

Cal. Civ. Proc. Code
  § 335.1 ......................................................................................... 12
  § 340.16 ....................................................................................... 12

Cal. Penal Code
  § 243.4 .......................................................................................... 13

**Other State Statutes**

Fla. Stat. Ann.
  § 95.11(3)(n) ................................................................................. 12

**Other Authorities**

Alison Merrilees, Sexual Assault: Statute of Limitations, at 12 (Apr.
  27, 2022), available at
  https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill
  _id=202120220AB2777 ................................................................. 14

H.R. REP. 106-487, 1 ........................................................................ 4, 8

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT,
LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    PRELIMINARY STATEMENT

3    On March 25, 2024, Defendants James Dolan and JD & The Straight Shot, LLC

4  (the "Dolan Defendants") filed their first Motion to Dismiss ("MTD"), Doc. No. 47,

5  clearly articulating the myriad ways every claim brought against them in the

6  Complaint failed to state a claim (having already given counsel an exact play-by-play

7  of the MTD in an earlier meet and confer).  Now, in an exercise in futility and

8  inefficiency, Plaintiff has filed her First Amended Complaint ("FAC"), Doc. No. 48,

9  which not only fails to correct the deficiencies in Plaintiff's initial pleading, but in

10  many ways compounds them.  Plaintiff again relies on a baseless theory of liability-

11  by-association by including a barely amended, and still fatally deficient, aiding and

12  abetting cause of action in order to paint the entire FAC with the broad—and entirely

13  gratuitous—brush of Harvey Weinstein.  Due to these deficiencies, along with the

14  continued absence of viable allegations to support the three speculative, deficient, and

15  entirely fantastical causes of action against the Dolan Defendants, the FAC must be

16  dismissed under Fed. R. Civ. P. 12(b)(6).

17    *First*, Plaintiff's First Cause of Action under the Trafficking Victims Protection

18  Act ("TVPA" or "the Act") fails in every respect under either theory of liability

19  created by the Act.  As to the first possible theory under the TVPA, perpetrator

20  liability, Plaintiff fails to sufficiently allege any of the requisite elements of such a

21  claim, including by failing to allege that the Dolan Defendants (1) committed any of

22  the enumerated acts for which one can be punished under the Act (*e.g.*, transporting

23  or harboring Plaintiff), with knowledge that Plaintiff would be subjected to force,

24  fraud, or coercion to cause her to engage in a commercial sex act; or (2) exchanged

25  anything of value for sex, as required to allege a "commercial sex act" under the Act—

26  a statute that targets and criminalizes sex *trafficking*, not sexual relations (which is all

27  that is alleged in the FAC).  Plaintiff's suggestion that the Dolan Defendants are also

28

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT,
LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

liable for violating the TVPA under a beneficiary theory of liability is, if possible, even more deficient. Plaintiff has failed to allege any legally cognizable benefit the Dolan Defendants received for allegedly "trafficking" her, and she fails to plausibly allege the Dolan Defendants knew she would be trafficked (or that she was, in fact, trafficked). Consequently, her TVPA claim must be dismissed.

*Second,* Plaintiff's Second Cause of Action alleged against Mr. Dolan for sexual battery also fails to state a claim and must be dismissed. Indeed, Plaintiff fails to allege the most fundamental elements of a claim for sexual battery—that Mr. Dolan intended to touch Plaintiff in any harmful, offensive, and non-consensual manner— at any time when Plaintiff and Mr. Dolan were in California. Moreover, Plaintiff's sexual battery claim is time-barred.

*Finally*, Plaintiff unabashedly continues to pursue the Fourth Cause of Action against Mr. Dolan for aiding and abetting an alleged assault perpetrated by Harvey Weinstein ("Weinstein"), a claim that remains entirely meritless, even accepting the allegations in the FAC as true. In order to state this claim, Plaintiff must allege that Mr. Dolan knew that Weinstein planned to assault Plaintiff *and* that Mr. Dolan substantially assisted or encouraged Weinstein to carry out the assault; yet she alleges no facts plausibly supporting either of these elements in the FAC (nor could she).

Dismissal is also mandated because this claim was released in a separate federal action. As fully briefed in the Dolan Defendants' first MTD, Doc. No. 47 at 19–22, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), as a component of the global resolution of the 2018 bankruptcy proceedings involving The Weinstein Company ("TWC"), entered an Order approving a comprehensive Plan of Liquidation that released all of the former directors of TWC— expressly including Mr. Dolan—from any claims, whether asserted or unasserted, that relate "directly or indirectly" to alleged sexual misconduct by Weinstein. Concomitant to that release, which alone bars Plaintiff's aiding and abetting claim,

604405361.1

2

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

the Bankruptcy Court entered a "Channeling Injunction," which, by its terms, **permanently enjoined** claims against Mr. Dolan (as a "Released Party") of the very sort that Plaintiff asserts Mr. Dolan "aided and abetted" in this action.   It was undisputed at the time of the filing of the initial Complaint that Plaintiff's counsel was aware of the injunction, as her counsel had objected to—and pursued an unsuccessful appeal of—the terms of the Channeling Injunction in the TWC bankruptcy.   This aiding and abetting claim, both released by and brought in violation of a federal court order, should not be countenanced by this Court.

For these reasons, and those discussed more fully below, the Court should dismiss all three claims asserted against the Dolan Defendants in the FAC.

## II.   <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation omitted).   Consequently, while factual allegations are entitled to a presumption of truth, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.

604405361.1

3

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

III.   **ARGUMENT**

   A.   **The FAC Fails to State a Claim Under 18 U.S.C. §§ 1591 and 1595**

   Plaintiff's claim that the Dolan Defendants violated 18 U.S.C. §§ 1591 and 1595 (the "Trafficking Victims Protection Act" or "TVPA") should be dismissed under Rule 12(b)(6).  Not only is Plaintiff's claim under the TVPA legally deficient, but her cynical attempt to exploit the TVPA for a financial windfall makes a mockery of the Act.  The legislative history makes clear that the purpose of the TVPA is "to combat trafficking in persons, a contemporary manifestation of slavery."  H.R. REP. 106-487, 1.  Even a cursory review of the horrific criminal and civil cases brought under the Act makes this more than apparent.  *E.g.*, *United States v. Todd*, 627 F.3d 329, 330–31 (9th Cir. 2010) ("The statute focuses on those … who make money out of selling the sexual services of human beings … they control and treat as their profit-producing property").  No such conduct is alleged in the FAC, which, put simply, alleges that a licensed massage therapist voluntarily traveled to California to provide legitimate massage therapy services during one of several legs of a domestic tour by a world-famous rock band.  (*See generally* FAC ¶¶ 47–51.)  For the reasons stated below, that does not begin to state a claim for "a contemporary manifestation of slavery" under the TVPA.

   Section 1595 provides a civil remedy to victims of sex trafficking as defined by Section 1591.  The remedy is available against both perpetrators and beneficiaries of Section 1591 violations.  18 U.S.C. § 1595(a).  As to perpetrators, the TVPA is violated when a person: "knowingly … recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person," 18 U.S.C. § 1591(a)(1), and knows "that means of force, threats of force, fraud, coercion …, or any combination of such means will be used to cause the person to engage in a commercial sex act."  18 U.S.C. § 1591(a)(2).  A beneficiary is also civilly liable

under the statute to the extent such a person "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in" sex trafficking as defined by Section 1591.  18 U.S.C. § 1595(a).

As explained in detail below, the FAC fails to allege any of the necessary elements of either theory of liability.   Instead, Plaintiff's factual allegations of Mr. Dolan's conduct in California simply describe a purported sexual relationship with disparities based on age and finances.  The TVPA neither criminalizes such a relationship, nor creates a civil remedy for a participant in such a relationship.

### 1.       The FAC Fails to Make Out a Perpetrator Claim

The FAC fails to allege two necessary elements of a perpetrator claim against the Dolan Defendants under the TVPA, and each such failure is independently fatal to Plaintiff's claim.  *First*, the FAC fails to allege an enumerated act by the Dolan Defendants that is prohibited under the TVPA, committed with the knowledge that force, fraud, or coercion would be used to perpetrate a commercial sex act.  *Second*, relatedly, the FAC fails to allege that the Dolan Defendants intended a commercial sex act to occur (or that any such act did occur).

### a.       The FAC Does Not Allege That the Dolan Defendants Knowingly Engaged in Any Conduct Prohibited Under the TVPA

As unsavory as allegations of sexual assault may be—and ignoring momentarily that no such actionable conduct by Mr. Dolan is even sufficiently pleaded in this case[1]—they do not on their own make out the elements of a claim under the TVPA.  *See Doe v. Fitzgerald*, 2022 WL 425016, at *8 (C.D. Cal. Jan. 6, 2022) (noting that although "date rape is reprehensible, … not all date rapes are meant

---

[1]  *See* Section III.B, *infra*.

to be punishable by a sex trafficking statute"). To state a claim against a perpetrator under the TVPA, a plaintiff must allege that the alleged perpetrator possesses culpable knowledge at the time he commits one of the acts enumerated in Section 1591(a). "The knowledge required of the defendant is such that if things go as he has planned, force, fraud or coercion will be employed to cause his victim to engage in a commercial sex transaction." *Todd*, 627 F.3d at 334. The statute requires that the "defendant know in the sense of being aware of an established modus operandi that will in the future cause a person" to engage in a commercial sex act caused by fraud, force, or coercion. *Id.*

The FAC does not contain any factual allegation that the Dolan Defendants had such knowledge. Instead, the only ostensibly knowledge-related allegations are conclusory and lack *any* factual content. (*E.g.*, FAC ¶ 59 (alleging that "Ms. Croft was flown out to Los Angeles for the purposes of engaging in unwanted sexual acts with Dolan").)

Exacerbating these pleading deficiencies, it is impossible to discern what possible force, fraud, or coercion Plaintiff could be alleging with respect to any contemplated sexual interaction with Mr. Dolan in California. Plaintiff does not allege that the Dolan Defendants had any awareness that any such prohibited means would be utilized (or that they were in fact utilized). Compare, for example, the complaint in *Huett v. Weinstein Co. LLC*, which alleged that the defendant repeatedly engaged in a pattern of misconduct with women over the course of decades. 2018 WL 6314159 (C.D. Cal. Nov. 5, 2018). There, the court found that allegation sufficient to state a claim under the TVPA because the defendant knew that he was likely to act in accordance with his own pattern. *Id.* at *2–3; *see Todd*, 627 F.3d at 334 (conviction sustained where defendant's "knowledge of his own modus operandi in securing an income from prostitution by a pattern of coercion was sufficient to support the jury's verdict").

The FAC does not allege any remotely similar pattern of conduct as to Mr. Dolan (nor could it).  Nor does it make any plausible allegation that the Dolan Defendants knew that some prohibited means would be used to compel Plaintiff to engage in a commercial sex act.  *See Fitzgerald*, 2022 WL 425016, at *8 (partially granting motion to dismiss because the plaintiff had not alleged that the defendant "invited her … with knowledge that he or someone else would" commit any of the acts prohibited by the TVPA).  Indeed, Plaintiff's allegations that Mr. Dolan acted "romantically" towards her and "led her to believe, at the time, that [he] actually cared about her" (FAC ¶ 63) suggest that he did not, and never intended to, use force, fraud, or coercion to engage in any sexual contact with her.

### b.      The FAC Does Not Allege a Commercial Sex Act

Equally fatal to Plaintiff's TVPA claim is Plaintiff's failure to allege that Mr. Dolan intended a commercial sex act to occur (or that any such act did occur), even ignoring her insufficient allegations of force, fraud, or coercion.  The term "commercial sex act" is defined by 18 U.S.C. § 1591(e)(3) as "any sex act, on account of which anything of value is given to or received by any person."  The only references in the FAC to anything resembling a commercial sex act in California appear in two conclusory sentences of the FAC. (*See* FAC ¶¶ 113 (accusing Mr. Dolan in conclusory fashion of "engaging in unwanted commercial sex acts"), 119 (stating in a conclusory fashion that Mr. Dolan "intentionally engaged in trafficking Plaintiff for commercial sex acts").)  The FAC does not allege that Mr. Dolan paid Plaintiff to have sex with him.  Nor does it allege any intangible benefit that was given to her in exchange for sex.  To apply the TVPA based on these allegations would expand the scope of the statute to "yield absurd results." *Fitzgerald*, 2022 WL 425016, at *7 (citing *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("[S]tatutory interpretations which would produce absurd results are to be avoided")).  Essentially, all sexual relationships in which there is an allegation of financial disparity between the

604405361.1

7

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

participants would be transformed into "commercial sex acts."  Such an absurd and unprecedented result should not be endorsed by this Court.

The additional allegation in the FAC that Plaintiff was concerned that "upsetting" Mr. Dolan would "would jeopardize her work with the Eagles and future opportunities" (FAC ¶ 62), does nothing to alter this conclusion.  Endorsing this view of the TVPA would convert a broad swath of *quid pro quo* workplace sexual harassment claims into "sex trafficking," a serious felony offense.  There is no indication Congress intended such a broad construction of the TVPA—a statute targeting a "contemporary manifestation of slavery," H.R. REP. 106-487, 1, not misconduct in the workplace.  This Court should reject expanding the TVPA in such an unprecedented manner.

### 2.   The FAC Fails to State a Beneficiary Claim Under the TVPA as to the Dolan Defendants

Plaintiff also fails to allege the necessary elements of a beneficiary claim under the TVPA.  To state a beneficiary claim under the statute, "a plaintiff must allege facts plausibly establishing that the defendant(s) '(1) knowingly benefitted (2) from participation in a venture (3) that they knew or should have known has engaged in trafficking the plaintiff.'"  *B.J. v. G6 Hosp., LLC*, 2023 WL 3569979, at *3 (N.D. Cal. May 19, 2023) (quoting *J.M. v. Choice Hotels Int'l, Inc.*, 2022 WL 10626493, at *2 (E.D. Cal. Oct. 18, 2022)).  Plaintiff fails to properly allege any of these elements.

### a.   The FAC Fails to Allege that the Dolan Defendants Received Any Actionable Benefit

Although Plaintiff alleges—albeit again in a conclusory manner—that the Dolan Defendants "benefitted" from an alleged sex-trafficking venture (FAC ¶¶ 114–115), she never alleges any facts that suggest, except in the most generalized and legally insufficient terms, the nature of that "benefit."  At most, Plaintiff avers that Mr. Dolan received sexual gratification as a result of his alleged relationship with

604405361.1

8

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Plaintiff.   (FAC ¶ 11 (alleging that Mr. Dolan "trafficked her for his own sexual gratification").)   As a matter of law, that is not a "benefit" recognized under the TVPA.  *Fitzgerald*, 2022 WL 425016, at *9 (granting motion to dismiss beneficiary claim under the TVPA where the only benefit alleged was sexual gratification).

As to Defendant JD & the Straight Shot, LLC, Plaintiff only implausibly and vaguely avers that the corporation "financially and otherwise benefited … by keeping Dolan satisfied." (FAC ¶ 115.)   Here, *Geiss v. Weinstein Co. Holdings LLC* is instructive. 383 F. Supp. 3d 156 (S.D.N.Y. 2019).  In that case, Weinstein's company was alleged to have financially benefited from Weinstein's employment.  *See id.* at 169.  The court held that allegation was insufficient, despite the company's alleged participation in a sex trafficking venture with Weinstein.  *Id.* at 169–70.  Critically, the court found that the plaintiffs had not sufficiently alleged any benefit that TWC received "*because of*" Weinstein's misconduct, as required under the TVPA.  *Id.* at 169.  The FAC similarly fails to allege any benefit JD & the Straight Shot, LLC received "because of" any purported misconduct by Mr. Dolan.

### b.      The FAC Fails to Allege the Dolan Defendants Participated in a Sex Trafficking Venture

The conclusory allegations concerning participation in a venture are also legally insufficient.   Plaintiff has failed to plausibly allege knowing or reckless "participation in the sex trafficking act itself," as required by the statute.  *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018).  To the extent it is Plaintiff's position that the Dolan Defendants were in a venture with themselves because, as she alleges, "JD & The Straight Shot, LLC is substantially or entirely owned, directly or indirectly, by Dolan" (FAC ¶ 15), that would be nonsensical.  In essence, that would suggest that Mr. Dolan was in a venture with himself, while a "venture" under the statute clearly contemplates more than one participant.  The FAC also entirely fails to establish a venture with the Azoff Entities.  *See* Memorandum of Points and

Authorities in Support of Defendants Azoff Entities' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), Doc No. 51 at 9–11.

> **c.    The FAC Fails to Allege that the Dolan Defendants Knew or Should Have Known that Any Venture Trafficked the Plaintiff**

This element fails for the same reason Plaintiff's perpetrator theory of liability fails—namely because, as discussed in Section III.A.1 above, Plaintiff does not plausibly allege sex trafficking in the FAC.  A person cannot have knowledge of an act that did not occur.  And even if Plaintiff did plausibly allege sex trafficking generally (which she does not), she would still be required to allege that the Dolan Defendants knew (or recklessly disregarded) that "means of force, fraud or coercion would be used to cause [her] to engage in a commercial sex act." *Noble*, 335 F. Supp. 3d at 524.  Yet Plaintiff does not allege that the Dolan Defendants knew that force, fraud, or coercion would be used at all (and indeed none is alleged to have been used by the Dolan Defendants), nor that any commercial sex act was intended (or, again, that any such act occurred).

### B.    The FAC Fails to State a Claim for Sexual Battery

Plaintiff's Second Cause of Action should also be dismissed because it fails to plausibly allege the requisite elements to state a claim for sexual battery under California law and, even if properly pleaded, such a claim would be time-barred by California's two-year statute of limitations.

> **1.    The FAC Fails to Plausibly Allege the Elements of a Sexual Battery Claim**

The FAC's Second Cause of Action must be dismissed because it fails to properly allege an essential element of a sexual battery claim required by California law: that Mr. Dolan acted with the requisite intent (*i.e.*, "the intent to cause a harmful or offensive contact").  Cal. Civ. Code § 1708.5(a)(1); *Angie M. v. Superior Ct.*, 37

Cal. App. 4th 1217, 1225 (1995).  Indeed, other than the conclusory parroting that "[a]t all relevant times, Dolan acted … with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to Plaintiff, and intended to cause fear, physical injury, and/or pain and suffering to Plaintiff" (FAC ¶ 121), the FAC makes no allegations regarding Mr. Dolan's intent with respect to any of his alleged interactions with Plaintiff in California.

Plaintiff's newly-minted but still conclusory claim that her consent to Mr. Dolan's purported "sexual demands" was "neither free nor voluntary" and her scarce supporting allegations, essentially "that Defendant engaged in sex acts with [Plaintiff] against her will," are insufficient to plead the requisite intent to state a sexual battery claim. *Fitzgerald*, 2022 WL 425016, at *10 (dismissing sexual battery claim that "fail[ed] to allege any other facts [beyond the conclusory allegation that Defendant engaged in non-consensual sex acts with Plaintiff] that raise[d] a plausible inference as to Defendant's intent").  Rather, to allege the requisite intent, Plaintiff must allege facts that would raise a plausible inference that Mr. Dolan (a) knew that Plaintiff's apparent consent was—despite its appearance—actually not real, meaningful consent, and (b) that he nonetheless touched her with the intent of causing harmful or offensive contact.  *See Russo v. APL Marine Servs., Ltd.*, 2014 WL 3506009, at *5–6 (C.D. Cal. July 14, 2014) (dismissing battery where complaint failed to allege sexual touching continued after plaintiff indicated lack of consent).  Plaintiff's failure to allege intent-related facts alone requires the dismissal of her Second Cause of Action.

It must also be noted that Plaintiff's allegations concerning another element of sexual battery—namely, actual physical contact, *Angie M.,* 37 Cal. App. 4th at 1225—have been stated so ambiguously as to be utterly implausible.  (*See* FAC ¶ 62.)  What the FAC does allege is that on some unspecified date(s), in some unspecified location(s), Plaintiff acceded to some unspecified demand(s) made by Mr. Dolan.

Plaintiff alleges that one such demand was that he be allowed to touch her "breasts, buttocks and vagina" (FAC ¶ 62), but she carefully does *not* allege that Mr. Dolan ever acted on that particular demand, in California, within the relevant statute of limitations period.  This apparent ambiguity in her pleading is particularly striking given the salacious details she includes in other parts of the FAC (*e.g.*, ¶¶ 92–93 (providing a lurid description of Weinstein's alleged assault)).  It seems clear that the ambiguity in her amended allegations as it concerns any possible sexual battery by Mr. Dolan was intentional; if there were any "there there," Plaintiff would have alleged it.

Nevertheless, although her allegations as to touching are at best ambiguous, what is not ambiguous is her failure to allege that Mr. Dolan intentionally engaged in any non-consensual sexual conduct with her.  That requires dismissal of her sexual battery claim.  *Russo*, 2014 WL 3506009, at *5–6.

### 2.    Plaintiff's Sexual Battery Claim is Time-Barred

Plaintiff's sexual battery claim arises from events that allegedly occurred in January 2014 and therefore is time-barred by California's two-year statute of limitations governing battery claims.[2]  Cal. Civ. Proc. Code § 335.1.  Although California has a revival statute extending the statute of limitations to ten years for "civil actions for recovery of damages suffered as a result of sexual assault"—defined as the commission of any of the crimes in certain enumerated sections of the California Penal Code—that extension is inapplicable to Plaintiff's claim.  *See* Cal.

---

[2]  To the extent that Plaintiff alleges that some of the events described in the FAC occurred in Florida in late 2013, (*e.g.*, FAC ¶¶ 37, 40–45), Florida's statutes of limitations would apply to any claims based on torts that allegedly occurred in that state, *see Hillard v. TABC, Inc.*, 2017 WL 6940540, at *3 (C.D. Cal. Dec. 18, 2017), and those claims therefore would also be time-barred.  Fla. Stat. Ann. § 95.11(3)(n); *Treminio v. Crowley Mar. Corp.*, 649 F. Supp. 3d 1223, 1234 (M.D. Fla. 2023).

Civ. Proc. Code § 340.16(b)(1) (the "Revival Statute").  The only section of the Penal Code that could even conceivably permit the application of the Revival Statute to Plaintiff's allegations is California Penal Code § 243.4(e)(1) (misdemeanor sexual battery).  However, while Plaintiff cites that statute (FAC ¶ 119), she fails to allege that Mr. Dolan committed necessary elements that would give rise to this misdemeanor criminal offense.  *Gonzalez-Cervantes v. Holder*, 709 F.3d 1265, 1267 (9th Cir. 2013) (misdemeanor sexual battery requires: "(1) the touching of an intimate part of another person, directly or through the clothing of the perpetrator or the victim; (2) against the person's will; and (3) with specific intent to cause sexual arousal, sexual gratification, or sexual abuse."  (citing Cal. Penal Code § 243.4(e))).[3]

Because Plaintiff's claim does not seek relief for alleged conduct that would constitute a misdemeanor sexual battery, the Revival Statute does not apply. Specifically, Plaintiff fails to adequately allege that Mr. Dolan had any intent to make non-consensual contact and is intentionally ambiguous as to whether such contact was made.  Additionally, Plaintiff fails to allege that Mr. Dolan acted with the specific intent required to commit a misdemeanor sexual battery  (Cal. Penal Code § 243.4).[4] *People v. Chavez*, 84 Cal. App. 4th 25, 29 (2000) ("Sexual battery is a specific intent crime").  Since the FAC is completely devoid of any non-conclusory allegations that Mr. Dolan acted with specific intent to commit a criminal sexual assault while in

---

[3]  Stating a claim that amounts to a <u>felony</u> sexual battery requires pleading additional elements wholly absent from the FAC, *e.g.*, that the alleged sexual assault victim was unlawfully restrained at the time of the assault.  *See generally* Cal. Penal Code § 243.4(a)–(d).

[4] As discussed in Section III.B.1, *supra.*, Plaintiff also fails to allege the distinct intent required to commit a civil sexual battery.  Alleging specific intent may not be required to state a claim for *civil* sexual battery.  *See* Cal. Civ. Code § 1708.5.

1  California, it fails to allege an offense triggering the Revival Statute.[5]

2  ## C.    The FAC Fails to State a Claim Against Mr. Dolan for Aiding
3          and Abetting Weinstein

4  The Court should also dismiss Plaintiff's claim that Mr. Dolan aided and
5  abetted Weinstein's alleged assault.  Under California law, liability for such a claim
6  "depends on proof the defendant had *actual knowledge* of the specific primary wrong
7  and that the defendant *substantially assisted*" in carrying out that wrong with such
8  knowledge.  *Su v. Henry Glob. Consulting Grp.*, 2022 WL 19392, at *2 (C.D. Cal.
9  Jan. 3, 2022) (cleaned up) (emphasis added) (quoting *Casey v. U.S. Bank Nat. Ass'n*,
10 127 Cal. App. 4th 1138, 1145 (2005)).  Here, Plaintiff's Fourth Cause of Action fails
11 on both fronts.  *First*, the FAC sets forth no allegations that Mr. Dolan had any
12 knowledge that Weinstein intended to assault Plaintiff.  *Second*, Plaintiff fails to
13 allege that Mr. Dolan substantially assisted or encouraged the commission of an
14 assault against her by Weinstein.

15 While the foregoing pleading deficiencies are dispositive, Plaintiff's aiding and
16 abetting claim is barred in any event by the Release and Channeling Injunction entered
17 by the Bankruptcy Court in *In re The Weinstein Company Holdings LLC.*, No. 18-
18 10601-MFW, D.I. 3203 & 3203-1 (Bankr. D. Del. Jan. 26, 2021) [attached as
19 "Ex. A"].

20

21

22

23  [5] The FAC alleges at most a misdemeanor offense, and the legislative history
24  of the Revival Statute and its amendment makes clear that "claims for sexual assaults
    that would be misdemeanors … are not revived by the bill's proposed amendments to
25  the Revival Statute."    Alison Merrilees, Sexual Assault: Statute of
    Limitations, at 12 (Apr. 27, 2022), available at https://leginfo.legislature.ca.gov/face
26  s/billAnalysisClient.xhtml?bill_id=202120220AB2777 (Report to Cal. Assemb.
27  Comm. on Jud. re AB-2777).

28

**1.   The FAC Does Not Allege that Mr. Dolan Knew Weinstein Was Going to Sexually Assault Plaintiff**

Aiding and abetting requires that a defendant have actual knowledge of the tort planned and committed by the principal tortfeasor.   Under California law, "a defendant can only aid and abet another's tort if the defendant knows what 'that tort' is." *Casey*, 127 Cal. App. 4th at 1146.

The FAC is devoid of any such allegations with respect to Mr. Dolan.  Plaintiff does not aver that Mr. Dolan knew that Weinstein was going to assault her, beyond the threadbare statement that Mr. Dolan "acted with the knowledge of or with reckless disregard for the fact that his conduct was certain to cause injury and/or humiliation to Plaintiff, and intended to cause fear, physical injury, and/or pain and suffering to Plaintiff." (FAC ¶ 131.)   Plaintiff's only suggestion that Mr. Dolan had any communications with Weinstein regarding Plaintiff is her allegation that Weinstein told her "Dolan had mentioned his massage therapist and had said great things about her." (FAC ¶ 71.)  Nor does Plaintiff allege that Mr. Dolan even knew Weinstein was at The Peninsula Hotel on the date in question prior to Plaintiff's purported report to Mr. Dolan that Weinstein had assaulted her.  The deficiencies in Plaintiff's claim are underscored by the allegation that Mr. Dolan called Plaintiff's hotel room "in the midst of the assault" and thereby thwarted the very attack that Plaintiff claims he had supposedly arranged through an orchestrated elevator meeting.  (FAC ¶¶ 94–95.)

At most, Plaintiff alleges that Mr. Dolan became aware of Weinstein's alleged assault *after the fact*, when, later that evening, she allegedly informed Mr. Dolan of her encounter with Weinstein.  (FAC ¶¶ 97–99.)  Such an *ex post* report does not support the inference that Mr. Dolan knew about Weinstein's general intentions before the fact, "let alone that [he] knew the 'specific primary wrong' [he was] assisting." *Molenda v. Universal City Studios LLC*, 2020 WL 6653505, at *3 (C.D. Cal. June 8, 2020).

The FAC suggests that Mr. Dolan was aware that Weinstein had a proclivity for sexual violence.  But even if true, this general awareness, which at most amounts to a "vague suspicion of wrongdoing[,]" is insufficient to establish actual knowledge of a specific planned attack necessary to sustain a claim of aiding and abetting a sexual assault.  *In re First All. Mortg. Co.*, 471 F.3d 977, 993 n.4 (9th Cir. 2006) (recognizing the *Casey* court's rejection of mere general allegations of knowledge).  Here, Plaintiff alleges only that Mr. Dolan was not surprised by Weinstein's alleged "sexually aggressive" behavior towards her and that Mr. Dolan described Weinstein as "a troubled person" with unspecified "serious issues."  (FAC ¶ 99.)  These alleged *ex post* observations about Weinstein's vague "issues" are insufficient to confirm Mr. Dolan's knowledge that Weinstein was going to commit a "specific primary wrong"—namely, a sexual assault targeting Plaintiff.  *See Casey*, 127 Cal. App. 4th at 1145–46.  In short, because Plaintiff does not allege a single fact to suggest that Mr. Dolan knew Weinstein was going to assault Plaintiff, her aiding and abetting claim against Mr. Dolan fails as a matter of law.

### 2. The FAC Fails to Allege that Mr. Dolan Gave Substantial Assistance or Encouragement to Weinstein

Plaintiff also fails to allege facts sufficient to satisfy the requisite element that Mr. Dolan substantially assisted or encouraged Weinstein's actions.  *See Casey*, 127 Cal. App. 4th at 1144.  Mere knowledge that a tort is to be committed, and the failure to prevent that tort, does not constitute aiding and abetting.  *Austin B. v. Escondido Union Sch. Dist.*, 149 Cal. App. 4th 860, 879 (2007).  Instead, a defendant "must have acted to aid the primary tortfeasor 'with knowledge of the object to be attained.'"  *Casey*, 127 Cal. App. 4th at 1146 (quoting *Lomita Land & Water Co. v. Robinson*, 154 Cal. 36, 47 (1908)).

Plaintiff again fails to allege that Mr. Dolan in any way participated in, assisted, or encouraged Weinstein's alleged assault. At most, Plaintiff implausibly—indeed

604405361.1

16

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

absurdly—implies that Mr. Dolan was somehow aware in advance that a chance meeting between Plaintiff and Weinstein was going to occur while she waited for a hotel elevator, and that Mr. Dolan therefore must be liable for the ensuing assault allegedly committed by Weinstein.  Plaintiff's unfounded belief that her alleged encounter with Weinstein would not have occurred otherwise does not sufficiently plead Mr. Dolan's facilitation of the alleged assault.

Plaintiff further implies that Mr. Dolan's friendship with Weinstein was a substantial factor in aiding Weinstein's alleged assault.  In that regard, Plaintiff alleges that, after she volunteered to Weinstein that she was delivering food to Mr. Dolan, Weinstein introduced himself as Mr. Dolan's good friend and used that friendship as a basis to continue the conversation with Plaintiff and invite her to his room.  (FAC ¶ 71.)  Yet, the mere fact that Mr. Dolan knew Weinstein, and that Mr. Dolan allegedly mentioned that fact to Plaintiff (FAC ¶ 72), does not establish any level of culpable participation by Mr. Dolan in Weinstein's alleged assault of Plaintiff.  *See, e.g.*, *Howard v. Superior Ct.*, 2 Cal. App. 4th 745, 749 (1992), *modified* (Feb. 10, 1992) (aiding and abetting "necessarily requires a defendant to reach a conscious decision to participate in tortious activity for the purpose of assisting another in performing a wrongful act").  Instructively, Plaintiff does not allege that Mr. Dolan attempted to introduce her to Weinstein or suggested that the two should meet.  In short, Plaintiff offers no facts to support her conclusory allegation that Mr. Dolan aided Weinstein's alleged assault.  Therefore, Plaintiff's Fourth Cause of Action should be dismissed.

604405361.1

17

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**3.** **Plaintiff's Aiding and Abetting Claim was Filed in Contravention of, and is Barred by, a Release and Injunction Entered by the Bankruptcy Court for the District of Delaware**

Plaintiff's gratuitous attempt to infect this case with endless references to Weinstein provides another basis to dismiss her aiding and abetting claim pursuant to Rule 12(b)(6): That claim has been released and enjoined. *Smith v. Charter Commc'ns, Inc. (St. Louis)*, 467 F. App'x 742, 744 (9th Cir. 2012) (affirming dismissal of claim released by a separate bankruptcy proceeding).  In asserting that claim, Plaintiff—and perhaps more significantly, her counsel (who were deeply involved in the proceedings discussed below)—have knowingly violated a release and order of injunctive relief entered by the Bankruptcy Court that, by its explicit terms, permanently enjoined claimants from asserting the type of Weinstein-related claim that Plaintiff has brought in this action.  Moreover, Plaintiff repeated the enjoined claim in her FAC, despite being put on explicit notice of the Bankruptcy Court's order during counsel's "meet and confer" on March 18, 2024, and again in the Dolan Defendants' first MTD, filed on March 25, 2024. *See* Doc. No. 47, at 19–22.  Plaintiff had ample opportunity to remove the barred claim from the FAC, but instead chose to proceed in an intentional violation of a federal court order.

As was highly publicized at the time, following the revelations of Weinstein's sexual misconduct, TWC sought protection under the United States Bankruptcy Code in proceedings before the Bankruptcy Court.  Faced with the daunting task of resolving the hundreds of claims, asserted and unasserted, stemming from Weinstein's misconduct—including a myriad of related claims against TWC and its former directors—on January 26, 2021, the Bankruptcy Court approved and entered as an Order the Fifth Amended Joint Chapter 11 Plan of Liquidation (the "Plan"), which had been submitted to the Bankruptcy Court for its consideration as a

604405361.1

18

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

mechanism for resolving these and other categories of claims in the context of the ongoing bankruptcy proceedings. Ex. A, D.I. 3203 & 3203-1.  Notice of the Plan was widely circulated before its approval by the Bankruptcy Court, including through advertisements in the *New York Post*, *The Hollywood Reporter*, and *Variety*.  *In re The Weinstein Company Holdings LLC.*, No. 18-10601-MFW, D.I. 3163–65.   A central component of the global settlement reflected in the Plan was the release of all former TWC directors—including Mr. Dolan, who is specifically identified in the Plan as a "Released Party"[6]—from all "Sexual Misconduct Claims," asserted or unasserted, which are defined in the Plan as any claims "that relate directly or indirectly to the alleged or actual sexual misconduct of Harvey Weinstein." Concomitant to this negotiated and bargained-for release, the Plan includes a "Channeling Injunction," which (a) "channeled" all Sexual Misconduct Claims against the Released Parties (specifically including Mr. Dolan) into the eight-figure settlement fund established by the Plan, for distribution to claimants by a specially appointed claims administrator, and (b) "permanently stayed, restrained and enjoined" any party from "taking any action," including "commencing or continuing, in any manner, whether directly or indirectly, any suit, actions or proceedings of any

---

[6]  Although Mr. Dolan was identified as a "Released Party" by virtue of his status as a "Former Representative" of TWC, the Plan released *all* "Sexual Misconduct Claims" against Mr. Dolan, regardless of whether those claims stem from alleged actions taken in his capacity as a TWC director.  The fact that Plaintiff's allegations concern conduct predating Mr. Dolan's service as a TWC director is also irrelevant.  The terms of the Channeling Injunction are unequivocal:  So long as a claim concerns "the alleged or actual sexual misconduct of Harvey Weinstein," Plaintiff may not commence "any suit, action[] or proceeding[] of any kind" against Mr. Dolan, no matter when or whether the underlying alleged misconduct occurred. Ex. A, D.I. 3203-1 at *8.

kind" against a "Released Party" (including Mr. Dolan) with respect to any Sexual Misconduct Claim.[7]

The Channeling Injunction is an order entered by a federal court that expressly prohibits claimants from asserting against, *inter alia*, Mr. Dolan any claims that relate to alleged sexual misconduct of Harvey Weinstein. Plaintiff's aiding and abetting claim most assuredly arises directly from alleged sexual misconduct of Weinstein. The FAC could not be more explicit on the point, as it avers—albeit in a conclusory and legally insufficient manner—that Mr. Dolan somehow orchestrated Plaintiff's alleged chance meeting with Weinstein, which Plaintiff claims resulted in her assault by Weinstein. By asserting that Mr. Dolan facilitated Weinstein's alleged sexual assault of Plaintiff, Plaintiff and her counsel consciously violated a federal court order.[8] While there are, as discussed above, ample other grounds on which the aiding and abetting claim is subject to dismissal at the pleadings stage, the Release and Injunctive components of the Plan provide an independent, compelling basis that mandates dismissal of that claim.[9]

---

[7] Under the Plan, existing and putative claimants had the right to elect not to release Mr. Weinstein—but not any "Released Party" such as Mr. Dolan—if they so chose. Ex. A, D.I. 3203-1 at *8.

[8] A bankruptcy court's authority to release claims against third parties without the claimants' consent is on appeal in an unrelated case. *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 44 (2023). However, unless and until the Bankruptcy Court's Channeling Injunction is dissolved by a binding judicial directive, that injunction remains enforceable, and Plaintiff cannot ignore it. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings").

[9] As a result of Plaintiff's decision to paint all of her claims with the broadest possible "Weinstein brush," this entire action asserts claims that relate to Weinstein's alleged sexual misconduct. Although the Dolan Defendants do not at this juncture

1    **IV.   <u>CONCLUSION</u>**

2         For each of the foregoing reasons, the Dolan Defendants respectfully request

3    that the Court dismiss Plaintiff's FAC and all claims asserted therein against them,

4    with prejudice.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20    _____

21    seek dismissal of the entire action on these grounds, the Dolan Defendants reserve the

      right, in the event this action is not dismissed against them in its entirety, to argue at

22    summary judgment and/or trial that all asserted claims are barred by the Injunction

      and Release.

23

          Moreover, although potentially premature at this time, the Dolan Defendants

24    reserve the right to move to sever Weinstein pursuant to Fed. R. Civ. P. 21 and to

25    strike all allegations concerning Weinstein pursuant to Fed. R. Civ. P. 12(f) following

      the Court's ruling on the instant Motion to Dismiss.

26

27

28

DATED:  April 24, 2024                    Respectfully submitted,

PERRY LAW

By:  _____/s/ E. Danya Perry_____
       E. Danya Perry
       Karen Agnifilo
       Joshua Stanton
       Attorneys for Defendants James Dolan and JD
       & The Straight Shot, LLC

By:  _____/s/ John J. Rosenberg_____
       John J. Rosenberg
       ROSENBERG, GIGER & PERALA, P.C.
       Attorneys for Defendants James Dolan and JD
       & The Straight Shot, LLC

By:  _____/s/ Robert E. Dugdale_____
       Robert E. Dugdale
       Michael J. McCarthy
       KENDALL BRILL & KELLY
       Attorneys for Defendants James Dolan and JD
       & The Straight Shot, LLC

## ATTESTATION

    I, Robert E. Dugdale, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By:  _____/s/ Robert E. Dugdale_____
       Robert E. Dugdale

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for the Dolan Defendants, certifies that this brief contains 6,620 words, which complies with the word limit of Local Rule 11-6.1.

DATED:  April 24, 2024          By:                    /s/ Robert E. Dugdale

Robert E. Dugdale

NOTICE OF MOTION AND MOTION OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)