# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| KELLYE CROFT.<br><br>  Plaintiff,<br><br>vs.<br><br>JAMES DOLAN, HARVEY WEINSTEIN, JD & THE STRAIGHT SHOT, LLC, THE AZOFF COMPANY HOLDINGS LLC f/k/a AZOFF MUSIC MANAGEMENT, LLC, THE AZOFF COMPANY LLC f/k/a AZOFF MSG ENTERTAINMENT, LLC, and DOE CORPORATIONS 1-10,<br><br>  Defendants. | Case No. 2:24-cv-00371-PA (AGR)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |

604405355.1

Case No. 2:24-cv-00371-PA (AGR)

[PROPOSED] ORDER GRANTING DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S
MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# [PROPOSED] ORDER

Defendants James Dolan and JD & The Straight Shot, LLC's (collectively, the "Dolan Defendants") Motion to Dismiss Plaintiff Kellye Croft's First Amended Complaint ("FAC"), brought pursuant to Federal Rules of Civil Procedure 12(b)(6), came before this Court for hearing on June 3, 2024, at 1:30 p.m., the Honorable Percy Anderson presiding. Having considered all papers, pleadings, and evidence submitted, and the oral argument presented, and good cause appearing, the Court finds as follows:

## Count One—Trafficking Victims Protection Act of 2000 ("TVPA"), 18 U.S.C. §§ 1591 and 1595

The Court dismisses Count One and finds:

**No allegations that the Dolan Defendants knowingly engaged in any act enumerated in 18 U.S.C. § 1591 with the requisite intent.** Plaintiff fails to allege that either Dolan Defendant knowingly engaged in conduct enumerated in 18 U.S.C. § 1591(a) with the intent to occasion commercial sex through force, fraud, or coercion, as required to state a perpetrator claim under the statute. *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010). Beyond a conclusory recitation that the Dolan Defendants transported her to Los Angeles "for purposes of sex induced by force, fraud, or coercion" (FAC ¶ 114), Plaintiff does not allege that the Dolan Defendants knew any prohibited means would be utilized with respect to any sexual interaction involving Plaintiff in California.

**No allegations of a commercial sex act or that the Dolan Defendants intended a commercial sex act to occur.** Plaintiff does not allege that any commercial sex act, as defined by 18 U.S.C. § 1591(e)(3), occurred in California—or that the Dolan Defendants intended such a commercial sex act to occur. There is no allegation that Plaintiff was given financial compensation or any intangible benefit in exchange for sex, and no allegation that the Dolan Defendants intended to confer such

604405355.1

1

Case No. 2:24-cv-00371-PA (AGR)

[PROPOSED] ORDER GRANTING DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

a benefit.  Plaintiff has therefore failed to sufficiently allege the commercial sex act element under Rule 12(b)(6).

**No allegations that the Dolan Defendants received any benefit as a result of violating the TVPA.**  Plaintiff alleges only that Defendant Dolan received sexual gratification as a result of his relationship with Plaintiff, which is insufficient to plead a benefit under 18. U.S.C. § 1591.  *Doe v. Fitzgerald*, 2022 WL 425016, at *9 (C.D. Cal. Jan. 6, 2022) (granting motion to dismiss beneficiary claim under the TVPA where the only benefit alleged was sexual gratification).  Plaintiff does not allege that Defendant JD & the Straight Shot, LLC received any benefit because of Defendant Dolan's alleged misconduct, as required under the TVPA.  *See Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019).

**No allegations that the Dolan Defendants knew or recklessly disregarded that Plaintiff was trafficked by any venture.**  Plaintiff cannot plead knowledge of trafficking without plausibly alleging trafficking.  As discussed above, Plaintiff does not allege that the Dolan Defendants knew that force, fraud, or coercion would be used against Plaintiff, nor that any commercial sex act was intended—or that any such act occurred.  Nor does Plaintiff allege that the Dolan Defendants participated in any venture, let alone one engaged in sex trafficking.

## Count Two—Sexual Battery

The Court dismisses Count Two and finds:

**No allegations that Defendant Dolan, in California, ever intended to cause a harmful or offensive contact with Plaintiff.**  Plaintiff fails to allege any conduct by Defendant Dolan that occurred in California that was undertaken with the intent to cause a harmful or offensive contact with her.

**The cause of action is time-barred by California's statute of limitations.**  California's statute of limitations for a sexual battery claim is two years, Cal. Civ. Proc. Code § 335.1, and Plaintiff alleges that Defendant Dolan's California conduct occurred at the latest, in 2014, making her second cause of action time-barred.

604405355.1

2

Case No. 2:24-cv-00371-PA (AGR)

[PROPOSED] ORDER GRANTING DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**Count Four—Aiding and Abetting Sexual Assault and Attempted Rape**

The Court dismisses Count Four and finds:

**No allegations that Defendant Dolan had actual knowledge that Defendant Weinstein allegedly planned to assault Plaintiff.** Plaintiff fails to allege that Defendant Dolan had actual knowledge of Defendant Weinstein's alleged plan to assault Plaintiff before the alleged assault occurred. *In re First All. Mortg. Co.*, 471 F.3d 977, 993 n.4 (9th Cir. 2006). At most, Plaintiff alleges that she reported the assault to Defendant Dolan after the fact, which is insufficient to plead actual knowledge. *See Molenda v. Universal City Studios LLC*, 2020 WL 6653505, at *3 (C.D. Cal. June 8, 2020) (dismissing aiding and abetting claim where allegations only indicated knowledge after the alleged assault and batteries occurred).

**No substantial assistance or encouragement.** Beyond a conclusory statement that Defendant Dolan "orchestrat[ed]" an elevator meeting between Plaintiff and Defendant Weinstein (FAC ¶ 129), Plaintiff fails to allege that Defendant Dolan substantially assisted or otherwise encouraged the alleged assault on Plaintiff by Defendant Weinstein. *Casey v. U.S. Bank Nat. Ass'n*, 127 Cal. App. 4th 1138, 1144 (2005). Indeed, Plaintiff's entire theory of aiding and abetting liability depends on the inference that Defendant Dolan somehow knew exactly when Plaintiff would return to the hotel that evening so that he could arrange a meeting with Defendant Weinstein. Such an inference is improper and Defendant Dolan's alleged suggestion that Plaintiff go shopping and get dinner that evening is far too attenuated from Defendant Weinstein's later alleged meeting and assault on Plaintiff. *See Howard v. Superior Ct.*, 2 Cal. App. 4th 745, 749 (1992), *modified* (Feb. 10, 1992).

**Plaintiff's aiding and abetting claim was released, and she is enjoined from raising the aiding and abetting claim against Defendant Dolan by a channeling injunction entered in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court").** Plaintiff's claim that Defendant Dolan aided and abetted Defendant Weinstein's sexual assault of Plaintiff was released and is enjoined

by a channeling injunction entered by the Bankruptcy Court as part of an Order Confirming the Fifth Amended Joint Chapter 11 Plan of Liquidation related to The Weinstein Company. That channeling injunction permanently restrains and enjoins claimants like Plaintiff from asserting against identified released parties, which include Defendant Dolan as a former director of The Weinstein Company, "any suit, actions or proceedings of any kind" that "directly or indirectly" relate to alleged sexual misconduct of Harvey Weinstein. *See* No. 18-10601-MFW, D.I. 3203 & 3203-1 (Bankr. D. Del. Jan. 26, 2021).

**IT IS THEREFORE ORDERED** that the Dolan Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED**, and Counts One, Two, and Four of Plaintiff's First Amended Complaint are **DISMISSED WITH PREJUDICE** as to the Dolan Defendants.

**IS IT SO ORDERED**.

DATED:_____, 2024

_____
Honorable Percy Anderson
United States District Court Judge