PERRY LAW
E. Danya Perry (admitted *pro hac vice*)
dperry@danyaperrylaw.com
Karen Agnifilo (admitted *pro hac vice*)
kagnifilo@danyaperrylaw.com
Joshua Stanton (admitted *pro hac vice*)
jstanton@danyaperrylaw.com
445 Park Ave, 7th Floor
New York, New York 10022
Telephone: (212) 213-3070
Facsimile: (646) 849-9609

[Additional attorneys are listed on next page]

*Attorneys for Defendants
James Dolan and JD & The Straight
Shot, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KELLYE CROFT. | Case No. 2:24-cv-00371-PA (AGR) |
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| vs. | |
| JAMES DOLAN, HARVEY WEINSTEIN, JD & THE STRAIGHT SHOT, LLC, THE AZOFF COMPANY HOLDINGS LLC f/k/a AZOFF MUSIC MANAGEMENT, LLC, THE AZOFF COMPANY LLC f/k/a AZOFF MSG ENTERTAINMENT, LLC, and DOE CORPORATIONS 1-10, | Date:    June 3, 2024<br>Time:    1:30 p.m.<br>Judge:   Hon. Percy Anderson |
| Defendants. | |

604409374.1

KENDALL BRILL & KELLY LLP
Robert E. Dugdale (167258)
*rdugdale@kbkfirm.com*
Michael J. McCarthy (334829)
*mmccarthy@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
Los Angeles, California 90067
Telephone: (310) 556-2700
Facsimile:  (310) 556-2705

ROSENBERG, GIGER & PERALA, P.C.
John J. Rosenberg (admitted *pro hac vice*)
*jrosenberg@rglawpc.com*
152 West 57th Street, 18th Floor
New York, New York 10019
Telephone:  (646) 494-5000
Facsimile:   (646) 595-0590

604409374.1

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ..................................................................................... 1

II. ARGUMENT ..................................................................................................................... 1

    A. The FAC Fails to State a Claim Under the TVPA ................................................ 1

        1. The FAC Fails to State a Perpetrator Claim ............................................... 1

            a. The FAC Does Not Allege a Commercial Sex Act ........... 1

            b. The FAC Does Not Allege the Dolan Defendants' Knowledge of Force, Fraud, or Coercion............................ 2

        2. The FAC Fails to State a TVPA Beneficiary Claim ................... 4

    B. The FAC Fails to State a Claim for Sexual Battery ............................... 5

    C. The FAC Fails to State a Claim Against Dolan for Aiding and Abetting Defendant Weinstein ................................................................ 8

        1. The FAC Fails to Adequately Allege the Elements of "Aiding and Abetting" Liability ...................................................... 8

        2. Plaintiff's Aiding and Abetting Claim is Barred by the Channeling Injunction and Release Entered in The Weinstein Company's Bankruptcy Proceeding ........................... 10

III. CONCLUSION ............................................................................................................. 12

604409374.1

i

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*B.J. v. G6 Hosp., LLC*,
   2023 WL 3569979 (N.D. Cal. May 19, 2023) ..................................................... 4

*Chemetron Corp. v. Jones*,
   72 F.3d 341 (3d Cir. 1995) ............................................................................. 11, 12

*DePippo v. Kmart Corp.*,
   335 B.R. 290 (S.D.N.Y. 2005) ...................................................................... 11, 12

*Doe v. Fitzgerald*,
   2022 WL 425016 (C.D. Cal. Jan. 6, 2022) ................................................... 4, 5, 6

*Eckhart v. Fox News Network, LLC*,
   2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) ...................................................... 2

*In re First All. Mortg. Co.*,
   471 F.3d 977 (9th Cir. 2006) ............................................................................... 8

*Geiss v. Weinstein Co. Holdings LLC*,
   383 F. Supp. 3d 156 (S.D.N.Y. 2019) ................................................................. 5

*Lombardo v. Hillburg*,
   2018 WL 6977473 (C.D. Cal. Dec. 3, 2018) ....................................................... 7

*Lusk v. Vill. of Cold Spring*,
   2007 U.S. App. LEXIS 3590 (2d Cir. 2007) ..................................................... 10

*Ma v. Ashcroft*,
   361 F.3d 553 (9th Cir. 2004) ............................................................................... 2

*Neilson v. Union Bank of Cal.*,
   290 F. Supp. 2d 1101 (C.D. Cal. 2003) .............................................................. 8

*Russo v. v. APL Marine Serv., Ltd.*,
   2014 WL 3506009 (C.D. Cal. July 14, 2014) ..................................................... 6

*So v. Bay Area Rapid Transit*,
   2013 U.S. Dist. LEXIS 149807 (N.D. Cal. Oct. 17, 2013) ................................. 9

604409374.1                  ii

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

*United States v. Soderling*,
   1992 U.S. App. LEXIS 15827 (9th Cir. 1992) ...................................................... 11

*United States v. Taylor*,
   18-cr-88-DWF-ECW, Doc No. 189 (D. Minn. July 26, 2019) ............................ 3

*United States v. Taylor*,
   44 F.4th 779 (8th Cir. 2022) ................................................................................ 3

*United States v. Todd*,
   627 F.3d 329 (9th Cir. 2010) ............................................................................... 2

*United States v. United Mine Workers of Am.*,
   330 U.S. 258 (1947) ........................................................................................... 10

*Zapon v. United States Dep't of Justice*,
   53 F.3d 283 (9th Cir. 1995) ............................................................................... 11

**California Cases**

*Angie M. v. Superior Ct.*,
   37 Cal. App. 4th 1217 (1995) .............................................................................. 5

*Casey v. U.S. Bank Nat. Ass'n*,
   127 Cal. App. 4th 1138 (2005) ........................................................................ 8, 9

**Federal Statutes**

18 U.S.C. § 1591 .................................................................................................... 3, 4

**California Statutes**

Cal. Civ. Proc. Code § 340.16 .................................................................................. 7

604409374.1

iii

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

As Defendants James Dolan ("Dolan") and JD & The Straight Shot, LLC ("JDSS") (collectively, the "Dolan Defendants") have repeatedly stated, Plaintiff's fantastical allegations against them are categorically and demonstrably false. But the Dolan Defendants expose a different failing in their Motion to Dismiss ("MTD"): Plaintiff's claims rely on a legally baseless theory of liability-by-association, and her allegations are plainly insufficient to state a claim. None of the arguments in Plaintiff's Opposition change this conclusion. Moreover, it is deeply troubling that Plaintiff presses forward with her aiding and abetting claim, given that it is in direct contravention of a federal court order. For the reasons stated herein and in the MTD, Plaintiff's claims against the Dolan Defendants should be dismissed.

## II. ARGUMENT

### A. The FAC Fails to State a Claim Under the TVPA

#### 1. The FAC Fails to State a Perpetrator Claim

The FAC fails to allege (a) a commercial sex act, or (b) that the Dolan Defendants knew that force, fraud, or coercion would cause Plaintiff to engage in a commercial sex act. As both are essential elements under the TVPA, each deficiency is independently fatal to her claim.

##### a. The FAC Does Not Allege a Commercial Sex Act

According to Plaintiff, her allegations that the Dolan Defendants paid for her flight to and accommodations in Los Angeles and that the Azoff Entities "paid her for working on the Eagles tour" suffice to make out the "commercial sex act" element of a TVPA claim. (Opp. at 9.) This is flatly wrong.

By Plaintiff's logic, *any* sex act that occurs between an employer and an employee on a work trip is a "commercial sex act." That is not the law (nor was Dolan Plaintiff's employer), and such a reading would expand the TVPA well beyond any

604409374.1

1

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

rational constraints. The principal case Plaintiff cites in support of this unfounded proposition—*Eckhart v. Fox News Network, LLC*, 2021 WL 4124616, at *9 (S.D.N.Y. Sept. 9, 2021)—provides her no support. There, the court held that "pledges of career support qualify as 'thing[s] of value' for the purposes of [the TVPA], even if the promisor does not actually deliver on the promise." *Id.* But beyond Plaintiff's subjective belief, the FAC does not contain any factual allegations that the Dolan Defendants (or the Azoff Entities) made *any* pledges of career support or similar promises to Plaintiff. Given the absence of such allegations, Plaintiff is effectively asking the Court to find that a broad swath of *quid pro quo* sexual harassment claims equate to felony sex trafficking. (MTD at 8.) That absurd conclusion should be rejected, particularly as the FAC does not articulate any such *quid pro quo*. *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004) ("[S]tatutory interpretations which would produce absurd results are to be avoided").

### b. The FAC Does Not Allege the Dolan Defendants' Knowledge of Force, Fraud, or Coercion

Plaintiff argues in passing that her (false) allegation that Dolan pressured her into having intercourse in Florida "establish[ed] that he would use force … to push Croft into commercial sex acts." (Opp. at 8.) But the FAC does not allege that Dolan used or threatened force against Plaintiff *in California*, or even that he alluded to the supposed Florida incident. (MTD at 6.) Consequently, the FAC alleges that Dolan "knew" he would use or threaten force, but then for some reason did not. However, the knowledge required under the TVPA is—as relevant here—"that if things go as he has planned, force … will be employed to cause his victim to engage in a commercial sex transaction." *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010). The FAC omits the second component of this knowledge requirement: things allegedly *did* go as planned—yet neither force nor threats of force were used. As such, Plaintiff's TVPA claim must fail.

604409374.1

2

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

The FAC also does not allege any fraud causing Plaintiff to engage in a commercial sex act—let alone that the Dolan Defendants engaged in or *knew* of such a fraud. Plaintiff argues that the Dolan Defendants used fraud to convince her to be "transported [] to California" (Opp. at 6), not to compel her to engage in sex acts. Even if Plaintiff's invitation to California was somehow fraudulent—and the FAC does not allege that it was[1]—the alleged sex acts, all of which occurred on evenings when no concert took place, are far too attenuated from the "fraud" that supposedly induced Plaintiff to travel to California.

Regardless, even if Plaintiff's invitation to California was fraudulent *and* it caused Plaintiff to engage in sex acts, she fails to allege that any of the Dolan Defendants had knowledge that the "fraudulent invite" would produce this causal sequence, as required by the TVPA. 18 U.S.C. § 1591(a). In *United States v. Taylor*, 44 F.4th 779 (8th Cir. 2022)—which Plaintiff characterizes as "instructive" (Opp. at 6)—the trial evidence revealed that Taylor had recruited a teenager to perform massages, having "clearly communicated to potential clients that they could expect sex acts." *United States v. Taylor*, 18-cr-88-DWF-ECW, Doc No. 189 at 47:15–18 (D. Minn. July 26, 2019).[2] The FAC does not contain allegations of even remotely similar conduct, notwithstanding the new allegation that a non-party bandmate of Dolan's asked Plaintiff for a "prostate massage" because she "believe[d] that Dolan … gave the impression to others on the tour that [Plaintiff] was available to provide sexual services." (FAC ¶ 67.) Plaintiff does not allege that any sex acts actually

---

[1] Plaintiff claims she was invited to California to perform massages for tour members (Opp. at 6), and that is precisely what she did in a room reserved for her at the Forum. (FAC ¶ 57).

[2] For one victim, Taylor "took $40 of each client payment," "purchased lingerie for her to wear while providing massages," and told her "she could charge more if she gave nude massages." *Taylor*, 44 F.4th at 783–84. In short, Taylor deceived a teenager into thinking she was being hired to perform legitimate massages while knowing he intended to prostitute her via online advertisements for profit—a textbook example of sex trafficking.

604409374.1

3

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

resulted from Dolan's supposed suggestion.

Finally, and even less convincingly, Plaintiff argues that the FAC plausibly alleges that she was coerced into engaging in a commercial sex act because she was "too scared" of losing her job "with the Eagles to reject Dolan's advances." (Opp. at 8).[3] Plaintiff cites no case to suggest such a generalized fear is sufficient. Nor could she, as coercion under the TVPA is limited to threats of serious harm, physical restraint, or the abuse of law or the legal process, none of which are alleged. 18 U.S.C. § 1591(e)(2). In short, Plaintiff's coercion theory fails for the same reason she has not plausibly alleged a commercial sex act at all: defining the purported fear of losing a job as "coercion" under the TVPA would convert prototypical (albeit repugnant) workplace sexual harassment into a serious federal sex trafficking felony. That is simply not the case.

## 2. The FAC Fails to State a TVPA Beneficiary Claim

Plaintiff's beneficiary claim fails because Plaintiff does not allege any of the necessary elements: that the defendants "(1) knowingly benefitted (2) from participation in a venture (3) that they knew or should have known has engaged in trafficking the plaintiff." *B.J. v. G6 Hosp., LLC*, 2023 WL 3569979, at *3 (N.D. Cal. May 19, 2023) (citations and quotations omitted).

As to Dolan, Plaintiff argues that his sexual gratification was the benefit. (Opp. at 10.) But, apart from disagreeing with the ruling in *Doe v. Fitzgerald*, 2022 WL 425016, at *9 (C.D. Cal. Jan. 6, 2022), Plaintiff offers little argument on this point other than noting courts outside this district and circuit have held otherwise. As to JDSS, Plaintiff makes the unfounded, conclusory assertion it benefited because

---

[3] Plaintiff alleges that she acted out of a fear that not engaging in sex with Mr. Dolan "would jeopardize her work with the Eagles and future opportunities to serve as a Licensed Massage Therapist for professional musicians." (FAC ¶ 62.)

604409374.1

4

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

"Dolan sought to make Croft available for sexual services to his bandmates." (Opp. at 11.) But the FAC contains no facts to support this theory—only the conclusory allegation that she "believe[d] that Dolan also gave the impression to others on the tour that Ms. Croft was available to provide sexual services." (FAC ¶ 67.) Moreover, even if Plaintiff had plausibly pleaded this theory, it would still be deficient because the only "benefit" to JDSS would be the (unrealized) possibility of sexual gratification to band members, which, as noted above, is not a "benefit" under the TVPA. *Fitzgerald*, 2022 WL 425016, at *9; *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019) (the "benefit" must be more than sexual gratification of a defendant corporation's employee).

Furthermore, Plaintiff's allegations concerning the existence of a venture are deficient, for the reasons stated in the Memorandum Supporting the Azoff Entities' Motion to Dismiss. Doc No. 51 at 9–11. And, for the reasons stated in Section II.A.1.a, *supra*, the FAC also fails to plausibly allege that Plaintiff was trafficked, and the Dolan Defendants plainly cannot have known what is not alleged to have occurred.

### B. The FAC Fails to State a Claim for Sexual Battery

In order to sufficiently allege that Dolan possessed the requisite intent to commit sexual battery, Plaintiff must allege facts showing she did not consent, and Dolan was aware she did not consent, to sexual conduct. *Angie M. v. Superior Ct.*, 37 Cal. App. 4th 1217, 1225 (1995) (holding that Cal. Civ. Code § 1708.5 requires a plaintiff to plead that sexual conduct alleged was non-consensual). Here, Plaintiff pleads no facts showing that Dolan knew or should have known his alleged sexual contact with Plaintiff in California was non-consensual. Instead, Plaintiff summarily asserts in a single paragraph that, while with Dolan in California, she acceded to vaguely described "demands" for sex in completely unspecified ways and that her actions were "neither free nor voluntary" and "against her will," although that was *not alleged to have been shared or expressed through any words or actions*. (FAC

604409374.1

5

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

¶ 62). Such threadbare allegations inadequately plead that Plaintiff's alleged sexual conduct with Dolan occurred without her consent and thus fail to state a claim for civil sexual battery. *Fitzgerald,* 2022 WL 425016, at *10 (intent to commit a sexual battery requires defendants be "aware" that plaintiffs were "acting against their will" and "knew or should have known that any sexual contact with these Plaintiffs would offend their sense of personal dignity"); *Russo v. v. APL Marine Serv., Ltd.*, 2014 WL 3506009, at *6 (C.D. Cal. July 14, 2014) (sexual battery claim fails absent allegations showing an offensive touching occurred after a plaintiff indicated a lack of consent).

Faced with the glaring lack of allegations suggesting that Dolan knew or should have known that his alleged sexual contact with Plaintiff in California occurred without her consent, Plaintiff argues that (1) a single alleged incident in Florida several months before alleviates her obligation to allege the elements of sexual battery in this jurisdiction (Opp. at 12); and (2) her (unexpressed) lack of consent to engage in sexual conduct in California should be excused because it was the product of economic coercion (Opp. at 13). Both of these arguments fail.

As for Plaintiff's effort to put her conduct in California "in context" through reference to her earlier interactions with Dolan in Florida, if anything, that "context" undermines her allegations of lack of consent. In this regard, while Plaintiff alleges she initially was "adamant" that she was uninterested in a sexual relationship with Dolan in Florida (but fails to allege she communicated that to Dolan) (FAC ¶ 42), she admits she ultimately engaged in intercourse with Dolan for a variety of reasons having nothing to do with Dolan pressuring her, including the purported isolation she felt due to her job, the flattery she felt due to the attention Dolan showed her, Dolan's promises to take care of her, and her recognition that Dolan was a powerful figure. (FAC ¶ 43). These admitted reasons for "submitting" to Dolan negate, rather than establish, that the relationship between Plaintiff and Dolan was non-consensual; and, even if that were not the case, Plaintiff cites no authority for the proposition that a

604409374.1

6

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

one-time objection to sexual contact suffices to demonstrate that any and every sexual contact thereafter, including later contact in California as unspecified as that alleged in the FAC, is intentional offensive contact constituting a sexual battery.

Recognizing this fatal flaw, Plaintiff takes a new tack in her Opposition, asserting that lack of consent is adequately alleged because Dolan "was leveraging the immense power he held over her to sexually gratify himself." (Opp. 13–14). But the lone authority Plaintiff cites in support of this "economic vulnerability" argument, *Lombardo v. Hillburg*, 2018 WL 6977473 (C.D. Cal. Dec. 3, 2018), is entirely inapposite, as—unlike in that case—Plaintiff has failed to plead a single fact asserting that Dolan did anything to exploit her purported "economic vulnerability" in order to coerce her into unwanted sexual conduct. She does not allege, for instance, that Dolan ever threatened her employment (or even that he could have, since he was not her employer) or implied that her continued employment as the Eagle's massage therapist was contingent on submitting to his so-called "sexual demands" when she voluntarily re-joined the band's tour in 2014, *after* the alleged incident in Florida.

Plaintiff has now twice failed to allege any facts showing that Dolan knew or should have known that the sexual conduct she only vaguely avers took place in California was non-consensual in the aftermath of two separate efforts to meet and confer on the subject. Accordingly, Plaintiff's civil sexual battery claim should be dismissed with prejudice.[4]

---

[4] For the same reasons set forth above, Plaintiff's sexual battery claim is also time-barred. As Plaintiff concedes, her sexual battery claim can only survive through the application of California's Revival Statute, which only applies to civil claims that qualify as *crimes*. Cal. Civ. Proc. Code § 340.16(b)(1). Here, Plaintiff's deficient allegations fall well short of pleading conduct that qualifies as a crime under California Penal Code § 243(e)(1). The Revival Statute is thus inapplicable, and Plaintiff's 10-year-old sexual battery claim is barred by California's two-year statute of limitations.

### C. The FAC Fails to State a Claim Against Dolan for Aiding and Abetting Defendant Weinstein[5]

Plaintiff's aiding and abetting claim is subject to dismissal for two reasons: (1) the FAC's allegations of "knowledge" and "substantial assistance" are inadequate to plead aiding and abetting liability against Dolan for Weinstein's alleged acts, and (2) Plaintiff's claims are barred by the Channeling Injunction and Release entered by the Bankruptcy Court in *In re The Weinstein Company Holdings LLC.*, No. 18-10601-MFW (the "TWC Bankruptcy"). (*See* MTD at 14-20.)

#### 1. The FAC Fails to Adequately Allege the Elements of "Aiding and Abetting" Liability

As Plaintiff acknowledges (Opp. at 15, 17), aiding and abetting requires that "the defendant had actual knowledge of the specific primary wrong" and "substantially assisted" in carrying out that wrong. *Casey v. U.S. Bank Nat. Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005). The FAC fails as a matter of law to allege either knowledge or substantial assistance.

Plaintiff counters that she may allege knowledge "generally" and "through inference." (Opp. at 15.) But that does not "relieve [Plaintiff] of the burden of alleging the nature of the knowledge" purportedly possessed—*i.e.*, "actual knowledge of the primary violation." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1119 (C.D. Cal. 2003). This requires more than a "vague suspicion of wrongdoing," *In re First All. Mortg. Co.*, 471 F.3d 977, 993 n.4 (9th Cir. 2006); rather, Plaintiff must allege

---

[5] While the Dolan Defendants anticipate that argument on the TVPA and battery claims will be presented by lead counsel E. Danya Perry, they intend—subject, of course, to the Court's approval—to have argument on the aiding and abetting claim presented by co-counsel John Rosenberg, who represented Mr. Dolan in the TWC Bankruptcy proceedings and thus has particular knowledge of the Channeling Injunction and Release.

that Dolan made a "*conscious decision to participate*" in Weinstein's alleged "wrongful act." *Casey*, 127 Cal. App. 4th at 1146 (emphasis in original).

Plaintiff does not come close to meeting this threshold requirement. *First,* her conclusory allegation that Dolan acted with "knowledge . . . or with reckless disregard" (FAC ¶ 131) (1) does not plead *actual knowledge* (and recklessness is not actual knowledge); and (2) does not attempt to tie that knowledge to any specific wrongful act. *Second*, Plaintiff's factual allegations do not give rise to a plausible inference that Dolan knew of and made a "conscious decision" to participate in Weinstein's alleged assault. Plaintiff alleges, at most, that Dolan somehow "orchestrated" Plaintiff running into Weinstein in a public hotel lobby while harboring vague concerns that Weinstein was a "troubled person" with "serious issues." (FAC ¶¶ 11, 99.) This falls far short of alleging actual knowledge of a specific, planned sexual assault.[6]

Plaintiff also utterly fails to allege that Dolan "substantially assisted" in Weinstein's alleged sexual assault. To satisfy that requirement, Plaintiff must plead that Dolan "acted to aid the primary tortfeasor 'with knowledge of the object to be attained.'" *Casey*, 127 Cal. App. 4th at 1146 (quoting *Lomita Land & Water Co. v. Robinson*, 154 Cal. 36, 47 (1908)); *see also So v. Bay Area Rapid Transit*, 2013 U.S. Dist. LEXIS 149807, at *44 (N.D. Cal. Oct. 17, 2013) (same). Plaintiff asks the Court to infer (1) that Dolan knew and then "informed Weinstein . . . when she would return to the hotel" and (2) that Dolan had "conversations" with Weinstein that encouraged him to believe Croft "was sexually available." (Opp. at 18.) But the FAC does not include any factual allegations to support such inferences—or the further inference

---

[6] Indeed, Plaintiff's allegations actually undermine any such inference. She alleges that Dolan called Plaintiff's hotel room "in the midst of the assault" and thereby *thwarted* Weinstein's wrongful act: "After hearing her speak to Dolan, Weinstein backed off of Ms. Croft." (FAC ¶¶ 94–96.)

(which she does not even argue) that Dolan went even further to actually encourage sexual violence. Plaintiff does not allege a single conversation between Dolan and Weinstein or that Dolan somehow knew when Plaintiff would return to the hotel and how he gained such knowledge. Essentially, Plaintiff asks the Court to infer that Dolan acted to connect Plaintiff and Weinstein for the specific purpose of facilitating Weinstein's alleged sexual assault based on nothing more than an alleged lobby meeting between Plaintiff and Weinstein and the fact that Dolan and Weinstein were friends staying in the same hotel. This falls woefully short of adequately pleading "substantial assistance."

### 2. Plaintiff's Aiding and Abetting Claim is Barred by the Channeling Injunction and Release Entered in The Weinstein Company's Bankruptcy Proceeding

Even if Plaintiff had adequately stated an aiding and abetting claim, it would nonetheless be barred by the Channeling Injunction and Release entered in the TWC Bankruptcy. (*See* MTD at 18-19.) Plaintiff does not contest, and thus admits, that her aiding and abetting claim violates the Channeling Injunction and Release. Instead, she seeks to justify her willful violation of the Bankruptcy Court's order by collaterally attacking the Release (but, conspicuously, *not* the Channeling Injunction): she (1) muses about the "enforceability of the TWC bankruptcy release" in light of a pending Supreme Court case concerning a purportedly similar release (Opp. at 19); and (2) asserts that applying the release would "violate [her] Fifth Amendment right to due process," as she allegedly did not receive adequate prior notice. (Opp. at 20.) These arguments are entirely meritless.

Under settled law, Plaintiff is not excused from complying with a duly entered federal court injunction, even if she contends that it is void, improper, or unconstitutional. "[A]n order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and

604409374.1

10

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

proper proceedings." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947); *see also Lusk v. Vill. of Cold Spring*, 2007 U.S. App. LEXIS 3590, at *20 n.6 (2d Cir. 2007) (an injunction "must ordinarily be obeyed on pain of contempt, even if it 'cannot withstand the mildest breeze emanating from the Constitution.'"); *Zapon v. United States Dep't of Justice*, 53 F.3d 283, 285 (9th Cir. 1995) ("obedience to even an assertedly void (not merely voidable) order is required unless and until it has been vacated or reversed"). This well-established rule binds litigants "even if they have proper grounds to object to the order." *United States v. Soderling*, 1992 U.S. App. LEXIS 15827, at *2 (9th Cir. 1992). Thus, Plaintiff's arguments are unavailing, and she may not pursue her aiding and abetting claim in violation of the Channeling Injunction, as it has not been "reversed by orderly and proper proceedings."[7]

While the foregoing is entirely dispositive of Plaintiff's aiding and abetting claim—and the Court need not consider her arguments against enforcement of the Channeling Injunction and Release—Plaintiff's attempt to avoid application of the Release on due process grounds is meritless. Plaintiff baselessly argues that due process required TWC to provide her with "actual notice" of its Bankruptcy Plan, as her "identity as a potential creditor" was "reasonably ascertainable by TWC, through Dolan." (Opp. at 20.) To the contrary, during the TWC Bankruptcy, plaintiff was, at best, an "unknown creditor" for whom "publication notice . . . is adequate constructive notice sufficient to satisfy due process." *DePippo v. Kmart Corp.*, 335 B.R. 290, 297 (S.D.N.Y. 2005); *Chemetron Corp. v. Jones*, 72 F.3d 341, 348 (3d Cir. 1995) (for "unknown creditors, constructive notice of the bar claims date by publication satisfies

---

[7] Rather than commence "orderly and proper proceedings" to seek relief from the Channeling Injunction, Plaintiff's counsel, who had full knowledge of the injunction, ignored the injunction by filing the original Complaint, and Plaintiff did the same when she refiled her aiding and abetting claim in the FAC, despite having received (in the Dolan Defendants' MTD) explicit notice that the claim violates the Bankruptcy Court's order. *See* Doc. No. 47, at 19–22.

604409374.1

11

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

the requirements of due process"). At the time the Plan was approved, Plaintiff was neither a creditor on TWC's books and records nor a disclosed claimant with asserted claims against TWC or its officers and directors. A debtor "does not have a 'duty to search out each conceivable or possible creditor,'" and a search beyond examination of "the debtor's own books and records . . .[is] generally not required." *Chemetron*, 72 F.3d at 346. Plaintiff was, at most, a potential future claimant, like the plaintiff in *DePippo*, who had not "communicated any intention of making a claim" prior to the approval of the Plan. *DePippo*, 335 B.R. at 297. As such, Plaintiff was an "unknown creditor" entitled only to publication notice, in a case that garnered widespread and unrelenting national (indeed, international) coverage. *Id.*[8]

### III. CONCLUSION

For each of the foregoing reasons, the Dolan Defendants respectfully request that the Court dismiss the FAC with prejudice, as Plaintiff has already revised her claims twice and any further amendment would be futile.

---

[8] Plaintiff also argues that the publication notice provided in the TWC Bankruptcy "was inadequate" because it was not published in a "national newspaper" and failed to sufficiently convey "the required information." (Opp. at 21.) This argument is unfounded and intentionally misleading. As Plaintiff's attorneys know (as they were counsel for certain claimants in the TWC Bankruptcy proceedings), publication notice in the TWC Bankruptcy extended far beyond notices placed in *Variety*, *The Hollywood Reporter*, and the *NY Post*, and included (a) banner notices in online publications and social media websites intended to provide over 57 million impressions and (b) listings on major search engines that directed internet users to an informational "claims and noticing website." (*See* Exhibit A hereto ("Decl. of Brad Tuttle").) This comprehensive "Notice Program" was approved by the Bankruptcy Court over objections lodged by Plaintiff's present counsel. (*See* Exhibits B and C hereto.) Moreover, there was nothing deficient about the content of the publication notices, which included, *inter alia*, capitalized and bolded text explaining that sections of the Plan "**CONTAIN CHANNELING INJUNCTION, RELEASE, INJUNCTION AND EXCULPATION PROVISIONS**" that potentially bar "**SEXUAL MISCONDUCT CLAIMS**" against TWC's "**FORMER DIRECTORS AND OFFICERS**" and provided notice of an objection deadline. (Doc. No. 56-3, at 3, 4, 6, 7.) Plaintiff's attempt to have this Court, in effect, sit as an appellate tribunal to reverse the notice procedure previously litigated before and authorized by the Bankruptcy Court should be rejected.

DATED: May 20, 2024

Respectfully submitted,

PERRY LAW

By: /s/ E. Danya Perry
E. Danya Perry
Karen Agnifilo
Joshua Stanton
Attorneys for Defendants James Dolan and JD & The Straight Shot, LLC

By: /s/ John J. Rosenberg
John J. Rosenberg
ROSENBERG, GIGER & PERALA, P.C.
Attorneys for Defendants James Dolan and JD & The Straight Shot, LLC

By: /s/ Robert E. Dugdale
Robert E. Dugdale
Michael J. McCarthy
KENDALL BRILL & KELLY
Attorneys for Defendants James Dolan and JD & The Straight Shot, LLC

## **ATTESTATION**

I, Robert E. Dugdale, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/ Robert E. Dugdale
Robert E. Dugdale

604409374.1

13

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the Dolan Defendants, certifies that this brief contains 4,135 words, which complies with the word limit of Local Rule 11-6.1.

DATED: May 20, 2024          By:     /s/ Robert E. Dugdale

                                              Robert E. Dugdale

604409374.1

14

REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES DOLAN AND JD & THE STRAIGHT SHOT, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)