# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ------------------------------------------------------- x | : | |
| In re: | : | Chapter 11 |
| | : | |
| THE WEINSTEIN COMPANY HOLDINGS, LLC, *et al.*, | : | Case No. 18-10601 (MFW) |
| | : | |
| | : | (Jointly Administered) |
| Debtors.[1] | : | |
| | : | **Re:  Docket No. 2895** |
| | : | |
| ------------------------------------------------------- x | : | |

### ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM SOLELY WITH RESPECT TO TORT CLAIMS, (II) APPROVING FORM AND MANNER OF NOTICE THEREOF, AND (III) <u>GRANTING RELATED RELIEF</u>

Upon the *Debtors' Amended Motion for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim Solely with Respect to Tort Claims, (II) Approving Form and Manner of Notice Thereof, and (III) Granting Related Relief* [Dkt. 2895] (the "**Motion**") for entry of an order (this "**Order**"[2]) (i) establishing deadlines and requirements for filing proofs of claim against the Debtors solely with respect to Tort Claims (as defined below[3]) held by any entity or individual, including former Employees of the Debtors and Litigation Parties (each as defined below) and

---

[1]  The last four digits of The Weinstein Company Holdings LLC's federal tax identification number are (3837). The mailing address for The Weinstein Company Holdings LLC is 99 Hudson Street, 4th Floor, New York, New York 10013.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://dm.epiq11.com/twc.

[2]  All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[3]  Tort Claims as defined herein are defined as Harassment Claims in the *Order (I) Establishing Deadlines for Filing Proofs of Claim, (II) Establishing Deadlines for Filing Requests for Payment of Postpetition Administrative Expenses, (III) Approving Form and Manner of Notice Thereof, and (IV) Granting Related Relief* [Docket No. 1890], and the definitions of Tort Claims and Harassment Claims are substantively the same. The "Tort Claims" nomenclature has been adopted and used in this Order to be consistent with the nomenclature used in the *Debtors' First Amended Plan of Liquidation* filed on September 1, 2020 [Docket No. 2952].

Exhibit C
Page 33

(ii) approving the form and manner of notice thereof, pursuant to sections 501, 502, 503, and 1111(a) of chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and a hearing (if any) having been held to consider the relief requested in the Motion; and the Court having found and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Motion is granted as set forth herein.

    2.    Unless otherwise provided herein, **October 31, 2020 at 5:00 p.m. (Eastern Time)** is hereby established as the deadline for entities or individuals, including, but not limited to, former employees or independent contractors of the Debtors (collectively, the "**Employees**"), and (i) known parties to litigation relating to a Tort Claim (as defined below), and (ii) known parties who have threatened the Debtors with litigation premised upon a Tort Claim (parties in clauses

(i) and (ii), together, the "**Litigation Parties**"), to file a proof of claim solely in respect of any claims that arise out of or connect or relate in any way to, any actual or alleged conduct of Harvey Weinstein, which shall include, without limitation: (i) actual or alleged sexual misconduct, nonconsensual interactions, harassment (including sexual harassment), uninvited or unwelcome conduct, predatory conduct, inappropriate conduct, degrading conduct, coercive or intimidating behavior, humiliation, tort, hostile work environment, sexual assault, rape, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, battery, assault, gender violence, false imprisonment, false arrest or detention, sexual abuse, sex trafficking or discrimination based on sex or gender or any similar or related actions, or (ii) defamation, witness tampering, mail fraud, wire fraud, negligent hiring, negligent supervision, negligent retention, negligence, failure to prevent harassment or ratification, whether based on direct or vicarious liability, whether domestic or foreign, whether based on breach of fiduciary (or other) duty or intentional or negligent conduct, including but not limited to allegations of failure to prevent or remedy, failure to disclose, aiding and abetting or efforts or conspiracy to prevent the disclosure, or cover up, of any of the preceding (collectively, "**Tort Claims**" and the deadline by which such claims must be filed, the "**Tort Claims Bar Date**").

3. The Court hereby approves: (i) the Tort Claims Proof of Claim Form, substantially in the form attached hereto as Exhibit 1; (ii) the Tort Claims Bar Date Notice, substantially in the form attached hereto as Exhibit 2; (iii) the Permitted Party Confidentiality Agreement, attached hereto as Exhibit 3; (iv) the manner of providing notice of the Tort Claims Bar Date as described in the Motion (including, without limitation, by means of the Contact List).

4. **Except as otherwise set forth herein, each holder of a Tort Claim against the Debtors, including, but not limited to, former Employees and Litigation Parties, is required to file a Tort Claims Proof of Claim Form on or before the Tort Claims Bar Date**.

5. **With respect to preparing and filing of proofs of claim on account of potential Tort Claims held by Tort Claimants (including former Employees and Litigation Parties) the following procedures are hereby established:**

   a. Proofs of claim must substantially conform to the Tort Claims Proof of Claim Form attached hereto as Exhibit 1;

   b. Proofs of claim must (i) be written in the English language; and (ii) be signed by the Tort Claimant under penalty of perjury;

   c. Proofs of claim must be filed on or before the Tort Claims Bar Date either (i) electronically through Epiq's website at www.weinsteinclaims.com (the "**Electronic Filing System**"), or (ii) physically (a) by first-class mail at The Weinstein Company Holdings, LLC, Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, P.O. Box 4419, Beaverton, Oregon, 97076-4419, or (b) by overnight mail, courier service, hand delivery, or in person at The Weinstein Company Holdings, LLC, Claims Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 10300 SW Allen Boulevard, Beaverton, Oregon, 97005.

   d. A proof of claim shall be deemed timely filed only if it *actually is received* by Epiq as set forth in subparagraph (c) above, in each case, on or before the Tort Claims Bar Date; and

   e. Proofs of claim sent by facsimile, telecopy, or electronic mail transmission (other than proofs of claim filed electronically through the Electronic Filing System) *will not* be accepted.

6. Notwithstanding the above, the following persons need not file any proofs of claim:

   a. any Tort Claimant whose Tort Claim is listed on the Schedules; *provided that* (i) the claim is not listed on the Schedules as "disputed," "contingent," or "unliquidated," (ii) the person or entity does not dispute the amount, nature, and priority of the claim as set forth in the Schedules, and (iii) the person or entity does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

   b. any Tort Claimant who already has filed a signed proof of claim on account of a Tort Claim with Epiq against the respective Debtor with respect to the

        claim being asserted, utilizing a claim form that substantially conforms to the Tort Claims Proof of Claim Form;

   c.    any Tort Claimant who holds a Tort Claim that has been allowed by order of the Court entered on or before the Tort Claims Bar Date;

   d.    any Tort Claimant whose Tort Claim has been paid in full; and

   e.    any Tort Claimant with a claim other than a Tort Claim for which specific deadlines have been fixed by an order of this Court entered on or before the Tort Claims Bar Date.

7.    The following confidentiality protocol shall apply to the Tort Claims:

   a.    **Tort Claimants are directed not to file Tort Claims with the Court. Instead, Tort Claimants must submit their Tort Claims Proof of Claim Form consistent with paragraph 5(c) of this Order.**

   b.    Filed Tort Claims will not be available to the general public unless the Tort Claimant designates otherwise on its Tort Claims Proof of Claim Form. The Confidentiality Protocol is for the benefit of the Tort Claimants. Accordingly, Tort Claimants may elect to make any of the information contained in their submitted Tort Claims Proof of Claim Form public.

   c.    Tort Claims Proof of Claim Forms submitted by Tort Claimants shall be held and treated as confidential by Epiq, the Debtors, and the Debtors' counsel and upon request by the parties listed below (the "**Permitted Parties**"), subject to each Permitted Party, the Debtors, and their professionals executing and returning to the Debtors' counsel a confidentiality agreement substantially in the form attached hereto as Exhibit 3 by which they agree to keep the information provided in Tort Claims Proof of Claim Forms confidential.

8.    The Permitted Parties include:

   a.    counsel to the Debtors;

   b.    Epiq;

   c.    counsel to the Committee;

   d.    the United States Trustee;

   e.    insurance companies that provide insurance that may cover the claims described in a Tort Claims Proof of Claim Form submitted by a Tort Claimant; and

        f.      upon notice and hearing before the Court, such other persons as the Court may direct.

    9.      Within five (5) business days of the entry of this Order, or as soon as practicable thereafter, the Debtors shall send emails to the Contact List directing potential Tort Claimants to file a Tort Claims Proof of Claim Form, providing information about these Chapter 11 Cases, and providing information on how to access the: (i) Tort Claims Bar Date Notice; (ii) Tort Claims Proof of Claim Form; and (iii) Tort Claims Bar Date Order (the "**Tort Claims Bar Date Notice Package**"). For individuals on the Contact List whose email addresses the Debtors do not possess, the Debtors shall serve or cause to be served a letter directing potential Tort Claimants to file a Tort Claims Proof of Claim Form and providing information on how to access the Tort Claims Bar Date Notice Package. Such letters shall be served by first class United States mail, postage prepaid (or equivalent service).

    10.      In addition, pursuant to Bankruptcy Rule 2002(*l*), within five (5) business days of the entry of this Order, or as soon as practicable thereafter, the Debtors will publish a copy of the Publication Notice in *The Hollywood Reporter*, *Variety* and *The New York Post*, and the Debtors will publish a copy of the Publication Notice online at least forty-five (45) days prior to the Tort Claims Bar Date on the internet websites for *The New York Post* (nypost.com), *Page 6* (page6.com), *The Sun* (thesun.co.uk), *The Toronto Star* (thestar.com), and/or such other media sources as the Debtors, in consultation with the Committee, deem appropriate.

    11.      In accordance with Bankruptcy Rule 2002(a)(7), service of the Tort Claims Bar Date Package in the manner set forth in this Order is and shall be deemed to be good and sufficient notice of the Tort Claims Bar Date to all known claimants, including, for the avoidance of doubt, former Employees and Litigation Parties.

12. Pursuant to Bankruptcy Rule 3003(c)(2), any Tort Claimant, including, but not limited to, former Employees and Litigation Parties, that is required to file a timely proof of claim on account of a Tort Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order, but that fails to do so properly by the Tort Claims Bar Date, shall not, with respect to such claim, be treated as a creditor of the Debtors for the purposes of voting upon, or receiving distributions under, any plan in these Chapter 11 Cases.

13. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

14. Nothing contained herein shall constitute (a) a waiver by the Debtors of any defenses in connection with any claims that are asserted against the Debtors or the right to assert that any claims are barred by applicable statutes of limitations or (b) an admission of any wrongdoing, liability, fault or violation of law by the Debtors or the Debtors' current or former officers, directors, or board representatives.

15. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 9th, 2020
Wilmington, Delaware

MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

7

Exhibit C
Page 39