1  Phyllis Kupferstein, Esq. [SBN 105898]
2  Kupferstein Manuel LLP
   835 Wilshire Boulevard, 5th Floor
3  Los Angeles, CA  90017
   Telephone:  (213) 988-7531
4  pk@kupfersteinmanuel.com
5
   Attorneys for Defendant Harvey Weinstein
6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9
   KELLYE CROFT,                          Case No. 2:24-cv-00371-PA (AGR)
10
                 Plaintiff,               **DEFENDANT HARVEY**
11                                        **WEINSTEIN'S NOTICE OF**
        vs.                               **MOTION AND MOTION TO**
12                                        **STAY THIS CASE AS TO HIM;**
   JAMES DOLAN; HARVEY
13 WEINSTEIN; JD & THE STRAIGHT           **MEMORANDUM OF POINTS**
   SHOT, LLC; THE AZOFF COMPANY           **AND AUTHORITIES**
14 HOLDINGS LLC f/k/a AZOFF MUSIC
   MANAGEMENT, LLC; THE AZOFF             [SUPPORTING DECLARATIONS
15 COMPANY LLC f/k/a AZOFF MSG            AND PROPOSED ORDER FILED
   ENTERTAINMENT, LLC; DOE                CONCURRENTLY]
16 CORPORATION 1-10,
17                                        Date:    July 22, 2024
                 Defendants.              Time:    1:30 p.m.
18                                        Location: Courtroom 9A
                                          Judge: Hon. Percy Anderson
19

20        **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

21        **PLEASE TAKE NOTICE** that, on July 22, 2024, at 1:30 p.m., or as soon

22 thereafter as this matter may be heard, in Courtroom 9A of this Court, located at

23 350 West 1st Street, Los Angeles, California 90012, Los Angeles, California

24 90012-4565, Defendant Harvey Weinstein ("Defendant"), by and through his

25 attorneys Kupferstein Manuel LLP and Aidala, Bertuna & Kamins PC, will and

26 hereby does move the Court for a stay of this case as to him, on the grounds that

27 he should not be forced to decide between being prejudiced in this civil litigation,

28 if he asserts his Fifth Amendment privilege, or being prejudiced in criminal

                                     **1**
─────────────────────────────────────────────────
       **MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY**
                        **WEINSTEIN'S MOTION TO STAY**

1    litigation, if he were to waive that privilege in this case. Defendant is presently

2    subject to retrial in New York following reversal of criminal convictions for sexual

3    assault and sexual misconduct, and is appealing his conviction in California for

4    sexual assault. Those criminal cases arise from alleged conduct similar to that

5    underlying this action.

6          Based on these same grounds, stays have been granted in three other cases in

7    this court:  *Dominique Huett v. The Weinstein Company LLC*, No. CV 18-6012

8    SVW (MRWx) (motion to stay granted, Dkt. 50); *Judd v. Weinstein*, 2:18-cv-

9    05724 PSG (FFMx) (motion to stay granted, Dkt. 62); and *Loman v. Weinstein*,

10   2:18-cv-07310-CBM-KS (Dkt. 37). Stays have also been granted in three

11   California civil cases pending in Los Angeles Superior Court.

12         This motion is made following the conference of counsel pursuant to L.R. 7-

13   3, which took place via video conference on April 2, 2024.

14         Defendant's motion is based on this Notice of Motion and accompanying

15   Memorandum of Law, the concurrently-filed Declarations of Phyllis Kupferstein

16   and Imran H. Ansari, and accompanying Exhibits; the concurrently-filed Proposed

17   Order; such further briefing and argument that may be presented before and at the

18   hearing; and all other facts and circumstances upon which the Court may take

19   judicial notice.

20   Dated:  June 20, 2024                              KUPFERSTEIN MANUEL LLP

21

22                                                      */s/ Phyllis Kupferstein*
                                                        Phyllis Kupferstein
23                                                      Attorneys for Defendant
                                                        Harvey Weinstein
24

25

26

27

28

**MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY
WEINSTEIN'S MOTION TO STAY**

1  Phyllis Kupferstein, Esq. [SBN 105898]
2  Kupferstein Manuel LLP
   835 Wilshire Boulevard, 5th Floor
3  Los Angeles, CA  90017
   Telephone:  (213) 988-7531
4  pk@kupfersteinmanuel.com
5
   Attorneys for Defendant Harvey Weinstein
6

7              **UNITED STATES DISTRICT COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9
   KELLYE CROFT,                          Case No. 2:24-cv-00371-PA (AGR)
10
                 Plaintiff,               **MEMORANDUM OF POINTS**
11                                        **AND AUTHORITIES IN**
          vs.                             **SUPPORT OF DEFENDANT**
12                                        **HARVEY WEINSTEIN'S**
   JAMES DOLAN; HARVEY                    **MOTION TO STAY THIS CASE**
13 WEINSTEIN; JD & THE STRAIGHT           **AS TO HIM**
   SHOT, LLC; THE AZOFF COMPANY
14 HOLDINGS LLC f/k/a AZOFF MUSIC         [SUPPORTING DECLARATIONS
   MANAGEMENT, LLC; THE AZOFF             AND PROPOSED ORDER FILED
15 COMPANY LLC f/k/a AZOFF MSG            CONCURRENTLY]
   ENTERTAINMENT, LLC; DOE
16 CORPORATION 1-10,                      Date:    July 22, 2024
17                                        Time:    1:30 p.m.
                 Defendants.              Location: Courtroom 9A
18                                        Judge: Hon. Percy Anderson

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Preliminary Statement ....................................................................................... 1

Statement of Facts ............................................................................................ 2

    New York Criminal Proceeding ...................................................................................2

    California Criminal Proceedings ...................................................................................3

    Stays granted in other civil cases against Defendant…………………………………..4

Argument ........................................................................................................... 4

    A Stay is Warranted In Light of the Pending Criminal Actions Against
    Defendant .......................................................................................................................4

    The Fact That Defendant is Undergoing Criminal Prosecutions is the Most
    Significant Factor Weighing in Favor of a Stay ...........................................................7

    That There is Substantial Overlap Between the Civil and Criminal Cases
    also Warrants a Stay ......................................................................................................8

    The Prejudice to Defendant Outweighs Any Prejudice to Plaintiff ...............................11

    The Interests of the Public and the Court Are Best Served by a Stay ...........................12

Conclusion .......................................................................................................13

Certificate of Compliance ...............................................................................14

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF AUTHORITIES**

**Cases**

*American Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*,
  225 F. Supp. 2d 263 (E.D.N.Y. 2002) ............................................................. 8, 12

*Baxter v. Palmigiano*,
  425 U.S. 308 (1976) ................................................................................................ 5

*Continental Ins. Co. v. Cota*,
  2008 WL 4298372 (N.D. Cal. Sept. 19, 2008) .............................................. 7, 9

*Corbin v. Federal Deposit Ins. Corp.*,
  74 F.R.D. 147 (E.D.N.Y. 1977) ......................................................................... 11

*Crawford & Sons v. Besser*,
  298 F. Supp. 2d 317 (E.D.N.Y. 2004) ......................................................... 8, 12

*Federal Sav. & Loan Ins. Corp. v. Molinaro*,
  889 F.2d 899 (9th Cir.1989).......................................................................... 5, 6, 8

*Green v. Cosby*,
  177 F. Supp. 3d 673 (D. Mass. 2016) ......................................................... 10, 12

*Hicks v. City of New York*,
  268 F. Supp. 2d 238 (E.D.N.Y. 2003) ............................................................... 7

*In re Adelphia Communs. Secs. Litig.*,
  2003 U.S. Dist. LEXIS 9736 (E.D. Pa. May 14, 2003) ................................. 6, 12

*In re Ivan F. Boesky Sec. Litig.*,
  128 F.R.D. 47 (S.D.N.Y. 1989) ........................................................................ 12

*Javier H. v. Garcia-Botello*,
  218 F.R.D. 72 (W.D.N.Y. 2003).............................................................. 6, 7, 11

*Jones v. Conte*,
  2005 WL 1287017 (N.D. Cal. Apr. 19 2015................................................... 7, 8

*Keating v. Office of Thrift Supervision*,
  45 F.3d 322 (9th Cir. 1995)................................................................................ 6

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83 (2d Cir. 2012)
  676 F.3d at 101 ...................................................................................... 7, 8, 10

*Maldonado v. City of New York*, No. 17-cv-6618 (AJN), 2018 U.S. Dist. LEXIS
  93417 (S.D.N.Y. June 1, 2018).......................................................................... 7

*Maloney v. Gordon*,
  328 F. Supp. 2d 508, 510 (D. Del. 2004)...................................................... 7, 12

*McCormick v. Rexroth*,

ii

2010 WL 934242 (N.D. Cal. Mar. 15, 2010).......................................................... 9

*SEC v. Blaszcak*,
   17-civ-3919, 2018 U.S. Dist. LEXIS 2289 (S.D.N.Y. Jan. 3, 2018).................. 6

*SEC v. Telexfree, Inc.*,
   52 F. Supp. 3d 349 (D. Mass. 2014) ................................................................. 12

*Securities & Exchange Comm'n v. Dresser Indus.*,
   628 F.2d 1368 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980) ....................... 5. 8

*Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld
   Mech.*, 886 F. Supp. 1134 (S.D.N.Y. 1995)............................................. 6, 7, 8, 11

*United States v. Kordel*,
   397 U.S. 1 (1970) ............................................................................................ 5, 6

*United Techs. Corp. v. Dean*,
   906 F. Supp. 27 (D. Mass. 1995) ...................................................................... 11

*Volmar Distribs. v. N.Y. Post Co.*,
   152 F.R.D. 36 (S.D.N.Y. 1993) ......................................................................... 11

*Walsh Securities, Inc. v. Cristo Prop. Mgmt, Ltd.*,
   7 F. Supp. 2d 523 (D.N.J. 1998) ......................................................................... 6

**Statutes**

*Fed. R. Evid.* 404(b) .............................................................................................. 9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY
WEINSTEIN'S MOTION TO STAY**

1    Defendant Harvey Weinstein, by his attorneys Kupferstein Manuel LLP and

2  Aidala, Bertuna & Kamins PC, respectfully submits this Memorandum of Law in

3  support of his motion to stay this proceeding as to him pending resolution of

4  related criminal cases against him in California and New York state courts.  For

5  the reasons set forth below and in the attached Declarations of Imran H. Ansari,

6  Esq. ("Ansari Dec.") and Phyllis Kupferstein, Esq. ("Kupferstein Dec."),

7  Defendant's motion should be granted in all respects.

8                          **Preliminary Statement**

9    Defendant should not be forced to decide between being prejudiced in this

10  civil litigation, if he asserts his Fifth Amendment privilege, or being prejudiced in

11  criminal litigation, if he were to waive that privilege in this case. Accordingly, this

12  action should be stayed as Defendant is presently subject to retrial in New York

13  state court on charges of sexual assault and sexual misconduct, and is appealing

14  his conviction in California state court on similar charges, arising from alleged

15  conduct similar to that underlying this action. Plaintiff Kellye Croft ("Plaintiff")

16  alleges she was sexually assaulted by Defendant in a Beverly Hills hotel room in

17  January 2014.  Plaintiff's allegations of sexual misconduct parallel the allegations

18  of sexual misconduct in the New York County District Attorney's Office

19  ("NYDA") criminal case against Defendant, as well as the allegations upon which

20  the Los Angeles County District Attorney's Office obtained convictions.

21    It is well-settled that a civil action should be stayed pending a related

22  criminal action involving similar conduct where the defendant risks incrimination.

23  Here, given the overlap between the criminal and civil matters, a stay is warranted

24  as Defendant is unable to respond to the factual allegations of Plaintiff's First

25  Amended Complaint, respond to or participate in the discovery process, or

26  otherwise litigate this matter, without invocation of his constitutional rights

27  against self-incrimination. If a stay is not granted, Defendant will be forced to

28  invoke his Fifth Amendment rights, thus rendering him unable to defend himself

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

1  in the civil matter. Under fundamental principles of due process, Defendant is

2  entitled to a stay of this civil action pending resolution of the pending criminal

3  cases. In the absence of a stay, this action unfairly burdens Defendant's

4  constitutional rights to defend himself against the criminal charges and will

5  potentially interfere with a criminal prosecution. Therefore, Defendant's motion

6  to stay should be granted.

7  ## Statement of Facts

8  On April 10, 2024, Plaintiff filed her First Amended Complaint ("FAC")

9  (Dkt. 48) seeking monetary damages from Defendant and other parties. The FAC's

10  sole claim against Defendant, the Third Cause of Action, alleges that Defendant

11  sexually assaulted Plaintiff in violation of California Penal Code Sections 243.4

12  and 261.

13  **New York criminal proceedings**. On February 24, 2020, a jury found

14  Defendant guilty of criminal sexual assault in the first degree and rape in the third

15  degree in *The People of the State of New York v. Harvey Weinstein*, in the Supreme

16  Court of the State of New York, New York County, Indictment Number

17  2334/2018. He was acquitted of charges relating to another alleged victim.

18  Defendant was sentenced to 23 years in prison on March 11, 2020. Declaration of

19  Imran H. Ansari ("Ansari Dec."), ¶ 3.

20  Defendant's appeal of his conviction to the New York State Appellate

21  Division was unsuccessful. On August 19, 2022, Chief Judge Janet DiFiore of the

22  New York Court of Appeals granted Mr. Weinstein's request for leave to appeal

23  his rape and sexual assault conviction. Defendant's appeal of his New York

24  conviction was fully briefed and oral argument took place on February 14, 2024.

25  Ansari Dec., ¶ 4.

26  On April 25, 2024, the New York Court of Appeals overturned Mr.

27  Weinstein's 2020 rape and sexual assault conviction. Judge Jenny Rivera cited

28  critical procedural errors, and wrote, "[t]he remedy for these egregious errors is a

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY
WEINSTEIN'S MOTION TO STAY

1  new trial." Ansari Dec., ¶ 5.

2      On May 1, 2024, the Manhattan District Attorney's Office said they will be

3  retrying this case and may pursue further indictments, but no new trial date has

4  been set. Mr. Weinstein remains incarcerated in New York pending his retrial.

5  Ansari Dec., ¶ 6.

6      **California criminal proceedings**. On or about March 15, 2021, a Los

7  Angeles County grand jury returned an indictment against Defendant on 11 counts

8  of sexual assault involving five women, that allegedly took place between 2004

9  and 2013. On July 20, 2021, Defendant was extradited from New York to

10  California to face criminal prosecution. Defendant pleaded not guilty to all

11  charges. Ansari Dec., ¶ 7.

12      On October 24, 2022, Defendant's trial in Los Angeles County began. On

13  November 15, 2022, Judge Lench dismissed four of the 11 counts against Mr.

14  Weinstein after prosecutors stated they would not proceed with the counts

15  involving one of his accusers. On December 19, 2023, Defendant was convicted

16  on three counts of rape and sexual assault against "Jane Doe 1." The jurors

17  deadlocked on three counts related to two other victims, and they acquitted him of

18  charges related to a fourth woman. Ansari Dec., ¶ 8.

19      On December 20, 2022, Judge Lench declared a mistrial on the three counts

20  on which the jury was hung in the Los Angeles action. On February 23, 2023, Mr.

21  Weinstein's motion for a new trial was denied, and he was sentenced to 16 years

22  in prison in his Los Angeles criminal trial, to run consecutively to his 23-year

23  prison sentence in his New York criminal trial. On or about February 24, 2023,

24  Mr. Weinstein filed notice of his appeal from the Los Angeles conviction. On or

25  about March 14, 2023, Los Angeles prosecutors told Judge Lench that they will

26  not retry Mr. Weinstein on the three counts that left the jurors deadlocked.  Judge

27  Lench dismissed those charges. Ansari Dec., ¶ 9.

28      Defendant's appeal of his California conviction is in the very early stages.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

1    The opening brief was filed on Friday June 7, 2024. Ansari Dec., ¶ 10.

2          **Stays granted in other civil cases against Defendant.** Stay orders have

3    been granted and remain in effect in several civil cases brought against Defendant.

4    Based on the same arguments set forth below, Defendant's motion to stay was

5    granted by Judge Stephen V. Wilson on February 28, 2019, in *Dominique Huett v.*

6    *The Weinstein Company LLC*, No. CV 18-6012 SVW (MRWx) (Dkt. 50).

7    Kupferstein Dec., ¶ 7. Judge Philip S. Gutierrez granted Defendant's motion to

8    stay in *Judd v. Weinstein*, 2:18-cv-05724 PSG (FFMx), on April 2, 2019 (Dkt.62

9    at 7) ("Taking all factors into account, the Court concludes that it is in the interest

10   of justice to stay this case."). Kupferstein Dec. ¶ 4.[1] In *Loman v. Weinstein*, 2:18-

11   cv-07310-CBM-KS, Judge Consuelo B. Marshall granted a stay on August 9, 2019

12   (Dkt. 37), which remains in effect. Kupferstein Dec., ¶ 6.

13         Similarly, stays have been ordered in the following California state court

14   civil cases against Defendant: *Gripp v. Weinstein*, Los Angeles Superior Court

15   Case No. 21STCV11877 (stay ordered January 7, 2022); *Doe v. Weinstein*, LASC

16   Case No. 21STCV34987 (stay ordered January 19, 2023); and *Doe v. Weinstein*,

17   LASC Case No. 23SMCV05932 (stay ordered April 22, 2024). All three stays

18   remain in effect. Kupferstein Dec., ¶ 8, Exhibits B-D.

19                                    **Argument**

20   **I.    A STAY IS WARRANTED IN LIGHT OF THE PENDING**

21   **CRIMINAL ACTIONS AGAINST DEFENDANT**

22         A stay should issue here because Defendant is presently under criminal

23   prosecution in the State of New York for the same type of conduct for which

24   Plaintiff seeks civil liability in this action.  Defendant is also presently facing

25

26   ─────────────────────
     [1] The *Judd* case was administratively dismissed on July 7, 2023 (Dkt. 103),
27   "[b]ased on the status of the criminal cases referenced in the parties' joint status
     report," but "can be reopened by ex parte application of any party.". Kupferstein
28   Dec., ¶ 5.

                                         **4**

1   conviction for rape and sexual misconduct in California.[2]  In this action, Plaintiff

2   alleges that Defendant sexually assaulted her in January 2014 after allegedly

3   dangling a possible job opportunity for her.  Dkt. 48, ¶¶ 73-77, 82-89, & 124.

4   While Plaintiff is not a complaining witness in either criminal prosecution, this

5   matter involves the same conduct for which Defendant was tried and convicted.

6   As set forth in the Ansari Dec., Defendant cannot defend himself against Plaintiff's

7   sexual harassment claim without also giving testimony and other information

8   which may be used by New York and California prosecutors against him and

9   which will likely prejudice his defense of the ongoing criminal prosecutions.

10  Ansari Dec. ¶¶ 11-13.  As discussed below, a stay is warranted to preserve

11  Defendant's Fifth Amendment right against self-incrimination.

12         "The Fifth Amendment 'not only protects the individual against being

13  involuntarily called as a witness against himself in a criminal prosecution but also

14  privileges him not to answer official questions put to him in any other proceeding,

15  civil or criminal, formal or informal, where the answers might incriminate him in

16  future criminal proceedings.'" *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976)

17  (internal citations omitted). To avoid the conflict created by parallel civil and

18  criminal proceedings, courts may stay civil proceedings "pending the completion

19  of parallel criminal prosecutions when the interests of justice seemed to require

20  such action [...]." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (internal

21  citations omitted).

22         While the Constitution does not require a stay of civil proceedings pending

23  the outcome of criminal proceedings, *see Federal Sav. & Loan Ins. Corp. v.*

24  *Molinaro*, 889 F.2d 899, 902 (9th Cir.1989), "a court may [nevertheless] decide in

25  its discretion to stay civil proceedings ... 'when the interests of justice seem[ ] to

26  require such action.'" *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d

27  _____

28  [2] Weinstein adamantly denies all allegations and charges of nonsexual sex and
    acts of sexual harassment.

**5**

1   1368, 1375 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980) (quoting *Kordel*, 397

2   U.S. at 12 n. 27).  *See also Keating v. Office of Thrift Supervision*, 45 F.3d 322,

3   324 (9th Cir. 1995).

4        The decision whether to stay civil proceedings in the face of a parallel

5   criminal proceeding should be made "in light of the particular circumstances and

6   competing interests involved in the case." *Molinaro*, 889 F.2d at 902. This means

7   the court should consider "the extent to which the defendant's fifth amendment

8   rights are implicated." *Id*.; *see also Keating,* 45 F.3d at 324. Additional factors the

9   court should generally consider include: (1) the interest of the plaintiffs in

10  proceeding expeditiously with this litigation or any particular aspect of it, and the

11  potential prejudice of delay; (2) the burden which any particular aspect of the

12  proceedings may impose on defendants; (3) the convenience of the court in the

13  management of its cases, and the efficient use of judicial resources; (4) the

14  interests of persons not parties to the civil litigation; and (5) the interest of the

15  public in the pending civil and criminal litigation. *Keating*, 45 F.3d at 324.  *See*

16  *also Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*,

17  886 F. Supp. 1134, 1139 (S.D.N.Y. 1995); *SEC v. Blaszcak*, 17-civ-3919, 2018

18  U.S. Dist. LEXIS 2289, *4 (S.D.N.Y. Jan. 3, 2018); *In re Adelphia Communs.*

19  *Secs. Litig.*, 2003 U.S. Dist. LEXIS 9736 at *7 (E.D. Pa. May 14, 2003); *Javier H.*

20  *v. Garcia-Botello*, 218 F.R.D. 72, 74 (W.D.N.Y. 2003); *Walsh Securities, Inc. v.*

21  *Cristo Prop. Mgmt, Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). Each of these

22  factors favor the issuance of a stay.

23        A consideration of the relevant factors overwhelmingly weighs in favor of

24  granting a stay in this case. There is substantial overlap in the issues presented by

25  the civil and criminal cases. Defendant is currently under indictment. The burden

26  on Defendant has the potential of being dramatically and unfairly negative if the

27  stay is denied. The interests of the Court and the public both favor resolution of

28  the criminal charges before the civil case is addressed because, among other

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

1    reasons, it will allow the criminal prosecution to proceed unimpeded and

2    unobstructed by any concerns that may arise in discovery in the civil case. In sum,

3    here, as in *Maloney v. Gordon*, 328 F. Supp. 2d 508, 510 (D. Del. 2004), "[t]he

4    public's interest in the integrity of the criminal case is entitled to precedence over

5    the civil litigant." (Citing *Javier H.*, 218 F.R.D. at 75).

6    **II.    THE FACT THAT DEFENDANT IS UNDERGOING CRIMINAL**

7    **PROSECUTIONS IS THE MOST SIGNIFICANT FACTOR**

8    **WEIGHING IN FAVOR OF A STAY**

9        The Court should consider the fact that Defendant is currently undergoing

10   multiple prosecutions, and is facing retrial and possible additional charges in New

11   York. Thus, he presents the "strongest case for deferring civil proceedings until

12   after completion of criminal proceedings." *Jones v. Conte*, 2005 WL 1287017, *1

13   (N.D. Cal. Apr. 19 2015 (J. Illston) (internal quotation omitted); *see also*

14   *Continental Ins. Co. v. Cota,* 2008 WL 4298372, *2 (N.D. Cal. Sept. 19, 2008)

15   (stating that the extent to which fifth amendment rights are implicated by a civil

16   proceeding is the *first* consideration when evaluating a stay request) (emphasis

17   added).   "A stay of a civil case is most appropriate where a party to the civil case

18   has already been indicted for the same conduct." *Transworld*, 886 F. Supp. at 1139

19   (granting stay pending related criminal proceeding).  *See also Louis Vuitton*, 676

20   F.3d at 101 ("There is considerable authority for the principle that a stay is most

21   justified where a movant […] is already under indictment for a serious criminal

22   offense and is required at the same time to defend a civil action involving the same

23   subject matter"). Whether the defendant has been indicted is considered "'the most

24   important factor' to be considered in the balance of factors [...]." *Maldonado v.*

25   *City of New York*, No. 17-cv-6618 (AJN), 2018 U.S. Dist. LEXIS 93417, at *4

26   (S.D.N.Y. June 1, 2018) (internal citations omitted). *See also Hicks v. City of New*

27   *York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) ("A court will generally stay a

28   civil proceeding when a criminal investigation has ripened into an indictment

**7**

1  against the proponent of a stay").

2      Defendant is currently facing retrial of criminal charges for sexual assault

3  and rape. Based upon that factor alone and the serious risks presented as a result,

4  this Court should stay the civil proceeding. *See Molinaro*, 889 F.2d at 903 ("The

5  case for staying civil proceedings is a 'far weaker one' when '[n]o indictment has

6  been returned [, and] no Fifth Amendment privilege is threatened.") (*quoting*

7  *Dresser Indus.,* 628 F.2d at 1376). *See also American Express Bus. Fin. Corp. v.*

8  *RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 265 (E.D.N.Y. 2002)

9  (granting stay and noting that a stay is especially appropriate where the movant is

10  under criminal indictment).

## III.    THAT THERE IS SUBSTANTIAL OVERLAP BETWEEN THE CIVIL AND CRIMINAL CASES ALSO WARRANTS A STAY

13      Courts look at the similarities between the civil and criminal cases because

14  self-incrimination is more likely if there is a significant overlap. *Transworld*, 886

15  F. Supp. at 1139. For example, in staying the civil proceeding in *Jones,* Judge

16  Illston noted that civil discovery in the case would overlap with issues in the

17  criminal matter, holding that "if discovery moves forward, the defendant will be

18  faced with the difficult choice between asserting his right against self-

19  incrimination, thereby inviting prejudice in the civil case, or waiving those rights,

20  thereby courting liability in the [criminal] case."  2005 WL 1287017, **1, 2.

21  Where, as here, the civil and criminal actions involve the same subject matter, *i.e.,*

22  allegations of rape and sexual assault, a stay is likely to be granted.  *See Crawford*

23  *& Sons v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004) (granting stay of all

24  proceedings including service of answers pending resolution of parallel criminal

25  action).

26      Importantly, the civil and criminal actions do not need to be premised on

27  identical facts to create a strong risk of self-incrimination. See *Louis Vuitton*, 676

28  F.3d at 98. Testimony in a related civil action could constitute admissions of

**8**

1    criminal conduct in a criminal prosecution because, "[e]ven where it would not be

2    direct evidence of wrongdoing with respect to the scheme charged in the criminal

3    case, such testimony may be admissible as *Fed. R. Evid*. 404(b) evidence in any

4    criminal trial." *Id*. (internal citations omitted). Here, the criminal actions and the

5    civil case, while not involving the same parties, all stem from the same underlying

6    alleged conduct: sexual misconduct.  *See McCormick v. Rexroth*, 2010 WL

7    934242, * 2 (N.D. Cal. Mar. 15, 2010) (granting stay of civil proceedings pending

8    resolution of related criminal case where "factual issues in the two cases are

9    essentially the same"); *Cota*, 2008 WL 4298372, at *2 (granting stay of civil action

10   when "[i]t is undisputed that all of the civil actions and the criminal action spring

11   from the same nucleus of facts").

12        The impossibility for Defendant to respond to Plaintiff's allegations or

13   defend himself is exacerbated given the nature of the allegations in this action and

14   the Criminal Actions. In sex crime prosecutions in New York State Court, the

15   prosecution often seeks to admit propensity or prior bad act evidence which is

16   often barred in other types of prosecutions.  Ansari Dec., ¶ 12. The NYDA has

17   already provided notice that it will seek retrial and may seek indictment on

18   additional charges of similar sexual conduct.  *Id*. As such, Defendant cannot give

19   testimony or evidence concerning the allegations in the FAC regardless of whether

20   Plaintiff is involved in either criminal prosecution, as it is clear the prosecution

21   may seek to introduce Plaintiff's allegations as evidence against Defendant.  *Id*.

22        The California Superior Court's decision in *Judy Huth v. William Henry*

23   *Cosby, Jr*., BC565560 (Cal. Sup. Ct. Mar. 30, 2016), is instructive. The defendant

24   in that case was in a very similar situation as Defendant, in that he was being sued

25   civilly and criminally prosecuted for sexual assault.  In *Huth*, the court granted the

26   defendant's motion to stay pending a resolution of a related criminal proceeding

27   over plaintiff's objection that the facts and allegations in the civil case were

28   distinct from those in the criminal matter. In so holding, the court reasoned as

**9**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY
WEINSTEIN'S MOTION TO STAY**

1   follows:

2         Ms. Huth contends the overlap is virtually nonexistent because Mr.

3         Cosby has been charged with a crime in a different place, at a different

4         time (1974 in this case versus 2005 in Pennsylvania) and involving a

5         different alleged victim. The Court disagrees. While there are

6         distinctions between the cases, temporal and otherwise, the allegations

7         both involve sexual assaults. The danger of undermining Mr. Cosby's

8         privilege of self-incrimination is clear.

9   Kupferstein Dec., Exhibit E at 2 (emphasis added).

10        The United States District Court for the District of Massachusetts came to

11   the same decision when dealing with a similar fact pattern in *Green v. Cosby*, 177

12   F. Supp. 3d 673, 680 (D. Mass. 2016). In *Green*, the plaintiffs, who had publicly

13   accused the defendant of sexual assault, brought a claim for defamation as a result

14   of the defendant's public response to the allegations of sexual assault. The

15   defendant filed a motion to stay the civil proceedings because he was, at the time,

16   under indictment for sexual assault (of a woman unrelated to the *Green* action).

17   The court granted the defendant's motion for a discovery stay holding that even

18   though the "civil and criminal cases at issue […] were not 'entirely parallel," due

19   to the "the unique factual similarities between the allegations [in the civil case]

20   and those contained in the criminal complaint, there [was] substantial risk that

21   discovery provided by Defendant [in the civil case] could be used against him in

22   a criminal trial." *Id*. Here, the facts are more compelling as, unlike in *Green*,

23   Plaintiff's allegations involve the same type of conduct at issue in the criminal

24   actions. It would be manifestly unjust to permit prosecutors in a criminal case to

25   mine potentially incriminating evidence against a defendant from a parallel civil

26   proceeding that they would otherwise not be entitled to in a criminal prosecution.

27   *See also Louis Vuitton*, 676 F.3d at 97, n. 11.

28        Here, the similarities of the allegations in the civil and criminal matters will

**10**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

1    undoubtedly place Defendant in the "quandary of choosing between waiving [his]

2    Fifth Amendment rights or effectively forfeiting the civil case." *Transworld*, 886

3    F. Supp. at 1140.  In addition to the prosecution by the NYDA, the investigations

4    in Los Angeles and London are ongoing, thereby creating additional risk to

5    Defendant's liberty interests and constitutional privilege by this action continuing

6    forward.  Ansari Dec., ¶ 13.

7          Moreover, Plaintiff's claims arise out of an alleged incident that occurred in

8    January 2014.  As both Judge Wilson and Judge Gutierrez noted, "there is little

9    reason to believe that the evidence is likely to deteriorate any more than it already

10   has in the many years since the events underlying this case took place." *Judd*, Dkt.

11   62 at 5 (citing *Huett*, Dkt. 50 at 3).

12   **IV.   THE PREJUDICE TO DEFENDANT OUTWEIGHS ANY**

13         **PREJUDICE TO PLAINTIFF**

14         While Plaintiff has a legitimate interest in the expeditious resolution of her

15   case, the prejudice to Defendant and burden on his constitutional rights outweigh

16   Plaintiff's interests.  *See Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 40

17   (S.D.N.Y. 1993) (granting stay and holding that while the stay will be an

18   inconvenience and delay to plaintiffs, "under settled authority the Fifth

19   Amendment is the more important consideration"). *See also United Techs. Corp.*

20   *v. Dean*, 906 F. Supp. 27, 28 (D. Mass. 1995) (quoting *Corbin v. Federal Deposit*

21   *Ins. Corp.*, 74 F.R.D. 147, 149-50 (E.D.N.Y. 1977) ("Nonetheless, while a stay

22   may cause some inconvenience and delay to [Plaintiffs], 'protection of defendant's

23   constitutional rights against self-incrimination is the more important

24   consideration.")). "Furthermore, because the civil and criminal issues are so

25   closely intertwined, [Defendant] may be put to the choice of invoking [his] Fifth

26   Amendment rights sooner than he ought, if discovery in the civil case is allowed

27   to proceed [against him] in any capacity, *see Javier H*., 218 F.R.D. at 75 (citation

28   omitted), and he also run[s] the risk of exposing [his] criminal defense strategies

**11**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY
WEINSTEIN'S MOTION TO STAY**

1   to the government, *see In re Adelphia*, 2003 U.S. Dist. LEXIS 9736 at \*14."

2   *Maloney*, 328 F. Supp. 2d at 512. *Accord American Express*, 225 F. Supp. 2d at

3   265 (stating that failure to grant a stay may expose defense theories to prosecution

4   or otherwise prejudice the criminal case).

5   **V.   THE INTERESTS OF THE PUBLIC AND THE COURT ARE BEST**

6   **SERVED BY A STAY**

7        Granting the stay will not harm any public interest and will promote judicial

8   efficiency. This case is brought for the benefit of the Plaintiff, not the public. The

9   public interest is better served through the criminal proceeding as "the public

10  interest in the criminal case is entitled to precedence over the civil litigant." *In re*

11  *Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989). *See also Crawford*,

12  298 F. Supp. 2d at 319 ("the public's interest is also served by preserving the

13  integrity of the criminal case"). Additionally, "to the extent any evidence produced

14  by Defendant in discovery here could influence the criminal case, the court notes

15  that 'the public interest in unimpeded criminal law enforcement outweighs the

16  civil interests here." *Green*, 177 F. Supp. 3d at 680 (quoting *SEC v. Telexfree, Inc.*,

17  52 F. Supp. 3d 349, 353 (D. Mass. 2014)).

18       Moreover, the delay to the Court is minimal as this case is still in the early

19  stages.  Defendant has brought this motion prior to filing an answer to the FAC,

20  and there is currently no trial date set. Thus, staying the case may be better for

21  judicial efficiency.  *Maloney*, 328 F. Supp. 2d at 513. As the *Maloney* court

22  explained:

23       If the civil action is stayed until the conclusion of the criminal

24

25       proceedings, then it obviates the need to make rulings regarding

26       potential discovery disputes involving issues that may affect the

27       criminal case. . . . Furthermore, the outcome of the criminal proceedings

28

**12**

may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the issues in this case. *See id.* Thus, staying this case preserves judicial resources and may streamline other aspects of the civil case. As a result, this factor also weighs in favor of granting a stay.

*Id.*

## Conclusion

For the foregoing reasons, Defendant respectfully requests this Court to grant his motion and enter an order staying this matter as to him, pending resolution of the ongoing criminal cases against Defendant.

Dated:  June 20, 2024                    **KUPFERSTEIN MANUEL LLP**

By: */s/ Phyllis Kupferstein*
Phyllis Kupferstein
*Attorneys for Defendant Harvey Weinstein*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY**

1

## **CERTIFICATE OF COMPLIANCE**

2      The undersigned, counsel of record for Harvey Weinstein, certifies that this

3  brief contains 4,550 words, which complies with the word limit of Local Rule

4  11-6.1.

5

6  Dated:  June 20, 2024                    By:  */s/ Phyllis Kupferstein*
                                                Phyllis Kupferstein

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**14**