## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-371 PA (AGRx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS – COURT ORDER

Before the Court are a Motion to Dismiss filed by defendants James Dolan ("Dolan") and JD & The Straight Shot, LLC (collectively the "Dolan Defendants") (Docket No. 47), a Motion to Dismiss filed by defendants The Azoff Company Holdings LLC and The Azoff Company LLC (collectively the "Azoff Defendants") (Docket No. 44), and a Motion for Sanctions Pursuant to Rule 11 against Plaintiff Kellye Croft ("Plaintiff") and her Counsel of Record filed by the Azoff Defendants.  (Docket No. 43.)[1]/ All three motions have been fully briefed. (Docket Nos. 49, 53, 55-58.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found these matters appropriate for decision without oral argument.  The hearings calendared for June 3, 2024 at 1:30 p.m. were vacated and the matters taken off calendar.

## I.    BACKGROUND

Plaintiff is a masseuse residing in Tennessee, who alleges that she was repeatedly subjected to unwelcome sexual contact and sexually assaulted by defendant Dolan while on tour in Miami with the Eagles and Dolan's rock band, JD & the Straight Shot, LLC ("JD and the Straight Shot") in November 2013.  (FAC ¶¶ 40-46.)  The FAC describes the parties and their relationship as follows:  (1) the Azoff Defendants managed the Eagles and JD & the Straight Shot; (2) Dolan and Irving Azoff (who owns and controls the Azoff Defendants) were close friends and business colleagues who spoke every day, and created a joint venture partnership in 2013 to fund the renovation and reopening of the Forum in Los Angeles; and (3) Dolan had invested $125 million in the joint venture and made available a $50 million line of credit, and thus "controlled the purse strings" on the partnership and renovation project.  (Id. ¶¶ 18, 32, 35 & 53-55.)  The FAC also describes Dolan as a very powerful and erratic, wealthy business man who owns Madison Square Garden ("MSG") and was close friends with both Irving Azoff and

---

[1]/      The Court refers to the Dolan Defendants and Azoff Defendants collectively as "Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | | Date | June 21, 2024 |
|---|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | | |

Harvey Weinstein.  According to Plaintiff, Dolan had a "reputation for being brutish and difficult to work with," and his "unlawful acts and misogynist views are now widely known." (Id. ¶ 10.)

Prior to her assault, Plaintiff got "her big break," or "opportunity of a lifetime," when she was asked to join the Eagles as their masseuse for a few shows in October 2013.  (Id. ¶ 24.)  The Eagles' tour manager, Tom Golseth, then asked her to join the band on tour in North Carolina, Alabama and Florida the following month.  (Id. ¶ 26.)  Plaintiff "gladly accepted the position" and began to travel with the band.  (Id. ¶ 27.)  The FAC alleges that the experience was stressful, and, because she didn't know anyone on the tour, she felt lonely and isolated.  (Id. ¶ 27.)  The situation was made even more difficult after Plaintiff got into an argument with Mr. Golseth, and he chastised and embarrassed her in front of the other tour members. (Id. ¶ 28.)

Shortly after her disagreement with Mr. Golseth, defendant Dolan – whose band was also on the tour as the opening act for the Eagles – scheduled a massage.  During the massage, Dolan asked Plaintiff why she was upset.  She explained what had happened with Mr. Golseth and Dolan told her that he would make sure it was taken care of.  Shortly thereafter, Glenn Frey (the lead singer for the Eagles ) called her personally to apologize, and Mr. Golseth was fired from the tour.  (Id. ¶¶ 34-36.)

In mid-November, while the band was in Miami, Dolan scheduled his second massage, and reminded Plaintiff that he had told her he would take care of the issue with the former tour manager, implying that he had asked Frey to call her to apologize and arranged for Mr. Golseth to be fired.  He then proceeded to force and pressure Plaintiff into unwanted sexual intercourse. (Id. ¶¶ 38-43.)  Following this sexual assault, Dolan summoned Plaintiff to his room "multiple times" during the remainder of that part of the tour.  After repeatedly reminding her of the way he had "fixed" the Golseth situation to emphasize his power over everyone on tour, and name dropping all the famous people that he claimed were his friends, "Dolan made unwelcome advances toward Ms. Croft, and she felt obligated to submit to sex with him."  (Id. ¶¶ 43-45.) The FAC alleges that although Plaintiff "was disgusted by Dolan, . . . her youth and extreme loneliness . . . as well as Dolan's immense power, made it possible for Dolan to manipulate . . . [Plaintiff] . . . and lure her under his control."  (Id. ¶ 46.)

Plaintiff alleges that shortly after the Miami tour, she was asked to join the Eagles' tour in Los Angeles by an agent of the Azoff Defendants named Marc Robbins, who used an "azoffmusicmanagment.com" email address.  (Id. ¶ 48.)  Although Plaintiff questioned the Eagles' need for a masseuse in Los Angeles – Frey and the other Eagles' members lived in California and presumably had their own massage therapists – she was grateful for the opportunity and accepted the job.  (Id. ¶ 49.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

Once she arrived in Los Angeles, Plaintiff was picked up by a security guard that she recognized from her time on the earlier tour for the Eagles, and placed at the hotel where Dolan was staying – not at the hotel with the Eagles and other tour support staff. (Id. ¶ 56.) Although Plaintiff had been asked to join the Eagles' tour, she learned upon arrival that she would be working for the Eagles and Dolan, and in an email regarding her travel arrangements, Robbins stated that her flight would be expensed on the "JD" credit card. (Id. ¶ 48.) After arriving in Los Angeles, the Azoff Defendants transported her to the concert venue each day, provided her with a massage room there, and paid her "venue pay," but she did not perform a single massage on any of the members of the Eagles, and remained alone at her room at the Forum during the day. (Id. ¶¶ 60-67.) Instead, Plaintiff alleges that she was again repeatedly summoned to Dolan's hotel room at night, and sexually exploited by Dolan. (Id. ¶¶ 58, 60-61.) Plaintiff alleges that the Azoff Defendants brought her out to Los Angeles at Dolan's request, and that the Azoff Defendants knew or should have known that Dolan had requested that she join the tour not for a legitimate business purpose, but so that Dolan could sexually exploit her. (Id. ¶ 59.) Plaintiff alleges that she was terrified of upsetting Dolan, and understood that doing so would jeopardize her career, and the opportunity to serve as a massage therapist for other professional musicians. (Id. ¶ 62.)

The FAC further alleges that, while in Los Angeles, Dolan purchased a sex toy for Plaintiff while out shopping with his band-mates. (Id. ¶ 65.) Shortly thereafter, Plaintiff learned that Dolan must have communicated the nature of his relationship with her because one of the JD & the Straight Shot band members scheduled a massage, and during the appointment asked her for a "prostrate massage." (Id. ¶¶ 66-67.)

On January 21, 2014, several days into the Los Angeles tour, Plaintiff alleges that Dolan orchestrated a meeting between Plaintiff and Harvey Weinstein ("Weinstein") in the lobby of the hotel.[2] (Id. ¶¶ 69-70.) That day, Dolan had encouraged Plaintiff to join two female Azoff Management assistants for shopping and dinner, for no apparent reason. (Id. ¶68.) Upon her return to the hotel, Plaintiff waited for the elevator in the lobby next to Weinstein. Weinstein spoke to her, introduced himself, and after acknowledging that Dolan had mentioned his "massage therapist" to him, Weinstein invited her to his room to "discuss potential career opportunities." (Id. ¶¶ 71-75.) After Weinstein attempted to get her to give him a massage and removed his robe, Plaintiff tried to escape from his room. Weinstein followed her to her room and proceeded to sexually assault Plaintiff, stopping only after Dolan happened to call and interrupt the assault. (Id. ¶¶ 77-96.) Weinstein told Plaintiff that Dolan would be upset that she had not been more cooperative. (Id. ¶ 96.) Plaintiff told Dolan what happened. Dolan told her

---

[2] Harvey Weinstein is a named defendant in this action. In response to the FAC, Weinstein has filed a Motion to Stay. (Docket No. 62.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

that Weinstein was a troubled person with a lot of serious issues, and that his friends were trying to get him to address those issues.  Dolan did not console Plaintiff or help her report the assault. (Id. ¶ 99.)  After the assault, Plaintiff was unable to function.  The Azoff Defendants arranged for her to see a doctor, but Plaintiff ultimately left the tour.  The FAC alleges that the Azoff entities arranged and paid for Plaintiff's travel from Los Angeles back to Tennessee.  (Id. ¶¶ 100-102.)

Based on the above allegations, Plaintiff brings a claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591, 1595, alleging that the Defendants violated the TVPRA by bringing her to Los Angeles for purpose of providing sexual favors to Dolan in order to keep him happy.  The FAC also alleges several state law tort claims: (1) sexual battery against Dolan; (2) sexual assault/attempted rape against Harvey Weinstein; and (3) aiding and abetting Weinstein's assault of Plaintiff against Dolan.  The Dolan Defendants have moved to dismiss the FAC for failure to state claims for violations of the TVPRA, sexual battery and aiding and abetting.  The Azoff Defendants also move to dismiss the FAC for failing to state a TVPRA claim against them, and for sanctions for the allegedly baseless filing of the initial Complaint.

## II.  **LEGAL STANDARD**

### A.  **Motion to Dismiss**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Rules allow a court to dismiss a cause of action for 'failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice."  Fed. R. Civ. P. 8(e).  The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [ undisclosed] facts' to support recovery."  Twombly, 550 U.S. at 561.  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Id. at 566.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

creates a suspicion [ of] a legally cognizable right of action ")); <u>see also</u> <u>Daniel v. County of Santa Barbara</u>, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting <u>Burgert v. Lokelani Bernice Pauahi Bishop Tr.</u>, 200 F.3d 661, 663 (9th Cir. 2000))). "[A] plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555. In construing the <u>Twombly</u> standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).

### B. Rule 11 Sanctions

"The central purpose of Rule 11 is to deter baseless filings." <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 393 (1990) (partially superseded, on other grounds by 1993 Rule 11 amendment). The purposes of Rule 11 "sanctions include to deter dilatory or abusive pretrial tactics, to avoid delay and unnecessary expense, and to streamline litigation." <u>Altmann v. Homestead Mortg. Income Fund</u>, 887 F. Supp. 2d 939, 955 (E.D. Cal. 2012) (citing <u>Golden Eagle Distributing Corp. v. Burroughs Corp.</u>, 801 F.2d 1531, 1536 (9th Cir. 1986)). "[S]anctions must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is 'frivolous.'" <u>Townsend v. Holman Consulting Corp.</u>, 929 F.2d 1358, 1362 (9th Cir. 1990). "Frivolous" denotes "a filing that is both baseless and made without a reasonable and competent inquiry." <u>Id.</u> at 1358.

Rule 11 "creates an objective standard of reasonableness under the circumstances." <u>Golden Eagle</u>, 801 F.2d at 1536. The Ninth Circuit Court of Appeals has articulated the objective reasonableness standard:

> As we have observed, the subjective intent of the pleader or movant to file a meritorious document is of no moment. The standard is reasonableness. The 'reasonable man' against which conduct is tested is a competent attorney admitted to practice before the district.

<u>Zaldivar v. City of Los Angeles</u>, 780 F.2d 823, 830 (9th Cir. 1986), <u>abrogated on other grounds</u>, <u>Cooter & Gell v. Harmarx Corp.</u>, 496 U.S. 384, 399-400 (1990). "If, judged by an objective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

standard, a reasonable basis for the position exists in both law and fact at the time that the position is adopted, then sanctions should not be imposed." Golden Eagle, 801 F.2d at 1538.

Rule 11 "imposed on any party who signs a pleading, motion, or other paper . . . an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and that the applicable standard is one of reasonableness under the circumstances." Business Guides, Inc. v. Chromatic Communications Enterprises, Inc, 498 U.S. 533, 551 (1991).  The Ninth Circuit has further explained:

> Sanctions should be imposed if (1) after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law or if (2) a pleading has been interposed for any improper purpose.

Golden Eagle, 801 F.2d at 1537 (internal quotations omitted).

"The pleader, at a minimum, must have a good faith argument for his or her view of what the law is, or should be." Altman, 887 F. Supp. 2d at 956.  "A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after a reasonable inquiry." Id. (internal quotations omitted).  "Such inquiry is that amount of examination into the facts and legal research which is reasonable under the circumstances of the case." Id.  Rule 11 sanctions should be assessed "if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." Id.

Imposing sanctions under Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Tr. v. A-C-Co., 859 F.2d 1336, 1345 (9th Cir. 1988).  As such, courts have "significant discretion" when determining whether to award sanctions. See Fed. R. Civ. P. 11(b).

## III.  ANALYSIS

### A.  Motions to Dismiss

#### 1.  TVPRA Claim

18 U.S.C. § 1591 provides for criminal penalties for sex trafficking:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

    (a) Whoever knowingly—

        (1)    in or affecting interstate or foreign commerce, . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

        (2)    benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a). Section 1591 defines a "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(e)(3). 18 U.S.C. § 1595 provides trafficking victims with a private right of action to pursue claims against perpetrators of trafficking ("direct liability") or those who knowingly financially benefit from trafficking ("beneficiary liability"). 18 U.S.C. §1595(a); Doe v. Mindgeek, 558 F. Supp. 3d 828, 835 (C.D. Cal. 2021).

**a.    TVPRA direct liability**

    Plaintiff alleges direct violator liability against the Dolan and Azoff Defendants under § 1591(a)(1). To establish a direct liability claim, Plaintiff must allege that the Defendants knowingly and in interstate or foreign commerce: (1) recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person; (2) "knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud . . . or any combination of such means will be used"; (3) "to cause the person to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1); Acevedo v. eXp Realty, LLC, No. 2:23-CV-01304-AB-AGR, 2024 WL 650189, at *9 (C.D. Cal. Jan. 29, 2024).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | | Date | June 21, 2024 |
|---|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | | |

Plaintiff's TVPRA claim alleges that Dolan – in a venture formed with the other Defendants, and acting as their agent – transported her to California based on fraud for purposes of providing forced sexual favors, and that all Defendants benefitted from the venture because, by keeping her subject to Dolan's demands and desires, Dolan (who was funding the parties' joint venture) remained satisfied and happy. Plaintiff alleges that the Azoff Defendants – at Dolan's request – represented that she was needed for massage services for the Eagles band members at the Forum, but in reality, the Eagles did not need or use Plaintiff's services, and Plaintiff spent most of her time at the Forum with nothing to do. Dolan arranged for Plaintiff to be placed at his hotel – and not where the Eagles and the rest of the tour support staff were staying – so that he could summon her for unwanted sexual activity at any time.

Defendants argue that Plaintiff fails to plausibly allege a commercial sex act – that anything of value was provided to Plaintiff in exchange for the sexual relationship with Dolan. Plaintiff argues that the allegations that Dolan paid for Plaintiff to join the tour using the "JD" credit card, and that the Azoff Defendants gave her "venue pay" are the "thing of value" in exchange for the sex act. Those allegations, however, are insufficient to allege a commercial sex act under the TVPRA because there is no allege causal connection between the payment of Plaintiff's travel expenses and "venue pay" and the sexual conduct Plaintiff alleges she was forced to engage in with Dolan. Cf. Doe v. Fitzgerald, No. CV 20-10713-MWF-RAO, 2022 WL 2784805, at *3 (C.D. Cal. May 13, 2022) (finding allegations sufficient to allege a commercial sex act where complaint alleged that defendant offered to provide "$200 and clothing" in "payment for the sex acts").

Defendants also contend that Plaintiff fails to allege a commercial sex act based on promises of career support or advancement as the "thing of value," arguing that the FAC is devoid of allegations that any Defendant made promises to Plaintiff in exchange for her engaging in a sexual relationship with Dolan. The Court agrees. Because Plaintiff does not allege that Dolan made any direct statements or promises to entice, lure or coerce her into a sexual relationship, she fails to allege a commercial sex act premised on alleged promises of career advancement. Cf. Acevedo, 2024 WL 650189 (alleging that plaintiffs were lured by false promises of career advancement to attend recruiting events where they were drugged and sexually assaulted); Eckhart v. Fox News Network, LLC, 2021 WL 4124616 at* 11 (S.D.N.Y. Sep. 9, 2021) (alleging promises to help plaintiff advance her career to defraud her into coming to perpetrator's hotel room); Adolf v. Weber, 332 F.R.D. 467 (S.D.N.Y. 2019) (alleging that photographer enticed models to his studio with promises of future lucrative modeling jobs ).

Accordingly, the Court concludes that the FAC fails to plausibly allege a claim for direct perpetrator liability under § 159l(a)(l).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

**b.    TVPRA beneficiary liability**

The requirements for beneficiary liability under § 1591(a)(2) are:  (1) the person or entity must "knowingly benefit[ ], financially or by receiving anything of value," (2) from participating in a venture, (3) that the "person knew or should have known has engaged in an act in violation of [the TVPRA]."  18 U.S.C. § 1595(a)(2); <u>M.A. v. Wyndham Hotels & Resorts, Inc.</u>, 425 F. Supp. 3d 959, 964 (S.D. Ohio 2019).  The Dolan Defendants also argue that Plaintiff fails to state a TVPRA claim for beneficiary liability against them.  The Court agrees. Plaintiff's alleged beneficiary claim suffers from the same defect as Plaintiff's direct liability claim – the failure to allege an underlying commercial sex act.

The Azoff Defendants contend that Plaintiff also fails to state a claim against them for beneficiary liability for an additional reason.  Specifically, they argue that even if there was an alleged commercial sex act, Plaintiff fails to plausibly allege that they knew or should have known that Dolan was engaged in any sex trafficking scheme in violation of the TVPRA. Plaintiff argues that the Azoff Defendants knew or should have known that she was transported to California to engage in a commercial sex act with Dolan because:  (1) the Azoff Defendants were an integral part of the fraud to get Plaintiff to agree to come to California; (2) the Azoff Defendants arranged the details of her trip, and knew that Dolan paid for her travel and accommodations using the "JD" credit card; (3) they knew that her services as the Eagles' masseuse were unnecessary and not utilized; and (4) they knew that she was placed at Dolan's hotel and not the hotel where the Eagles and other tour staff were staying.

These allegations fail to establish, however, that the Azoff Defendants had the requisite knowledge that Dolan was using fraud or coercion to obtain sex, which is a necessary element of an act in violation of the TVPRA.  <u>Acevedo</u>, 2024 WL 650189 at *20.  While Plaintiff plausibly alleges that the Azoff Defendants may have knowingly participated in the deception to get her to Los Angeles so that Dolan could have sex with her, the allegation that they knew Dolan was forcing her to engage in a commercial sex act is not supported by any well pleaded facts or from inferences from any of the facts alleged.  Plaintiff does not allege that she ever disclosed Dolan's previous sexual assaults to the Azoff Defendants, or to anyone for that matter. There are simply no allegations that the Azoff Defendants had any notice that Dolan was coercing Plaintiff into unwanted sexual activity.  <u>Cf. id.</u> at *20-21 (detailing allegations demonstrating defendants' knowledge, or constructive knowledge, that a co-defendant used a date rape drug to sexually assault plaintiffs, including the victims' reporting of their assaults and posting about an assault on social media); <u>Eckhart</u>, 2021 WL 4124616 at *11 (finding allegations that Fox News knew that one of its anchors had workplace affairs and was a serial harasser insufficient to establish that Fox News knew or should have known that the anchor was engaged in sex trafficking).  Moreover, because Plaintiff's FAC does not sufficiently allege an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | | Date | June 21, 2024 |
|---|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | | |

agency or vicarious liability theory, Plaintiff cannot rely on Dolan's knowledge to satisfy her burden of pleading the Azoff Defendants' knowledge.

Accordingly, the Court grants Defendants' Motions to Dismiss Plaintiff's TVPRA claim. Defendants request that the Court dismiss this claim without leave to amend. Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). "A district court acts within its discretion to deny leave to amend when amendment would be futile." Doe v. Garland, 17 F.4th 941, 950 (9th Cir. 2021) (quoting Chappel v. Lab. Corp. of Am., 232 F.3d 719, 725-26 (9th Cir. 2000)). Here, it is not yet clear to the Court that "the allegation of other facts . . . could not possibly cure the deficiency," making dismissal with leave to amend appropriate. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). Accordingly, the Court dismisses the TVPRA claim with leave to amend to afford Plaintiff with one last opportunity to state a viable claim against Defendants.

### 2.    Claims for Sexual Battery and Aiding and Abetting Sexual Assault

Dolan also moves to dismiss the sexual battery claim asserted against him. The Court's subject matter jurisdiction in this case is premised on federal question jurisdiction over the TVPRA claim, and supplemental jurisdiction over Plaintiff's state law claims. (FAC ¶ 21 (citing 28 U.S.C. §§ 1331, 1343 and 1367(a)).) Thus, the Court defers ruling on the sufficiency of Plaintiff's state law claims until Plaintiff is able to state a viable federal claim.

### B.    Motion for Sanctions

The Azoff Defendants have asked that the Court impose Rule 11 sanctions on Plaintiff's counsel for filing the original complaint. Defendants argue that Plaintiff and her counsel should be sanctioned under Rule 11 for filing a frivolous sex trafficking claim against them. Plaintiff opposes Defendant's Motion, and has requested an award of fees and costs. Plaintiff argues that the Azoff Defendants' Motion for Sanctions seeks to improperly litigate the substantive validity of Plaintiff's claim against them, focusing primarily on the failure to allege the requisite elements of a viable claim under the TVPRA. The Court agrees. The Committee Notes on Amendments to Federal Rules of Civil Procedure specifically state that a Rule 11 Motion "should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings . . . ." See also Shoumin Zhang v. Am. Franchise Reg'l Ctr., LLC, No. CV 15-9583-R, 2016 WL 9180439, at *1 (C.D. Cal. May 6, 2016) ("If moving Defendants believe that Plaintiff has also failed to state a claim against them, the proper motion would be made under Rule 12(b), not Rule 11."); E.E.O.C. v. Pines of Clarkston, Inc., 2014 WL 6612375, at *2 (E.D. Mich. Nov. 20, 2014) ("[A] Rule 11 motion is not a proper substitute for a dispositive motion

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 24-371 PA (AGRx) | Date | June 21, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

and should not be employed . . . to test the sufficiency or efficacy of allegations in the pleading; other motions are available for those purposes.") (internal quotations omitted).

The Court has considered the Azoff Defendants' motion challenging the sufficiency of the FAC. While the Court has granted that Motion, and found Plaintiff's TVPRA claim deficient, the Court has given Plaintiff an opportunity to amend her claim. Under the circumstances, the Court is unable to conclude that Plaintiff's claim is baseless and made without a reasonable inquiry – the necessary elements for Rule 11 sanctions. Moreover, although the Azoff Defendants have presented some evidence that contradicts the allegations in Plaintiff's FAC, these disputes are better resolved on a motion for summary judgment, and not as a basis for a motion for sanctions. This is simply not one of the "rare and exceptional" cases warranting the imposition of sanctions. Operating Eng'rs Pension Trust, 859 F.2d at 1344.

### Conclusion

For all the foregoing reasons, the Court grants the Dolan Defendants' Motion to Dismiss Plaintiff's TVPRA claim with leave to amend. The Court will defer ruling on the Dolan Defendant's Motion to Dismiss Plaintiff's claims for sexual battery and aiding and abetting sexual assault until Plaintiff is able to state a viable federal claim. The Azoff Defendants' Motion to Dismiss Plaintiff's TVPRA claim is also granted with leave to amend. The Azoff Defendants' Motion for Sanctions Pursuant to Rule 11 is denied.

Plaintiff shall file her Second Amended Complaint, if any, no later than July 8, 2024. Absent leave of Court, Plaintiff may not allege any new claims or add any new defendants that were not included in her FAC. If a Second Amended Complaint is not filed by that date, Plaintiff will be deemed to have elected to stand on the TVPRA allegations in the First Amended Complaint resulting in dismissal Plaintiff's federal claim without leave to amend and with prejudice. The Court would then dismiss the remaining state law claims without prejudice so that those claims could be pursued in state court.

IT IS SO ORDERED.