DOUGLAS H. WIGDOR (NY SBN 2609469)
dwigdor@wigdorlaw.com
MEREDITH A. FIRETOG (NY SBN 5298153)
mfiretog@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800

OMAR H. BENGALI (CA SBN 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300

Kevin Mintzer (NY SBN 2911667)
km@mintzerfirm.com
Laura L. Koistinen (NY SBN 5755079)
llk@mintzerfirm.com
(Admitted *pro hac vice*)
**LAW OFFICE OF KEVIN MINTZER, P.C.**
1350 Broadway, Suite 1410
New York, NY 10018
Tel.: (646) 843-8180

*Attorneys for Plaintiff Kellye Croft*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KELLYE CROFT,<br><br>      Plaintiff,<br><br>    vs.<br><br>JAMES DOLAN, HARVEY WEINSTEIN, JD & THE STRAIGHT SHOT, LLC, THE AZOFF COMPANY HOLDINGS LLC f/k/a/ AZOFF MUSIC MANAGEMENT, LLC, THE | Case No. 2:24-cv-00371-PA (AGR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM** |

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1  AZOFF COMPANY LLC f/k/a AZOFF
2  MSG ENTERTAINMENT, LLC, DOE
   CORPORATIONS 1-10,
3
                    Defendants.
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
28  HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................ii

PRELIMINARY STATEMENT ....................................................................1

FACTUAL BACKGROUND...........................................................................2

I.    Allegations Relevant to Harvey Weinstein .......................................2

II.   Procedural History.............................................................................4

ARGUMENT ...............................................................................................5

I.    Legal Standards Applicable to Defendant's Motion to Stay Proceedings..............................................................................................5

II.   Based on the Relevant Factors, Weinstein's Motion for a Stay Should be Denied .........................................................................................6

     A.    Weinstein's Fifth Amendment Rights Are Not Implicated by Croft's Claim ...............................................................................7

     B.    Plaintiff's Interest Supports Denying a Stay.......................11

     C.    Weinstein Has Not Shown a Need for a Stay .....................12

     D.    The Interests of the Court, Non-Parties, and the Public Support Deny a Stay ..............................................................................14

CONCLUSION...........................................................................................16

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

i

# TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

A.H. v. Cnty. of San Bernardino,
   No. 23 Civ. 1028 (JGB), 2023 WL 9646224 (C.D. Cal. Dec. 28, 2023) .......13, 16

Allen v. Nelson,
   No. 2:21 Civ. 1097 (BJR), 2022 WL 683209 (W.D. Wash. Mar. 8, 2022).........8, 9

Apothio, LLC v. Kern Cnty.,
   No. 1:20 Civ. 00522, 2021 WL 75243 (E.D. Cal. Jan. 8, 2021)..........................17

Canosa v. Weinstein,
   No. 18 Civ. 4115 (PAE) 2020 WL 7249451 (S.D.N.Y. Dec. 9, 2020) .................12

Clinton v. Jones,
   520 U.S. 681 (1997)...........................................................................................8

CMB Export, LLC v Atteberry,
   No. 4:13 Civ. 04051, 2014 WL 4099721 (C.D. Ill. Aug. 20, 2014)...................17

Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.,
   No. 3:15 Civ. 02440 (GPC) (WVG), 2019 WL 1937571
   (S.D. Cal. May 1, 2019)......................................................................................7

David v. Weinstein Co.,
   No. 18 Civ. 5414 (RA), 2020 WL 4042773 (S.D.N.Y. July 17, 2020)................12

Dependable Highway Exp., Inc. v. Navigators Ins.,
   498 F.3d 1059 (9th Cir. 2007)...........................................................................14

Duncan v. Banks,
   No. 5:15 Civ. 00148 (XR), 2017 WL 4805111 (W.D. Tex. Oct. 24, 2017)..........10

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

ESG Cap. Partners LP v. Stratos,
   22 F. Supp. 3d 1042 (C.D. Cal. 2014) ....................................................16

Estes-El v. Long Is. Jewish Med. Ctr.,
   916 F. Supp. 268 (S.D.N.Y. 1995) .......................................................17

GE v. Liang,
   No. 13 Civ. 08670, 2014 WL 1089264 (C.D. Cal. Mar. 19, 2014) .....................15

Geiss v. Weinstein Co. Holdings LLC,
   No. 17 Civ. 9554 (AKH) 2021 WL 165109 (S.D.N.Y. Jan. 19, 2021)................12

Green v. Cosby,
   177 F. Supp. 3d 673 (D. Mass. 2016) ...........................................12, 13

Hymes v. Bliss,
   No. 16 Civ. 04288 (JSC), 2018 WL 3240991 (N.D. Cal. July 3, 2018)...10, 12, 14

In re Bolin & Co.,
   No. 08 Civ. 1793, 2012 WL 3730410 (D. Conn. June 27, 2012).......................15

In re Computer Assoc. 2002 Class Action Sec. Litig.,
   No. 02 Civ. 1266 (TCP), 2005 WL 8157511 (E.D.N.Y. Nov. 30, 2005).............16

In re Ivan F. Boesky Sec. Litig.,
   128 F.R.D. 47 (S.D.N.Y. 1989).....................................................17, 18

Judd v. Weinstein,
   No. 18 Civ. 5724, 2019 WL 2879875 (C.D. Cal. Apr. 2, 2019) ..................11, 14

Keating v. Office of Thrift Supervision,
   45 F.3d 322 (9th Cir. 1995).................................................7, 8, 13, 15

Louis Vuitton Malletier S.A. v. LY USA, Inc.,
   676 F.3d 83 (2d Cir. 2012).............................................................7, 15

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

iii

Maloney v. Gordon,
   328 F. Supp. 2d 508 (D. Del. 2004)........................................................................17

People v. Weinstein,
   2024 NY Slip Op 02222, 2024 WL 1773181 (N.Y. Apr. 25, 2024) ...............11, 13

Petrov v. Alameda Cnty.,
   No. 16 Civ. 04323-YGR, 2016 WL 6563355 (N.D. Cal. Nov. 4, 2016) ................8

Republic Credit Corp. I v Autorino,
   No. 399 Civ. 286, 2001 WL 789310 (D. Conn. June 1, 2001) ............................16

Sanders v. L.A. Cnty.,
   No. 15 Civ. 00907 (AG) (RAO), 2018 WL 6018854 (C.D. Cal. Mar. 29, 2018)...9

Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.,
   886 F. Supp. 1134 (S.D.N.Y. 1995) ......................................................................9

**Rules**
   FRCP 15(a) ...............................................................................................................7

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1   Plaintiff Kellye Croft submits this Memorandum of Points and Authorities to

2   oppose Defendant Harvey Weinstein's ("Weinstein" or "Defendant") Motion to Stay

3   this Case as to Him.

4   **PRELIMINARY STATEMENT**

5   Having been credibly accused by scores of women of rape and sexual assault,

6   Harvey Weinstein ("Weinstein" or "Defendant") is, predictably, a defendant in

7   multiple criminal and civil proceedings. However, the criminal accusations leveled

8   against Weinstein are not a shield that he can wield to deflect and delay civil liability.

9   In our system, it is presumed that civil and criminal cases can proceed

10  simultaneously, and a stay of a civil action is only warranted under "extraordinary"

11  circumstances. Weinstein has failed to make that showing, as he cannot demonstrate

12  how his rights would be violated by proceeding with discovery in this civil case

13  brought by Plaintiff Kellye Croft ("Plaintiff" or "Croft"). Weinstein's motion is also

14  undermined by his willingness to litigate other civil matters in which he has been

15  accused of rape or sexual assault without requesting a stay, while inexplicably trying

16  to avoid answering questions about Plaintiff's claims.

17  Considering the factors that the Ninth Circuit has identified as relevant when

18  a court is asked to stay civil proceedings because of a pending criminal matter,

19  Weinstein's motion to stay should be denied for the following reasons:

20  - There is no substantial overlap between the criminal cases in New York

21  and California and Croft's allegations in this case. The only common

22  element that Weinstein can point to is that he is accused of sexual

23  assault in each case, but that is not sufficient for Weinstein to meet his

24  burden. Given that the cases involve different victims and occurred at

25  different times under different circumstances, Weinstein has failed to

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

1    adequately explain why he would be required to assert his Fifth

2    Amendment rights if this case continued to discovery.

3    • Plaintiff has a strong interest in having her case proceed, which was

4    filed about six months ago and as to which Weinstein has inexplicably

5    neither answered nor moved. The potential stay requested by

6    Weinstein could unfairly delay Croft's case for years while

7    Weinstein's criminal matters proceed to verdict and appeals.

8    • The delay requested by Weinstein would unreasonably prevent this

9    Court from efficiently managing its docket, and the public from seeing

10    this matter reach an appropriate resolution.

For these reasons and as explained in greater detail below, Weinstein's motion should be denied.

## FACTUAL BACKGROUND

### I.    Allegations Relevant to Harvey Weinstein

Croft was a Licensed Massage Therapist who ran her own massage business. Amended Complaint ("Am. Compl.") ¶ 23, ECF 48. In 2013, she was invited by Glenn Frey of the well-known rock band the Eagles to join the Eagles on tour as their massage therapist. *Id*. ¶ 23. While touring, she met James Dolan, who was the lead singer of the band opening for the Eagles, JD & the Straight Shot. *Id*. at ¶¶ 32-36. At the time, Dolan helped lead a joint venture between the Eagles, JD & the Straight Shot, and the Azoff Entities. *Id*. ¶¶ 35, 53. In late 2013, while Croft was giving Dolan a professional massage, he pressured her to have sex with him, using a combination of economic power and physical force. *Id*. at ¶¶ 40-45.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

2

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

In early 2014, the Azoff Entities, at the request of Dolan, arranged for Croft to fly to Los Angeles, California, ostensibly to perform massage work. When Croft arrived in Los Angeles, the Azoff Entities, including Robbins, arranged for Croft to be picked up at the airport by a security guard for the Eagles, whom Croft knew from previous shows. *Id*. ¶ 56. The security guard brought her to stay at The Peninsula Hotel in Beverly Hills. *Id.*

Although the Azoff Entities purported to fly Croft to California to perform legal massage services, in reality, Croft was flown out to Los Angeles, at Dolan's request, to satisfy his sexual demands. *Id*. ¶ 59. Dolan also wanted Croft in Los Angeles so she could be exploited by his close friend, Harvey Weinstein. Early in 2014, Dolan encouraged Croft to go shopping and have dinner with two female assistants from Irving Azoff Management. *Id*. ¶ 68. When she returned to the Peninsula holding a to-go box for Dolan, another stranger—a large man—joined her in the elevator and asked "Who is that to-go box for?" *Id*. ¶¶ 69-70. When she responded it was for Dolan, the man began gushing that Dolan was his friend and had said great things about Croft as a massage therapist. *Id*. ¶¶ 70-71. The man then introduced himself as Harvey Weinstein and began telling Croft that there were opportunities for her as a masseuse on his movie sets. *Id*. ¶¶ 71, 73. She responded that she would be happy to discuss such a role and joined him in his suite to do so. *Id*. ¶¶ 74-76.

The meeting took a turn when Weinstein first tried to get Croft to try on clothes in front of him and then tried to get her to give him a massage. *Id*. ¶¶ 77-82. Weinstein tried increasingly aggressive steps to try to force her to massage him, then tried to block Croft's escape from the room. *Id*. ¶¶ 83-89. Though he relented and let her go, he then followed her down the hallway to her room, forcibly pushed

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

3

her door open, forced Croft onto a bed, forced her legs open, digitally penetrated her while holding her down, then tried to force his penis inside her. *Id*. ¶¶ 89-92. As she struggled, Dolan called her, finally prompting Weinstein to leave her room. *Id*. ¶¶ 94-96. As he did so, he warned her that Dolan was "going to be very disappointed [she] led [him] on." *Id.* After Croft made her way to Dolan and told him what happened with Weinstein, he admitted he had known that Weinstein had "serious issues," was a "troubled person," and not "safe," though showing little empathy otherwise. *Id*. ¶¶ 97-99.

## II.   Procedural History

On February 24, 2020, a jury in New York County found Weinstein guilty of criminal sexual assault in the first degree and rape in the third degree. Declaration of Imran H. Ansari ("Ansari Dec.") ¶ 3, ECF 62-7. Several weeks later, Weinstein was sentenced to 23 years in prison. *Id.* Following an unsuccessful appeal to Appellate Division, on April 25, 2024, the New York Court of Appeals overturned  Weinstein's 2020 rape and sexual assault conviction and ordered a new trial. *Id.* ¶¶ 4-5. No new trial date has been set. *Id.* ¶ 6.

On December 19, 2023, Weinstein was convicted on three counts of rape and sexual assault in Los Angeles County. *Id.* ¶ 8. About two months later, he was sentenced to 16 years in prison for those crimes. *Id.* ¶ 9. According to Weinstein's counsel, the appeal of his California conviction is in the "very early stages." *Id.* ¶ 10.

Plaintiff filed the initial Complaint here on January 16, 2024. ECF 1. Weinstein neither answered nor did he move to dismiss. Affirmation of Meredith A. Firetog ("Firetog Aff.") ¶ 2. On April 2, 2024, during a meet and confer Zoom with counsel for Weinstein and Croft, Weinstein notified Plaintiff that he intended

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

to move for a stay of proceedings and requested that she stipulate to the stay. *Id.* ¶ 3. Two days later, via email, Plaintiff advised Weinstein's counsel that Croft would not stipulate to a stay and asked for a proposed briefing schedule for the motion. *Id.* Weinstein's counsel did not respond. *Id.*

On April 10, 2024, Plaintiff filed an Amended Complaint as of right under FRCP 15(a). ECF 48. Weinstein did not timely answer nor did he move to dismiss. On June 3, 2024, Croft's counsel informed Weinstein's counsel that Plaintiff intended to file a motion for default judgment given the lack of a timely response to the Amended Complaint. Firetog Aff. ¶ 6 & Ex. A. About one week later, Weinstein's counsel said that they would be moving to stay proceeding on June 17, 2024. *Id.* No motion was filed by that date. Plaintiff again informed Weinstein that Plaintiff intended to move for a default judgment. *Id.* Weinstein finally moved to stay on June 21, 2024.

## ARGUMENT

### I. Legal Standards Applicable to Defendant's Motion to Stay Proceedings

The granting of a stay in a civil action because of a related criminal proceeding is an "extraordinary remedy." *Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 3:15 Civ. 02440 (GPC) (WVG), 2019 WL 1937571, at *2 (S.D. Cal. May 1, 2019); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). Although it is within the district court's discretion to grant such a stay, a defendant in a criminal action has no constitutional right to one. *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) ("The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."). The party proposing a stay bears the burden of proving it is warranted. *Petrov v.*

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

5

*Alameda Cnty.*, No. 16 Civ. 04323 (YGR), 2016 WL 6563355, at *2 (N.D. Cal. Nov. 4, 2016) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

To determine whether to stay a civil proceeding in light of a pending criminal proceeding, the Ninth Circuit has held that the Court should consider the following factors: "(1) the extent to which the defendant's Fifth Amendment rights are implicated; (2) the interest of the plaintiff in proceeding expeditiously with the civil litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay; (3) the burden which any particular aspect of the proceedings may impose on the defendant; (4) the convenience of the court in managing its cases and the efficient use of judicial resources; (5) the interests of persons not parties to the civil litigation; and (6) the interest of the public in the pending civil and criminal litigation." *Allen v. Nelson*, No. 2:21 Civ. 1097 (BJR), 2022 WL 683209, at *1 (W.D. Wash. Mar. 8, 2022) (quoting *Keating*, 45 F.3d at 324.).]

## II.    Based on the Relevant Factors, Weinstein's Motion for a Stay Should be Denied

Weinstein has failed to carry his burden of demonstrating that he is entitled to a stay of this action. The essence of Defendant's argument is that because he has two pending criminal cases for sexually assaulting women other than Plaintiff, he should not have to face Plaintiff's allegations for the foreseeable future. But there is not a substantial overlap in the criminal cases against Weinstein and Croft's claims. Weinstein should thus be able to respond to Croft's allegations without implicating his Fifth Amendment rights, and in any case, Weinstein cannot show that the indefinite stay he seeks—which could last *years*—is justified here. Weinstein also erroneously minimizes the interests of Plaintiff, the Court, and the public in proceeding with this case.

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## A.  Weinstein's Fifth Amendment Rights Are Not Implicated by Croft's Claim

Weinstein's motion fails on the first of the *Keating* factors because he cannot demonstrate that proceeding with this case would compromise his Fifth Amendment rights. The threshold question "is the extent to which the issues in the criminal case overlap with those present in the civil case, since self-incrimination is more likely if there is a significant overlap." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) (citation omitted). On the other hand, "[i]f there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay." *Id.*; *Sanders v. L.A. Cnty.*, No. 15 Civ. 00907 (AG) (RAO), 2018 WL 6018854, at *1 (C.D. Cal. Mar. 29, 2018) (finding that defendant's Fifth Amendment was not implicated by proceeding with the civil discovery because defendant had not shown a significant overlap between the civil and criminal actions).

Here, Weinstein concedes that neither criminal case against him involves Croft.[1] Weinstein Mem. 9. Nor has Weinstein shown any factual connection between Plaintiff's claims and the conduct for which he has been indicted in New York or found guilty in California. That each of the cases involves different and unrelated allegations of rape or sexual assault is not enough to establish an overlap. *See Allen*, 2022 WL 683209, at *2 (declining to stay proceedings in an excessive force civil case in which a defendant had been indicted for similar conduct in an unrelated matter where it was "not clear to the Court how substantially the issues in [the civil] case may or may not ultimately overlap" with the criminal action); *Hymes v. Bliss*,

---

[1]   For this reason, Weinstein's reliance on *Trustees*, 886 F. Supp. at 1139, is misplaced. In *Trustees*, the plaintiff's claims for not making contributions to employee benefit plans were based on the same allegations that the government had asserted in criminal indictments against the same defendants. *Id.*

No. 16 Civ. 04288 (JSC), 2018 WL 3240991, at *4 (N.D. Cal. July 3, 2018) (declining to stay civil case alleging excessive force against sheriff deputy defendants, even though two of the defendants faced "multiple charges in separate criminal matters stemming from a series of incidents" in which they allegedly used excessive force); *Duncan v. Banks*, No. 5:15 Civ. 00148 (XR), 2017 WL 4805111, at *3 (W.D. Tex. Oct. 24, 2017) (lifting stay of a civil case against investment advisor for fraud in the sale of an investment despite ongoing criminal action against advisor for fraud in connection with a separate investment);

With no connection between this case and the criminal charges, Weinstein resorts to misleading the Court about why he may be required to assert his Fifth Amendment rights in this case. Defendant argues:

> In sex crime prosecutions in New York State Court, the prosecution often seeks to admit propensity or prior bad act evidence which is often barred in other types of prosecutions . . . The NYDA has already provided notice that it will seek retrial and may seek indictment on additional charges of similar sexual conduct. Id. As such, Defendant cannot give testimony or evidence concerning the allegations in the FAC regardless of whether Plaintiff is involved in either criminal prosecution, *as it is clear the prosecution may seek to introduce Plaintiff's allegations as evidence against Defendant.* Id.

Weinstein Mem. 9 (emphasis added).

In fact, there is *no* possibility that the New York County District Attorney will seek to introduce Croft's allegations in the re-trial of Weinstein's criminal case. The New York Court of Appeals vacated Weinstein's conviction and ordered a new trial because the trial court erroneously admitted evidence of uncharged sexual assaults

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

allegedly committed by Weinstein. *People v. Weinstein*, 2024 NY Slip Op 02222, 2024 WL 1773181, at *7-16 (N.Y. Apr. 25, 2024). Because of this holding, Croft's allegations cannot be admitted in Weinstein's re-trial as an uncharged offense.[2] Nor can Weinstein be charged for sexually assaulting Croft in New York because the conduct took place in California.

Weinstein also fails to explain why, even if a prosecutor sought to introduce Plaintiff's allegations and the court allowed such evidence—neither of which will happen—he would be compelled to assert his Fifth Amendment rights in this case. Weinstein and his lawyers have stated publicly many times that Weinstein denies all allegations of non-consensual sexual conduct that have been made against him. Weinstein Mem. 5 n.2. If Weinstein were to testify in this matter, he would likely continue to deny sexually assaulting Croft or engaging in any non-consensual sexual contact with her. Such a denial would not prejudice his defense in the criminal action. *See Hymes*, 2018 WL 3240991, at *4. ("Defendants do not explain why they would plead the Fifth in response to questions about [an] incident . . . for which they are not facing criminal charges").

Contrary to Weinstein's suggestion that courts hearing civil claims against him have uniformly agreed to stay those cases while his criminal charges are pending,

---

[2]     The possibility that prosecutors in New York could seek to introduce evidence of uncharged sexual assaults by Weinstein was a significant reason why the court granted a stay in *Judd v. Weinstein*, No. 18 Civ. 5724, 2019 WL 2879875, at *3 (C.D. Cal. Apr. 2, 2019), cited by Weinstein. That rationale is no longer applicable in light of the decision of the New York Court of Appeals. Croft's allegations were also not raised in Weinstein's California criminal case. And, contrary to Weinstein's implication, were an appellate court to vacate Weinstein's California conviction (a completely speculatively possibility), there is no reason to believe that Croft would be a witness in that case. Croft has had no communication with prosecutors in Los Angeles. Firetog Aff. ¶ 9.

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

9

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

multiple courts have ***rejected*** his stay requests.[3] *See Geiss v. Weinstein Co. Holdings LLC*, No. 17 Civ. 9554 (AKH) 2021 WL 165109, at *2-3 (S.D.N.Y. Jan. 19, 2021) (declining to stay Weinstein's deposition because of the pending criminal proceedings); *Canosa v. Weinstein*, No. 18 Civ. 4115 (PAE) 2020 WL 7249451, at *1 (S.D.N.Y. Dec. 9, 2020) (recounting that court had denied Weinstein's motion to stay proceedings until the conclusion of his criminal cases); *David v. Weinstein Co.,* No. 18 Civ. 5414 (RA), 2020 WL 4042773, at *1 (S.D.N.Y. July 17, 2020) (discussing that court had denied "several stays" that Weinstein had sought because of his pending criminal trial). Weinstein does not even attempt to show that these denials required him to invoke his Fifth Amendment privilege or that he was in any way prejudiced because these cases proceeded to discovery.

*Green v. Cosby*, 177 F. Supp. 3d 673, 680 (D. Mass. 2016), cited by Weinstein, is distinguishable. In that case, the Court was persuaded that "the unique factual similarities" between the allegations in the civil case before the court and a separate criminal complaint created a "substantial risk" that civil discovery provided by defendant could be used against him in a criminal trial. *Id.* But in *Green*, the similarities between the civil case before the court and the criminal allegations elsewhere were clear: in both matters, the victims alleged that defendant Bill Cosby "plied them with drugs in order to facilitate sexual misconduct without their consent." *Green v. Cosby*, 177 F. Supp. 3d 673, 680 (D. Mass. 2016). Here, Weinstein has failed to show that there is any such commonality between this case and any criminal proceeding. On the contrary, the criminal charges that Weinstein faced in

---

[3]  Weinstein points to several cases that apparently been stayed based on agreement of the parties. See Declaration of Phyllis Kupferstein ("Kupferstein Dec.") ¶ 8 Exs. B-D. The voluntary decision of other Plaintiffs not to pursue their cases should not have any bearing on whether Croft's claims are stayed.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

10

WIGDOR LLP
85 FIiFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

New York arose from allegations from women with whom Weinstein maintained long-term professional and personal relationships. *See Weinstein*, 2024 NY Slip Op 02222, 2024 WL 1773181, at *4-5 (describing facts underlying charges by three complaining witnesses). That is quite different from this case, in which Weinstein is alleged to have sexually assaulted Croft during their first (and only) meeting.[4]

Accordingly, because Weinstein has failed to demonstrate that there is a substantial overlap between this case and the criminal cases brought against him, he fails to show that his Fifth Amendment rights would be compromised by proceeding with this case. This factor weighs against granting Weinstein's request for a stay.

## B. Plaintiff's Interest Supports Denying a Stay

Croft, like all plaintiffs, has a strong interest in proceeding with her case expeditiously. *A.H. v. Cnty. of San Bernardino*, No. 23 Civ. 1028 (JGB), 2023 WL 9646224, at *4-5 (C.D. Cal. Dec. 28, 2023). This is not a case in which plaintiff's allegations are decades old. *Cf. Judd*, 2019 WL 2879875, at *1 (plaintiff's claims were based on events in 1997). The more time that passes from Weinstein's sexual assault of her in January 2014, the less likely she will be able to identify witnesses and records that could help her.

Beyond those considerations, Plaintiff would be especially prejudiced were the Court to grant Weinstein's requested relief because he seeks an ***indefinite*** stay

---

[4]    *Huth v. Cosby*, Case No. BC565560 (Cal. Superior Ct. Mar. 30, 2016), Kupferstein Dec. Ex. E, also cited by Weinstein, is an unreported state court decision that does not apply the standard for a stay this Court must apply under *Keating*, 45 F.3d at 324. *Huth* also should not be followed because it wrongly suggests, contrary to the federal authorities cited above, that a stay of a civil case may be justified merely because a defendant is charged with a similar offense in a criminal case, even if there is no factual overlap between the two cases.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

11

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

until the conclusion of the criminal proceeding against him. *See id.* at *13 (recognizing that "[i]ndefinite stays are disfavored") (*citing Dependable Highway Exp., Inc. v. Navigators Ins.,* 498 F.3d 1059, 1066 (9th Cir. 2007)). Given that a re-trial was recently ordered in New York and that no trial date has been set, it is possible, if not likely, that criminal charges against Weinstein will still be pending for years in the future. Plaintiff should not be forced to wait that long to hold Weinstein accountable for his sexual misconduct. *See Hymes*, 2018 WL 3240991, at *4 (noting that a request for an indefinite stay of proceedings that could last for years weighed in against granting the request).

### C.   Weinstein Has Not Shown a Need for a Stay

Weinstein does not claim to have any other need for stay other purported Fifth Amendment concerns. As discussed above, because of the lack of overlap between Croft's claims and the criminal charges, Weinstein has also not shown that the Fifth Amendment justifies the relief he seeks. Further undermining Weinstein's need for a stay is that he has not consistently sought to stay civil cases against him involving sexual assault allegations. On the contrary, when Weinstein believes that it is to his benefit, he has aggressively litigated such cases. *See Ormond v. Weinstein*, Index. No. 952107/2023 (N.Y. Sup. Ct. N.Y. County) (ECF. 7) (sexual assault claim against Weinstein in which he has answered the complaint without seeking a stay in discovery); *Ziff v. Lombardo*, Index. No. 952010/2023 (N.Y. Sup. Ct. N.Y. County) (Weinstein filed a motion to dismiss and sought no stay in negligent supervision claim against him arising out of sexual assault committed by a subordinate who had helped Weinstein to sexually assault other women); *Sokola v. Weinstein*, Index. No. 9520250/2019 (N.Y. Sup. Ct. N.Y. County) (sexual assault claim against Weinstein in which he filed an answer and did not move to stay proceeding). Weinstein does

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

1  not explain why his Fifth Amendment rights were not implicated by those matters,

2  but they are purportedly at stake in Croft's case. Nor has Weinstein explained why it

3  took him six months from when this case was first filed to seek a stay, even while

4  Plaintiff reminded him that he was in default. Firetog Aff. ¶¶ 6, 8.

5         Even if Weinstein were required to make a limited invocation of his Fifth

6  Amendment right in this case, that would not warrant the indefinite stay that he

7  seeks. "Not only is it permissible to conduct a civil proceeding at the same time as a

8  related criminal proceeding, even if that necessitates invocation of the Fifth

9  Amendment privilege, but it is even permissible for the trier of fact to draw adverse

10  inferences from the invocation of the Fifth Amendment in a civil proceeding."

11  *Keating*, 45 F.3d at 326; *GE v. Liang*, No. 13 Civ. 08670, 2014 WL 1089264, at *5

12  (C.D. Cal. Mar. 19, 2014).

13         Any legitimate interest that Weinstein has in obtaining a stay can be

14  adequately addressed through a protective order. *See Louis Vuitton Malletier S.A.*,

15  676 F.3d at 102 (noting "alternative forms of relief" to a stay of entire action, include

16  "tailored stays, protective orders, quashing or modifying subpoenas, sealing

17  confidential material, or even a renewed motion for a stay if specific impositions

18  presented themselves."); *In re Bolin & Co.*, No. 08 Civ. 1793, 2012 WL 3730410, at

19  *4 (D. Conn. June 27, 2012) (denying a stay where the "burden can be alleviated

20  through alternative prophylactic measures short of a stay, such as a protective

21  order"). For example, a protective order in this Court could prohibit the use or

22  disclosure of evidence of sexual misconduct obtained directly from Weinstein in any

23  other proceeding pending the resolution of the criminal action. *See Republic Credit*

24  *Corp. I v Autorino*, No. 399 Civ. 286, 2001 WL 789310, at *3 (D. Conn. June 1,

25  2001) (granting, instead of a stay, a protective order barring the use of defendant's

26

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT

28  HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

deposition responses from the civil action in any criminal proceeding). The availability of an enforceable protective order issued from a federal court further distinguishes *Huth*, Kupferstein Dec. Ex. E, because the state court in *Huth* believed that a protective order would not necessarily "protect Mr. Crosby from the subpoena power of other courts." *Id.* at 3.

### D. The Interests of the Court, Non-Parties, and the Public Support Denying a Stay

Finally, neither the interest of the Court nor the public or other non-parties would be served by granting Weinstein an indefinite stay. "Courts have recognized that the fourth *Keating* factor normally does not favor granting a stay, because the court has an interest in clearing its docket." *A.H.*, 2023 WL 9646224, at *6 (cleaned up); *ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014) ("Staying a civil case until the resolution of a criminal case is inconvenient for the court, especially where—like in [defendant's] situation—there is no date set for the criminal trial. This factor consequently weighs against [defendant].”). As discussed above, Weinstein is not under criminal prosecution for the conduct at issue. As a result, the resolution of the pending criminal cases against Weinstein will have no bearing on his liability in this action. *Cf. In re Computer Assoc. 2002 Class Action Sec. Litig.*, No. 02 Civ. 1266 (TCP), 2005 WL 8157511, at *5 (E.D.N.Y. Nov. 30, 2005) (stay appropriate where the disposition of the criminal trial "will serve to resolve common issues of law and fact and consequently narrow the scope of civil discovery."); *Estes-El v. Long Is. Jewish Med. Ctr.*, 916 F. Supp. 268, 270 (S.D.N.Y. 1995) (staying case where "[d]isposition of the criminal charges may well be determinative of plaintiff Estes-El's § 1983 claims."). Thus, this Court's interest in efficiently disposing of cases on its docket weighs against the granting of a stay.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

"The public has an interest in the prompt disposition of civil litigation, and a stay impairs that interest." *CMB Export, LLC v Atteberry*, No. 4:13 Civ. 04051, 2014 WL 4099721, at *4 (C.D. Ill. Aug. 20, 2014); *Apothio, LLC v. Kern Cnty.*, No. 1:20 Civ. 00522, 2021 WL 75243, at *6 (E.D. Cal. Jan. 8, 2021) ("The public has an interest in relatively speedy resolution of civil matters."). In moving to stay, Weinstein only claims that granting the stay "will not harm any public interest." Weinstein Mem. 12. But the lack of harm to the public does not mean a stay is warranted. As discussed above, the indefinite delay sought by Weinstein is not "minimal." *Id.* Weinstein notably provides no details on how long it will take the pending criminal action, including potential retrials and appeals, to conclude.

Weinstein's argument related to the public's interest in the integrity of the criminal prosecution is misleading and relies on distinguishable case law. In *Maloney v. Gordon*, 328 F. Supp. 2d 508 (D. Del. 2004), it was ***plaintiffs*** that sought a stay of discovery, not the individual defendants subject to the criminal prosecution. *Id.* at 512. In granting a stay, the court found that there was "a risk that the [individual defendants] may use these civil proceedings 'to gain premature access to evidence and information pertinent to the criminal case.'" *Id.* (internal quotation omitted). Similarly, *In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 48 (S.D.N.Y. 1989), it was the government that resisted certain civil discovery because defendant sought information that would otherwise not be obtainable by him in a parallel criminal prosecution. In that context, which is dissimilar to Weinstein's motion here, the court acknowledged that "the public interest in the criminal case is entitled to precedence over the civil litigant." *Id.* at 49.

Here, Weinstein is not seeking a stay to prevent himself from gaining an unfair advantage in the pending criminal cases. Instead, he is seeking delay for its

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

15

own sake or to prevent the use of information obtained in discovery at his pending criminal retrial. Because there is no reason to believe that any discovery in this case would be used in his criminal case, Weinstein's argument is unpersuasive. Based on the public's interest in the prompt disposition of civil litigation, this factor weighs against the granting of a stay.

**CONCLUSION**

Each of the *Keating* factors weigh against a stay of this action. Weinstein's motion should thus be denied.

Dated: July 1, 2024

Respectfully submitted,

By: _Meredith Firetog_

**WIGDOR LLP**
Douglas H. Wigdor (Admitted *pro hac vice*)
Meredith A. Firetog (Admitted *pro hac vice*)
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
dwigdor@wigdorlaw.com
mfiretog@wigdorlaw.com

**LAW OFFICE OF KEVIN MINTZER, P.C.**
Kevin Mintzer (Admitted *pro hac vice*)
Laura L. Koistinen (Admitted *pro hac vice*)
1350 Broadway, Suite 1410
New York, New York 10018
km@mintzerfirm.com
llk@mintzerfirm.com

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

16

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GIRARD BENGALI, APC**

Omar H. Bengali
355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
obengali@girardbengali.com

*Attorneys for Plaintiff Kellye Croft*

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

17

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Kellye Croft, certifies that this brief contains 4816 words, in compliance with Local Rule 11-6.1

Dated: July 1, 2024

Respectfully submitted,

By: _Meredith Firetog_

MEMORANDUM OF POINTS AND AUTHORITIES IN OPP. TO DEFENDANT
HARVEY WEINSTEIN'S MOTION TO STAY THIS CASE AS TO HIM

18