Phyllis Kupferstein, Esq. [SBN 105898]
Kupferstein Manuel LLP
835 Wilshire Boulevard, 5th Floor
Los Angeles, CA  90017
Telephone:  (213) 988-7531
pk@kupfersteinmanuel.com

Attorneys for Defendant Harvey Weinstein

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLYE CROFT,<br><br>             Plaintiff,<br><br>   vs.<br><br>JAMES DOLAN; HARVEY WEINSTEIN; JD & THE STRAIGHT SHOT, LLC; THE AZOFF COMPANY HOLDINGS LLC f/k/a AZOFF MUSIC MANAGEMENT, LLC; THE AZOFF COMPANY LLC f/k/a AZOFF MSG ENTERTAINMENT, LLC; DOE CORPORATION 1-10,<br><br>             Defendants. | Case No. 2:24-cv-00371-PA (AGR)<br><br>**DEFENDANT HARVEY WEINSTEIN'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STAY THIS CASE AS TO HIM;**<br><br>Date:   July 22, 2024<br>Time:   1:30 p.m.<br>Location: Courtroom 9A<br>Judge: Hon. Percy Anderson |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Preliminary Statement**

Plaintiff's Opposition to Defendant Harvey Weinstein's motion to stay ("Opp.) (Dkt. 64) rests on three unavailing arguments. First, she argues that Defendant's Fifth Amendment rights are not implicated because there is no overlap between her allegations and the criminal charges in New York. She ignores the statement of prosecutors in the Manhattan District Attorney's Office that additional charges may be brought on retrial. She also ignores the California conviction appeal which, if successful, would lead to a retrial and possible new charges against Defendant for alleged criminal acts in California. Indeed, Plaintiff alleges that Defendant's conduct towards her was criminal, thus directly implicating his Fifth Amendment rights. Without a doubt, Defendant will be severely prejudiced if he is to invoke the Fifth Amendment privilege against self-incrimination in this case.

Second, Plaintiff also mischaracterizes the civil and criminal cases in both California and New York. She claims that Defendant was denied stays in three civil cases in SDNY, but Defendant's deposition was stayed in at least two of the matters. Plaintiff also implies that all of the allegations against Defendant in New York, civil and criminal, involved long personal and professional relationships between the accusers and Defendant. To the contrary, many of the claims asserted involved a single alleged encounter with Defendant, as do Plaintiff's allegations here.

Third, Plaintiff argues that she will be prejudiced because, unlike in *Judd*, her allegations are not "decades old" and, as time passes, she will be less able to identify witnesses and documents. However, her allegations are *a* decade old, and she does not explain why she would not be able to obtain such evidence from the other defendants or third parties. Defendant has never testified at a deposition during the pendency of his criminal actions, despite the multitude of civil actions

REPLY MEMORANDUM IN SUPPORT OF HARVEY WEINSTEIN'S MOTION TO STAY

filed against him, due to those matters resolving, or his deposition being stayed by a Judge.

Consequently, there is no urgency to resolve Plaintiff's suit based on 10-year-old allegations, given that the retrial of the New York criminal case will likely be scheduled for trial in just a few months, the California appeal and possible retrial could be resolved within a year or so, and the risk that the availability of witnesses, documents, or other evidence would be affected by a stay solely as to Defendant Weinstein is remote. Accordingly, the undue prejudice to Defendant if he is to invoke his Fifth Amendment privilege against self-incrimination in this case far outweighs any perceived prejudice to Plaintiff.  Thus, this Court should exercise its discretion and grant Defendant's motion to stay.

## Argument

## I.   THE CRIMINAL CONDUCT PLAINTIFF ALLEGES DEFENDANT COMMITTED IMPLICATES HIS FIFTH AMENDMENT RIGHTS

In her Opposition, Plaintiff does not dispute that a district court has discretion to grant a stay pending the outcome of a related criminal case.  *See, e.g., Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C. Cir.), *cert. denied*, 449 U.S. 993 (1980); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995).  Instead, Plaintiff contends that Defendant will not incriminate himself because there is no factual overlap between his criminal cases in California and New York, and this action.  *See, e.g., United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970).  *See also Keating,* 45 F.3d at 324 (in response to a motion to stay, courts should consider "the extent to which the defendant's fifth amendment rights are implicated"); *Continental Ins. Co. v. Cota,* 2008 WL 4298372, *2 (N.D. Cal. Sept. 19, 2008) (the extent to which fifth amendment rights are implicated by a civil proceeding is the *first* consideration when evaluating a stay request) (emphasis added).

However, it is Plaintiff herself who alleges that Defendant's conduct towards her was criminal: "Defendant Harvey Weinstein committed an assault and battery against Plaintiff … as defined in Cal. Penal Code §§ 243.4 and 261." Second Amended Complaint, ¶ 134. Moreover, Plaintiff wrongly argues that there is no overlap in allegations between her case and the criminal and other civil cases against Defendant. For example, as in *Judd*, this action is based on Defendant's alleged sexual misconduct over a decade ago when he purportedly met with Plaintiff while wearing a bathrobe in his Beverly Hills hotel room. The *Geiss* case, a class action against Defendant and others, alleged that Defendant assaulted class members under very similar circumstances, in hotel rooms and with the prospect of job opportunities. Indeed, Plaintiff's claims against other defendants here are predicated on purported knowledge of "Weinstein's history of assaulting and sexually abusing women." SAC, ¶ 8.

Based on her allegations, Plaintiff cannot plausibly argue that this case stands apart from Defendant's criminal proceedings in New York and California because there is no factual overlap. Defendant's alleged sexual misconduct is the subject matter of all the cases; thus, the Court should determine that Defendant's Fifth Amendment rights are unequivocally implicated should a stay not issue in this case. *See Keating,* 45 F.3d at 324.

## II.   PLAINTIFF IGNORES THAT RETRIALS AND ADDITIONAL CRIMINAL CHARGES ARE PENDING

Plaintiff's opposition fails to address the fact that Defendant will not only be retried in New York, but the Manhattan District Attorney's Office has threatened additional indictments, and that Defendant's appeal of his criminal conviction in California may result in retrial. Cases in this Circuit have held that the "strongest case for deferring civil proceedings until after completion of criminal proceedings" is when the defendant is under indictment. *Jones v. Conte,*

REPLY MEMORANDUM IN SUPPORT OF HARVEY WEINSTEIN'S MOTION TO STAY

2005 WL 1287017, *1 (N.D. Cal. Apr. 19, 2015) (internal quotation omitted); *see also Continental Ins. Co. v. Cota,* 2008 WL 4298372, *2 (N.D. Cal. Sept. 19, 2008) (stating that the extent to which fifth amendment rights are implicated by a criminal proceeding is the *first* consideration when evaluating a stay request).  In *Genentech, Inc. v. JHL Biotech, Inc*., 2019 U.S. Dist. LEXIS 36140 (N.D. Cal. March 5, 2019), the Court granted the individual indicted defendants' motion to stay because the Fifth Amendment privilege warrants a stay.  The Court rejected the plaintiff's argument that, even if a stay should issue, those defendants should be ordered to answer the complaint and respond to discovery, ruling that the defendants' risk of an adverse inference if they invoke the Fifth Amendment outweighs the plaintiff's requests.  *Id.*, * 70-71.

Federal courts in other jurisdictions have similarly held that a stay is most justified when the defendant is "under indictment for a serious criminal offense" and, as in this case, "is required at the same time to defend a civil action involving the same subject matter." *Louis Vuitton*, *Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 101 (2d Cir. 2012).  Thus, Defendant's appeals and retrials are the "most important factor" this Court should consider when ruling on this motion. *Maldonado v. City of New York*, 2018 U.S. Dist. LEXIS 93417, at *4 (S.D.N.Y. June 1, 2018) (internal citations omitted). *See also Hicks v. City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) ("A court will generally stay a civil proceeding when a criminal investigation has ripened into an indictment against the proponent of a stay").

Plaintiff mischaracterizes the federal cases in New York where Defendant was not granted a general stay. In both *Geiss* and *Canosa* the general motions to stay were denied, but the Court in each case stayed Defendant's deposition.   In the New York state cases, Defendant in good faith did not move for a general stay given the adverse rulings in the federal cases. However, in those cases Defendant

REPLY MEMORANDUM IN SUPPORT OF HARVEY WEINSTEIN'S MOTION TO STAY

either moved to dismiss or answered, but was permitted to move to stay Defendant's deposition. Defendant was never deposed in any of the state or federal cases in New York. Ansari Reply Dec., ¶ 3. Furthermore, procedurally in New York, and in contrast to the Federal Rules, a defendant may simply state "Denied" in answer to each paragraph of the complaint if he or she so chooses. As such, answering a complaint is not tantamount to any waiver, or degradation, of one's constitutional rights. Ansari Reply Dec., ¶ 4.

## III.   ALL OF THE REMAINING *KEATING* FACTORS WEIGH IN FAVOR OF ISSUING A STAY IN THIS CASE

As shown above and in the moving papers, Defendant's Fifth Amendment rights will clearly be implicated if he is to defend this case while under indictment or retrial for felonies arising from alleged sexual misconduct purportedly exhibiting the same *modus operandi*, intent, and common scheme as Plaintiff alleges he undertook with her in the hotel room.  Thus, because he will stand trial again, Defendant's invocation of his Fifth Amendment privilege against self-incrimination in this case will severely prejudice his defense.

Defendant has also demonstrated that the remaining *Keating* factors—*i.e.,* the potential prejudice to Plaintiff because of a delay; judicial efficiency and court management; interests of non-parties to this litigation; and the public interests in the pending actions--all weigh in his favor.

First, "[a]lthough Plaintiff has an interest in proceeding expeditiously," Judge Wilson in *Huett* did "not find that a stay would cause substantial prejudice. This is especially so given that the alleged conduct in this case took place in 2010. FAC ¶ 11." The Court there further found that "[t]here is also no reason to believe that the availability of witnesses, documents, or other evidence would be affected by a stay." *Dominique Huett v. The Weinstein Company LLC*, No. CV 18-6012 SVW (MRWx) (motion to stay granted, Dkt. 50, at 3). Indeed, given the passage

of more than 10 years since the alleged events, "there is little reason to believe that the evidence is likely to deteriorate any more than it already has in the many years since the events underlying this case took place." *Judd v. Weinstein*, 2:18-cv-05724 PSG (FFMx) (motion to stay granted, Dkt.62 at 5)

Second, even though the Court has an interest in clearing its docket and promoting judicial efficiency, the other judges of this Court still granted the stay orders.

Third, there is no harm to the interests of the public and non-parties if this litigation is stayed pending completion of the criminal proceedings. Plaintiff seeks a financial compensation from Defendant that is unique to her, not class relief.

## Conclusion

Accordingly, for the reasons stated above and in the moving papers, Defendant Harvey Weinstein respectfully requests the Court to grant his motion to stay.

Dated: July 8, 2024                          KUPFERSTEIN MANUEL LLP

                                             */s/ Phyllis Kupferstein*
                                             Phyllis Kupferstein
                                             pk@kupfersteinmanuel.com
                                             835 West Wilshire Blvd.
                                             5th Floor
                                             Los Angeles, California 90017
                                             (213) 988-7531 – Telephone
                                             (213) 988-7532 – Telefax

                                             Attorneys for Defendant
                                             Harvey Weinstein

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Harvey Weinstein, certifies that this brief contains 1,894 words, which complies with the word limit of Local Rule 11-6.1.

Dated:  July 8, 2024                             By:  <u>*/s/ Phyllis Kupferstein*</u>
                                                              Phyllis Kupferstein

REPLY MEMORANDUM IN SUPPORT OF HARVEY WEINSTEIN'S MOTION TO STAY