UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 24-371 PA (AGRx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

None                                                                  None

**Proceedings:**     IN CHAMBERS – COURT ORDER

Before the Court are a Motion to Dismiss the Second Amended Complaint ("SAC") filed by defendants James Dolan ("Dolan") and JD & The Straight Shot, LLC (collectively the "Dolan Defendants") (Docket No. 68), a Motion to Dismiss the Second Amended Complaint filed by defendants The Azoff Company Holdings LLC and The Azoff Company LLC (collectively the "Azoff Defendants") (Docket No. 69), and a Motion to Stay filed by defendant Harvey Weinstein ("Weinstein").  (Docket No. 62.)  The Motions have been fully briefed. (Docket Nos. 62, 64, 66, 68, 69, 74, 77-79.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found these matters appropriate for decision without oral argument and the hearing dates were vacated and the matters taken off calendar.

**I.     BACKGROUND**

The facts underlying this action are set forth in the Court's June 21, 2024 Minute Order granting Defendants' Motions to Dismiss the First Amended Complaint ("FAC").  (Docket No. 63.)  Because the parties are familiar with the facts, the Court does not recount them again in detail, except as necessary.

This action involves allegations of sexual misconduct and abuse asserted by Plaintiff, a masseuse residing in Tennessee, who claims that she was repeatedly subjected to unwelcome sexual contact and sexually assaulted by defendant Dolan while on tour with the Eagles and Dolan's rock band, JD & the Straight Shot, LLC ("JD and the Straight Shot") in 2013 and 2014.[1/]  The Azoff Defendants were primarily responsible for organizing and managing the Eagles and JD and the Straight Shot, and the bands' tour.  Plaintiff also alleges that while on tour in Los Angeles, Dolan orchestrated a meeting in a hotel lobby between Plaintiff and his good

---

[1/]    The Eagles are a one of the world's best-selling music artists, and are described in the SAC as "legendary."  (SAC ¶ 24.)  The Eagles are known for their blend of rock, country rock and folk rock, and have produced numerous hits over the decades.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

friend, defendant Harvey Weinstein ("Weinstein"), and that Weinstein sexually assaulted her in her hotel room.[2/]

Plaintiff's SAC asserts a claim under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591, 1595, alleging that the Dolan Defendants and the Azoff Defendants violated the TVPRA by bringing her to Los Angeles for the purpose of providing sexual favors to Dolan. The SAC also alleges several state law tort claims: (1) sexual battery against Dolan; (2) sexual assault/attempted rape against Harvey Weinstein; and (3) aiding and abetting Weinstein's assault of Plaintiff against Dolan. The Court previously dismissed the TVPRA claim asserted in Plaintiff's First Amended Complaint ("FAC") with leave to amend.[3/] The Court concluded that the FAC failed to plausibly allege a claim for direct perpetrator or beneficiary liability under §§ 159l(a)(l) and (a)(2). The Court deferred ruling on the Dolan Defendants' Motion to Dismiss Plaintiff's claims for sexual battery and aiding and abetting sexual assault until Plaintiff was able to state a viable federal claim. Plaintiff filed her SAC on July 8, 2024. Defendants now move to dismiss the SAC without leave to amend and with prejudice.

## II. LEGAL STANDARD

### A. Motion to Dismiss

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Rules allow a court to dismiss a cause of action for 'failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [ undisclosed] facts' to support

---

[2/] On June 21, 2024, Weinstein filed a Motion to Stay the claim asserted against him. (Docket No. 62.)

[3/] Plaintiff filed the FAC as a matter of right after the Dolan Defendants and Azoff Defendants filed Motions to Dismiss challenging the sufficiency of the original Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

recovery." Twombly, 550 U.S. at 561.  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 566.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [ of] a legally cognizable right of action ")); see also Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))).  "[A] plaintiffs obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

### III. ANALYSIS

#### A. TVPRA Claim

##### 1. TVPRA direct liability

Plaintiff alleges direct violator liability against the Dolan and Azoff Defendants under § 1591(a)(1).  To establish a direct liability claim, Plaintiff must allege that the Defendants knowingly and in interstate or foreign commerce:  (1) recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person; (2) "knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud . . . or any combination of such means will be used"; (3) "to cause the person to engage in a commercial sex act."  18 U.S.C. § 1591(a)(1); Acevedo v. eXp Realty, LLC, No. 2:23-CV-01304-AB-AGR, 2024 WL 650189, at *9 (C.D. Cal. Jan. 29, 2024).

Plaintiff's TVPRA claim alleges that Dolan – in a venture formed with the Azoff Defendants, and acting as their agent – transported Plaintiff to California based on fraud for purposes of providing forced sexual favors to Dolan.  Plaintiff alleges that the Azoff Defendants – at Dolan's request – represented that she was needed for massage services for the Eagles band

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

members at the Forum, but in reality, the Eagles did not need or use Plaintiff's services, and Plaintiff spent most of her time at the Forum with nothing to do. Dolan arranged for Plaintiff to be placed at his hotel – and not where the Eagles and the rest of the tour support staff were staying – so that he could summon her for unwanted sexual activity at any time.

In dismissing the FAC, the Court concluded that Plaintiff had failed to plausibly allege a commercial sex act – that anything of value was provided to Plaintiff in exchange for her engaging in the alleged sexual relationship with Dolan. The FAC had relied on allegations that Dolan paid for Plaintiff to join the tour using the "JD" credit card and that the Azoff Defendants gave her "venue pay" as the "things of value." The Court found those insufficient to allege a commercial sex act under the TVPRA because there was no alleged causal connection between the payment of Plaintiff's travel expenses and "venue pay" and the relationship. (Docket No. 63 at p. 8.)

Plaintiff argues that the SAC corrects this deficiency by alleging that Plaintiff received multiple things of value in exchange for having the "unwelcome sexual conduct with Dolan" – the venue pay, a separate payment of $8,400 from Dolan's tour manager, a round trip plane ticket, and a multi-night stay at a luxury hotel. (Docket No. 74 at p. 16.) To establish the causal connection, however Plaintiff continues to rely on the speculative conclusion that she was paid those amounts because of her sexual relationship with Dolan and not because she was hired for the tour as a masseuse. (Id.) The Court previously concluded that these allegations were insufficient to plausibly allege the requisite causal connection. (Docket No. 63 at p. 8). Thus, while the SAC identifies additional forms of compensation, it continues to fail to plausibly allege the connection between the compensation and Plaintiff's sexual relationship.

Likewise, the SAC fails to plausibly allege a causal connection between the alleged promises of career support and advancement and Plaintiff's sexual relationship with Dolan. Plaintiff argues that the SAC plausibly alleges that Plaintiff received promises from Dolan that she would be invited on the Eagles' European tour and could potentially receive work as a massage therapist for tours at Madison Square Garden, and that those promises of career support suffice to establish the requisite connection. (SAC ¶ 119; Docket No. 77 at p. 12.) Dolan contends that these allegations fail to link the alleged promises with Plaintiff's and Dolan's sexual relationship. The Court agrees. As explained in the Court's prior ruling, Plaintiff needs to allege well-pleaded facts sufficient to satisfy <u>Twombly</u>'s plausibility standard that she was lured or enticed by promises of career advancement to engage in the sexual relationship with Dolan. (Docket No. 63 at p. 8.) While the SAC alleges that Plaintiff may have hoped to obtain a future career benefit from her relationship, it fails to directly allege that she went to Dolan's room and continued to engage in a sexual relationship with him in order to receive the alleged promised benefits. To the contrary, the SAC alleges multiple reasons and theories as to why

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

Plaintiff continued her relationship with Dolan, including loneliness and possible romantic feelings, and fails to specifically link the timing of the alleged promises with the decision to engage in the alleged sexual conduct. (See SAC ¶ 119.) Indeed, the sole allegation relating to causation is the conclusion that Dolan made the promises "in exchange for these sex acts." (Id.). That is not enough to survive a motion to dismiss under Twombly.

The SAC also alleges that Dolan's sexual gratification as a result of his relationship with Plaintiff is a "thing of value" under the TVPRA. (SAC ¶ 119.) The Dolan Defendants and Azoff Defendants argue that Dolan's own sexual gratification cannot be the "thing of value" required to create a commercial sex act. (Docket Nos. 78 at pp. 4-5; 70 at pp. 6-7). The Court agrees. See Doe v. Fitzgerald, CV 20-10713-MWF (RAOx); 2022 WL 425016 at *6 (C.D. Cal. Jan. 6, 2022) (granting motion to dismiss based, in part, on finding that a perpetrator's "sexual gratification alone" is insufficient to allege a commercial sex act). Indeed, Plaintiff's interpretation would render the TVPRA's use of the word "commercial" meaningless. See Fitzgerald, 2022 WL 425016 at *6 (citing Ma v. Ashcroft, 361 F.3d 553, 558 (9th Cir. 2004) ("[S]tatutory interpretations which would produce absurd results are to be avoided.")).

Accordingly, the Court concludes that the SAC fails to plausibly allege a claim for direct perpetrator liability under § 159l(a)(l).

    2.    **TVPRA beneficiary liability**

The requirements for beneficiary liability under § 1591(a)(2) are: (1) the person or entity must "knowingly benefit[ ], financially or by receiving anything of value," (2) from participating in a venture, (3) that the "person knew or should have known has engaged in an act in violation of [the TVPRA]." 18 U.S.C. § 1595(a)(2); M.A. v. Wyndham Hotels & Resorts, Inc., 425 F. Supp. 3d 959, 964 (S.D. Ohio 2019). In its prior ruling, the Court found that Plaintiff also failed to state a TVPRA claim for beneficiary liability due to her failure to allege an underlying commercial sex act. As discussed above, Plaintiff's SAC continues to fail to allege the existence of a commercial sex act necessary to violate the TVPRA.

In addition, the Azoff Defendants argue that as was the case with Plaintiff's FAC, the SAC fails to plausibly allege that they knew or should have known that Dolan was engaged in any sex trafficking scheme in violation of the TVPRA. Plaintiff continues to maintain that the Azoff Defendants knew or should have known that she was transported to California to engage in a commercial sex act with Dolan because of the alleged fraud or ruse used to get Plaintiff to agree to come on the Los Angeles leg of the tour: (1) the Azoff Defendants were an integral part of the fraud to get Plaintiff to agree to come to California; (2) the Azoff Defendants arranged the details of her trip, and knew that Dolan paid for her travel and accommodations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

using the "JD" credit card; (3) they knew that her services as the Eagles' masseuse were unnecessary and not utilized; (4) they knew that she was placed at Dolan's hotel and not the hotel where the Eagles and other tour staff were staying; and (5) "everyone" knew that Plaintiff and Dolan had a sexual relationship. (SAC ¶¶ 47-51, 58, 60-61; Docket No. 74 at pp. 13-14.)

These allegations still fail to plausibly allege that the Azoff Defendants had the requisite knowledge that Dolan was using force or coercion, which is a necessary element of an act in violation of the TVPRA. Acevedo, 2024 WL 650189 at *20. In its prior ruling the Court noted that the absence of any allegation that Plaintiff had disclosed Dolan's previous sexual assaults to the Azoff Defendants, or to anyone for that matter. (Docket No. 63 at p. 9.) Instead of addressing the failure to allege facts sufficient to plausibly allege the Azoff Defendants' knowledge, Plaintiff argues that there is no requirement that a sex trafficking victim explicitly place a third-party defendant on notice of the alleged crime. (Docket No. 74 at p. 12.) Plaintiff misses the point. The issue is the absence of any facts – including a complaint or disclosure – that would have given the Azoff Defendants notice that Dolan was using coercion in his sexual relationship with Plaintiff.

Thus, assuming that Plaintiff plausibly alleges the Azoff Defendants' knowledge of her sexual relationship with Dolan, the allegation that they knew Dolan was forcing Plaintiff to engage in a commercial sex act is conclusory and unsupported by any well pleaded facts or from inferences from any of the facts alleged. As with the FAC, there are simply no allegations that the Azoff Defendants had any notice that Dolan was coercing Plaintiff into unwanted sexual activity. Plaintiff's speculation that it was "entirely possible" that Dolan shared information with the Azoff Defendants and that "there are any number of ways the information could have traveled" to them (Docket No. 74 at pp. 14-15), is simply not enough. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (in ruling on a motion to dismiss, a district court need not accept "unwarranted deductions of fact, or unreasonable inferences").

Moreover, because the SAC continues to fail to sufficiently allege an agency or vicarious liability theory, Plaintiff cannot rely on Dolan's own alleged knowledge to satisfy her burden of pleading the Azoff Defendants' knowledge. Any claim premised on an agency relationship must allege that (1) the agent holds power to alter legal relations between the principal and a third person and between the principal and himself; (2) the agent is a fiduciary with respect to matters within the scope of the agency; and (3) the principal has right to control the conduct of the agent with respect to matters entrusted to him. Lent v. JP Morgan Chase Bank, N.A., No. SACV 11-345 DOC RNBX, 2011 WL 5971190, at *3 (C.D. Cal. Nov. 29, 2011). Under California law, an agent "is one who represents another, called the principal, in dealings with third persons." Cal Civ. Code § 2295. An agent "may bind the principal to a contract." PMA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

Capital Insurance Co. v. Tile Trends, Inc., 08-CV-00509, 2008 WL 11337821, at *3 (C.D. Cal. Dec. 5, 2008).

"An agency is either actual or ostensible." Baxyer Baily & Associates v. Ready Pac Foods, Inc., 18-CV-08264, 2020 WL 1625257, at *4 (C.D. Cal. Feb. 26, 2020) (citing Cal. Civ. Code § 2298). Actual authority is conferred when a principal "intentionally or by want of ordinary care allows the agent to believe himself to possess [actual authority]." National Liability & Fire Ins. Co. v. Fiore, 187 Fed. Appx. 733, 736 (9th Cir. June 29, 2006) (citation omitted). "An agency is ostensible when the principal intentionally or by want of ordinary care, causes a third person to believe another to be his agent." Id. Under California law, "ostensible authority must be established through the acts or declarations of the principal and not the acts or declarations of the agent." PMA, 2008 WL 11337821, at *3. "The burden of proving the existence of the agency relationship and the scope of the agent's authority rests on the party that is asserting the existence of the agency relationship and seeking to charge the principal with the agent's acts." Id. at *4. Plaintiff must allege facts in support of that theory – legal conclusions are insufficient. Twombly, 550 U.S. at 555; Buchanan v. Neighbors Van Lines, No. CV 10–6206 PSG (RCx), 2010 WL 4916644, *3 (C.D. Cal. Nov.29, 2010) (dismissing claim where plaintiff failed to plead elements of agency relationship).

Plaintiff argues that Dolan acted as the Azoff Defendants' agent and was acting within the scope of that authority when engaging in the sexual relationship with Plaintiff. (Docket No. 74 at pp. 16-21.) The problem with this argument is that Plaintiff fails to allege a coherent or plausible agency theory. The SAC appears to allege both that Dolan had power over anyone related to the tour and also that Dolan operated as an agent of the Azoff Defendants. (SAC ¶¶ 32, 39, 54-57, 117, 121.) Moreover, the SAC fails to plausibly allege a key element of the agency relationship – that the Azoff Defendants had any right to control Dolan's work on their behalf. Indeed, Plaintiff's agency theory requires a speculative assumption – that because Dolan and the Azoff Defendants were involved in a joint venture relating to the renovation of the Forum and Dolan and his band were on tour with the Eagles (who were managed by the Azoff Defendants) – Dolan must be an agent of the Azoff Defendants. (SAC ¶¶ 19, 32, 35, 50, 55-57.) Nor does Plaintiff's argument that Dolan had "apparent authority" to act on behalf of the Azoff Defendants establish Dolan's agency. To the contrary, the SAC's allegations are far more consistent with the theory that the Azoff Defendants acted on behalf of Dolan, and not the other way around. (Id. at ¶¶ 32, 35, 39, 48, 54-57.)[4]

---

[4] Moreover, even if there were sufficient allegations of agency here, Dolan's allegedly illegal conduct cannot be attributable to the Azoff Defendants under the "adverse interest

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

      Accordingly, the Court grants Defendants' Motions to Dismiss Plaintiff's TVPRA claim. Defendants request that the Court dismiss this claim with prejudice and without leave to amend. Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). However, "[a] district court acts within its discretion to deny leave to amend when amendment would be futile." Doe v. Garland, 17 F.4th 941, 950 (9th Cir. 2021) (quoting Chappel v. Lab. Corp. of Am., 232 F.3d 719, 725-26 (9th Cir. 2000)). Here, Defendants argue that amendment is futile because Plaintiff has had multiple opportunities to allege her TVPRA claim. They also note that Plaintiff does not request leave to amend in her Oppositions to the Motions to Dismiss.

      In ruling on the Defendants' Motions to Dismiss the FAC, the Court granted leave to amend to afford Plaintiff a final opportunity to allege a viable TVPRA claim. (Docket No. 63 at p. 10.) Plaintiff has now had three attempts to state a viable TVPRA claim. Plaintiff's failure to do so, along with her failure to request leave to amend or offer any additional facts that might help her to plausibly allege a viable sex trafficking claim, leads to the Court's conclusion that any further amendment in this case would be futile. Accordingly, Plaintiff's sole federal claim under the TVPRA is dismissed with prejudice and without leave to amend.

      **B.**    **Claims for Sexual Battery and Aiding and Abetting Sexual Assault**

      Dolan also moves to dismiss the sexual battery and aiding and abetting claims asserted against him. The Court's subject matter jurisdiction in this case is premised on federal question jurisdiction over the TVPRA claim, and supplemental jurisdiction over Plaintiff's state law claims. (SAC ¶ 21 (citing 28 U.S.C. §§ 1331, 1343 and 1367(a)).) Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994). Under § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." Here, the Court has dismissed the sole federal claim over which it had original

---

[4]/(...continued)
exception." (See Docket No. 78 at pp. 9-10.). Under this exception, an agent's actions or knowledge are not imputed to the principal when the agent acts solely for his own purposes. See In re ChinaCast Educ. Corp. Sec. Litig., 809 F.3d 471, 476 (9th Cir. 2015). Here there is no allegation that Dolan engaged in the sexual relationship with Plaintiff for the benefit of the Azoff Defendants or for any reason other than his own gratification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-371 PA (AGRx) | Date | September 17, 2024 |
|---|---|---|---|
| Title | Kellye Croft v. James Dolan, et al. | | |

jurisdiction. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses them without prejudice. See 28 U.S.C. § 1367(c)(3). Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll the statute of limitations on the state law claims for a period of thirty (30) days, unless state law provides for a longer tolling period.

### Conclusion

For all the foregoing reasons, the Court grants the Dolan Defendants' Motion to Dismiss Plaintiff's TVPRA claim with prejudice and without leave to amend. The Court declines to exercise supplemental jurisdiction over Plaintiff's claims for sexual battery and aiding and abetting sexual assault against Dolan, and for sexual assault/attempted rape against Weinstein, and dismisses those claims without prejudice. Weinstein's Motion to Stay is thus denied as moot. The Azoff Defendants' Motion to Dismiss Plaintiff's TVPRA claim is also granted with prejudice and without leave to amend. The Court will issue a Judgment of Dismissal consistent with this order.

IT IS SO ORDERED.